UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21698-DPG

ATHOS OVERSEAS, LTD.

        Plaintiff,

vs.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

        Defendants.
_____/

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants YouTube, Inc., YouTube, LLC, and Google LLC respectfully submit as supplemental authority to their pending Motion to Dismiss (Dkt. No. 14) the recent decision from Judge Edward Davila in *Harrington v. Pinterest, Inc.*, No. 5:20-cv-05290-EJD, 2021 U.S. Dist. LEXIS 167983 (N.D. Cal. Sep. 3, 2021) (Exhibit 1). Like this case, *Harrington* involves a plaintiff whose copyrighted works were allegedly uploaded by third parties to an online service (there, Pinterest). *Id.* at *3. As here, Plaintiff asserted a claim under Section 1202 of the DMCA, 17 U.S.C. § 1202, for alleged removal of copyright management information ("CMI"). *Id.* Plaintiff alleged that Pinterest "strip[ped] the images of visible identifying source and/or copyright management information as well as metadata." *Id.* In the attached ruling, Judge Davila dismissed that claim because the plaintiff failed to offer any plausible allegations that Pinterest acted with the two-tiered scienter required by the DMCA:

> [Plaintiff] does not allege any facts to show that Pinterest's alleged distribution of photographs induced, enabled, facilitated or concealed any particular act of infringement by anyone, let alone a pattern of such infringement likely to recur in the future. Instead, [the complaint] contains vague and conclusory allegations that Pinterest is the source of "rampant" copyright infringement by third parties.

*Id.* at *18-19. Notably, the Court relied upon *Stevens v. CoreLogic, Inc.*, 899 F.3d 666 (9th Cir. 2018), for its dismissal. This ruling bears directly on the arguments made at pp. 15-18 of Defendants' Motion to Dismiss and pp. 9-10 of Defendants' reply brief in support of that motion.

Dated:  September 8, 2021

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:  (305) 789-3229
Facsimile:   (305) 789-2664

By:    */s/ Jay B. Shapiro*
      Jay B. Shapiro, Esq.
      Florida Bar No. 776361
      jshapiro@stearnsweaver.com
      David T. Coulter, Esq.
      Florida Bar No. 119874
      dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801

      Brian M. Willen, Esq.
      (*Pro Hac Vice*)
      bwillen@wsgr.com
      Lucy Yen, Esq.
      (*Pro Hac Vice*)
      lyen@wsgr.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Jay B. Shapiro*
JAY B. SHAPIRO, ESQ.

## SERVICE LIST

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Natalie A. Ferral, Esq.
Florida Bar No. 1012314
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
nferral@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*