# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLAINE HARRINGTON III,<br>　　　　Plaintiff,<br>　　v.<br>PINTEREST, INC.,<br>　　　　Defendant. | Case No. 5:20-cv-05290-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 24 |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Pinterest, Inc. ("Pinterest") moves to dismiss with prejudice Counts II and III of the First Amended Complaint ("FAC"), for contributory copyright infringement and violation of the Digital Millennial Copyright Act ("DMCA"), 17 U.S.C. § 1202(b)). Def. Pinterest, Inc.'s Mot. to Dismiss Counts II and III of Pl.'s First Amend. Class Action Compl. ("Mot."), Dkt. No. 24. Harrington filed an Opposition ("Opp'n"), Dkt. No. 25. Pinterest filed a Reply. Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court grants the motion to dismiss with leave to amend.

**I.　BACKGROUND[1]**

Plaintiff Blaine Harrington III ("Harrington") is a professional travel photographer and is the sole copyright owner of his photographic works ("Works"). FAC, Dkt. No. 21, ¶¶ 13, 15. Harrington gives the JPEG file of his Works an identifying name and adds metadata to his images. *Id*. ¶ 52. The metadata is known as EXIF and/or IPTC. *Id*. "The EXIF/IPTC is wrapped up and

---

[1] The Background is a brief summary of the allegations in the FAC.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

1

encoded into the image file, using an encoding format known as Adobe XMP." *Id*. ¶ 53. Specifically, Harrington's digital works are embedded with a description; the creator; a copyright notice; and a credit line source. *Id*. ¶ 54. Harrington also embeds his address, phone, email, website, instructions, and "rights/use terms." *Id*. ¶ 55.

Pinterest is a social media platform that allows its users to create and share virtual bulletin boards ("boards") to which they have posted, or "pinned," digital images that have been uploaded. *Id*. ¶¶ 2, 23. A user's main Pinterest page is called a "home feed." *Id*. ¶ 24. The Pins in a user's "home feed" consist of not only Pins the user has selected, but also Pins displayed by Pinterest. *Id*. The Pins displayed by Pinterest are Pins from Pinterest's library of hundreds of billions of images consisting of Pins by users. *Id*. The images Pinterest displays to the user are personalized based on the user's boards, recent activity on Pinterest, and favorite topics. *Id*. The images users see on their home feed are integrated with advertisements designed to appear similar to or within the same theme as the user's Pins. *Id*. ¶¶ 24-25. Pinterest also distributes images directly to the user by email and/or through the Pinterest app. *Id*. ¶ 26. Pinterest generates its revenues through advertisements. *Id*. ¶¶ 25-26.

Harrington alleges that Pinterest does not have in place a system for screening Pins for copyright notices or other indicia of copyright ownership associated with the "pinned" images. *Id*. ¶ 27. Rather, Pinterest deliberately removes indicia of copyright ownership from pinned images "to render its paid advertisement more effective and to actively thwart the efforts of copyright owners, like [Harrington], to police the misuse of their works on and through Pinterest's website and app." *Id*. Pinterest allegedly strips the images of visible identifying source and/or copyright management information ("CMI"), as well as metadata. *Id*. ¶¶ 51-55, 60-64. When a user "pins" or uploads an image, Pinterest renames the image with a new JPEG name and strips the EXIF/IPTC from the image before storing and displaying that image. *Id*. ¶ 60. As a result, Pinterest is the source of "rampant infringement by third parties . . . ." *Id*. ¶ 73. Harrington has tens of thousands if not hundreds of thousands of images on Pinterest. *Id*. ¶¶ 75, 86. His Works

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

2

1  have been displayed without his consent by Pinterest to advertise a wide range of goods and
2  services. *Id.* ¶¶ 29-34, 45-46. Based on these allegations, Harrington filed this putative class
3  action suit, asserting claims for (1) direct copyright infringement; (2) contributory infringement;
4  and (3) violation of the DMCA.[2]

## II. STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Id.* at 664. The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

---

[2] This case is an offshoot of a parallel action that Harrington's counsel has been litigating in the Northern District of California, *Davis v. Pinterest, Inc.*, No. 19-cv-7650-HSG. Judge Gilliam declined to relate the two cases because Harrington is pursuing a putative class action suit and Davis is not.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

3

### III. DISCUSSION

Pinterest seeks dismissal of Count II for contributory infringement and Count III for violation of the DMCA. As to Count II, Pinterest contends that Harrington fails to plead facts demonstrating that Pinterest: (1) (a) had actual knowledge of any specific instance of third-party direct infringement; and (b) materially contributed to that infringement by failing to employ simple measures for removing or halting it; or (2) induced users to use its service for the express purpose of promoting copyright infringement. As to Count III, Pinterest argues that Harrington fails to plead facts plausibly showing the requisite mens rea.

#### A. Count II: Contributory Copyright Infringement

Harrington's contributory infringement claim is premised on allegations that Pinterest materially contributed to the alleged infringement of his works by users who either (1) uploaded those images to Pinterest without authorization; or (2) downloaded them after they were uploaded by others. FAC ¶¶ 65-90.

To establish a claim for contributory copyright infringement, a plaintiff "must establish that there has been direct infringement by third parties." *See Perfect 10, Inc. v. Amazon.com, Inc.* ("*Amazon*"), 508 F.3d 1146, 1169 (9th Cir. 2007). Once this threshold issue has been established, a plaintiff must also allege that the defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Giganews, Inc.* ("*Giganews*"), 847 F.3d 657, 670 (9th Cir. 2017) (quotation omitted). In the online context, a computer system operator can be held liable for contributory copyright infringement if it has "actual knowledge that specific infringing material is available using its system, and . . . simple measures [would] prevent further damage to copyrighted works, yet [the defendant] continues to provide access to infringing works." *Id.* at 671 (quotation omitted). Inducement requires the defendant to "distribute[] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *See id.* at 672.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

4

### 1. Knowledge of Specific Instances of Alleged Infringement

As an initial matter, the parties dispute what is required to show knowledge of infringement. Pinterest contends that a plaintiff asserting contributory infringement must plead and prove "*actual* knowledge of *specific* acts of infringement." Mot. at 1 (emphasis in original). Harrington contends at the pleading stage, allegations of "constructive knowledge" (Opp'n at 15) or "willful blindness" (*id*. at 16) suffice, citing *Erickson Prods., Inc. v. Kast*, 921 F.3d 822 (9th Cir. 2019) and *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001), *as amended* (Apr. 3, 2001).[3]

In *Erickson*, defendant hired a website developer to revamp his business' website. *Erickson*, 921 F.3d at 826. Eventually, three copyrighted photos owned by the plaintiff were incorporated into the redesigned website. *Id*. at 827. The photos had been taken from Wells Fargo's website. The jury found defendant liable for contributory infringement. *Id*. 831. On appeal, defendant claimed the trial court erred by instructing the jury that "knowledge" for contributory infringement includes having a "reason to know" of the infringement. *Id*. at 832. Defendant Kast contended that only "actual knowledge" or "willful blindness" are sufficient. *Id*. The Ninth Circuit noted that defendant had not objected to the jury instruction at trial, and thus reviewed the claim for plain error. *Id*. The Ninth Circuit upheld the verdict, explaining: "even if the 'should have known' instruction was erroneous, the error was not plain" because of the inconsistency in case law on the "knowledge" element as articulated in *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072–73 (9th Cir. 2013) and *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. 2011). *Id*. In *Ludvarts*, the Ninth Circuit held that "actual knowledge of specific acts of infringement" and "[w]illful blindness of specific facts" are the only two mental states that satisfy the "knowledge" element of contributory infringement. *Id*. (quoting *Ludvarts*, 710 F.3d at 1072-73). In *Louis Vuitton*, the Ninth Circuit cited with

---

[3] Harrington appears to acknowledge, however, that actual knowledge of specific infringement is the standard for a finding of liability. Opp'n at 15.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

5

approval a "know or have reason to know" instruction. *Louis Vuitton*, 658 F.3d at 943 (citing *Napster*, 239 F.3d at 1020). The *Erickson* court declined to resolve the apparent tension between *Ludvarts* and *Louis Vuitton*. *Erickson*, 921 F.3d at 832. Thus, *Erickson* did not hold that the "should have known" standard is correct.

In *Napster*, the Ninth Circuit suggested that the "knowledge" element of contributory infringement could, under some circumstances, be satisfied with evidence of constructive knowledge. *Id*. at 1020-21. However, the Court explained that if a defendant's equipment is capable of both infringing and "substantial noninfringing uses," then knowledge cannot be imputed. *See id*. ("[A]bsent any specific information which identifies infringing activity, computer system operator cannot be liable for contributory infringement merely because the structure of the system allows for the exchange of copyrighted material."). The *Naptser* court stated, "if a computer system operator learns of specific infringing material available on his system and fails to purge such material from the system, the operator knows of and contributes to direct infringement." *Id*. at 1021. The *Napster* court concluded that Napster materially contributed to infringement because Napster knew of the availability of infringing music files, assisted users in accessing such files, and failed to block access to such files. *Id*. at 1022.[4]

Following *Napster*, in *Amazon*, the Ninth Circuit stated that "a service provider's knowing failure to prevent infringing actions could be the basis for imposing contributory liability. Under such circumstances, intent may be imputed." *Amazon*, 508 F.3d at 1172. The Ninth Circuit recognized that service or products that facilitate access to websites throughout the world can significantly magnify the effects of infringing activities; that the argument for imposing indirect liability is "particularly powerful" when individuals using defendant's software could make a huge number of infringing downloads every day; and that copyright holders cannot protect their rights

---

[4] In *Napster*, the evidence of constructive knowledge consisted of the following: (a) Napster executives had recording industry experience; (b) they had enforced intellectual property rights in other instances; (c) Napster executives had downloaded copyrighted songs from the system; and (d) they had promoted the site with "screen shots listing infringing files." *Id*. at 1020 n.5.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

6

in a meaningful way unless they can hold the providers of such services liable pursuant to the test in *Napster*. *Id*. (citation omitted). Accordingly, the Ninth Circuit held that "a computer system operator can be held contributorily liable if it 'has *actual* knowledge that *specific* infringing material is available using its system' . . . and can 'take simple measures to prevent further damage' to copyrighted works, . . . yet continues to provide access to infringing works." *Amazon*, 508 F.3d at 1172 (citations omitted); *see also Giganews*, 847 F.3d at 671.

More recently, in *Davis v. Pinterest, Inc.*, 2021 WL 879798, at *3 (N.D. Cal. Mar. 9, 2021), the court considered the very argument Harrington presents in this case against Pinterest: whether allegations that a defendant had "reason to know" of the infringement are sufficient to plead a claim for contributory copyright infringement. After carefully reviewing *Erickson* and *Napster*, the *Davis* court was unpersuaded, stating "knowledge for purposes of contributory infringement must be of specific infringing material." *Id*. (citing *Amazon*, 508 F.3d at 1172 and *Giganews*, 847 F.3d at 671). Further, the *Davis* court stated, "[e]ven assuming the Ninth Circuit left open the possibility that constructive knowledge may be sufficient in some circumstances," plaintiff failed to allege a cognizable contributory copyright infringement claim. *Id*. ("Although the amended complaint identifies various instances where Plaintiff claims his photographs are available on Defendant's website, . . . , it does not allege that Defendant knew or had reason to know of these examples. And while the complaint asserts that Plaintiff contacted both Defendant's CEO and its Intellectual Property Operations Manager regarding misuse of his photographs generally, . . . those notices did not identify any specific acts of infringement.") (citations omitted).

Here, Harrington's claim fails for the same reason the claim failed in *Davis*. The FAC lacks sufficient facts to plausibly allege Pinterest had knowledge—actual or constructive—of specific infringing material. Harrington identifies two specific examples of his photographs appearing on Pinterest and alleges that they were improperly copied for commercial use. FAC ¶¶ 81-82. Harrington, however, nowhere alleges that Pinterest knew or had reason to know that these

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

7

two photographs were on Pinterest, much less that Pinterest knew or had reason to know that these photographs were infringing. Harrington does not allege that he ever notified Pinterest about these two instances of alleged infringement or any other instances of infringement of his other Works.

At most, Harrington alleges that photographers contacted senior management at Pinterest regarding improper copying of photographs generally and that Pinterest is "aware its websites and app are used by third parties to infringe registered copyrights." FAC ¶¶ 74-75. Generalized knowledge, however, is insufficient. *Amazon*, 508 F.3d at 1172; *Giganews*, 847 F.3d at 670. "[M]ore than a generalized knowledge by the [defendant] of the possibility of infringement" is required to allege contributory infringement. *Luvdarts*, 710 F.3d at 1072; *see also ALS Scan, Inc v. Steadfast Networks, LLS*, 819 Fed. Appx. 522, 524 (9th Cir. 2020) ("The number of notices that Steadfast previously received gives at most a general knowledge that infringement will likely occur again in the future; this does not give notice of any specific acts of infringement that are actually occurring.").

Harrington argues in the alternative that "willful blindness" is sufficient to support a claim for contributory copyright infringement. However, even under this standard, a plaintiff must allege "[w]illful blindness of specific facts." *Ludvarts*, 710 F.3d at 1073. To allege willful blindness, a plaintiff must allege the defendant "(1) subjectively believed that infringement was likely occurring" and "(2) took deliberate actions to avoid learning about the infringement." *Id*. (citing *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011)). Harrington does not allege that Pinterest subjectively believed his Works were likely being infringed and then took deliberate actions to avoid learning about infringement of his Works. Indeed, Harrington does not allege that he ever informed Pinterest of a single instance of infringement of his Works. Nor does Harrington allege facts to suggest Pinterest had reason to know of infringement of Harrington's Works. Generalized complaints from other photographers about infringement of their works does not show Pinterest's "willful blindness" to infringement of Harrington's Works.

Lastly, Harrington contends that his contributory infringement claim cannot be rejected on

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

8

a motion to dismiss "simply because he has not alleged 'actual knowledge of specific acts of infringement." Opp'n at 16. He reasons that his allegations, when construed in the light most favorable to him, meet the constructive knowledge requirement of a contributory infringement claim and the "willful blindness" standard. *Id*. The argument is unpersuasive. A Rule 12(b)(6) motion is a proper procedure for testing the legal sufficiency of a claim at the pleading stage. *See e.g.*, *Ludvarts,* 710 F.3d at 1073 (affirming dismissal of contributory infringement claim under Rule 12(b)(6) because the plaintiffs had failed to allege adequately that defendants had the necessary specific knowledge of infringement); *Epikhin v. Game Insight N. Am.*, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015*)* (dismissing contributory infringement claim under Rule 12(b)(6) because plaintiffs did not allege any facts in support of the threadbare assertion that defendants "had knowledge of the infringing acts relating to Plaintiffs' copyrighted works).

For the reasons stated above, Harrington has failed to allege sufficient facts to satisfy the knowledge requirement for pleading a claim for contributory copyright infringement. The claim is accordingly dismissed with leave to amend.[5]

### B. Count III: Violation of the DMCA

Title 17 United States Code section 1202(b)(1) provides: "No person shall, without the authority of the copyright owner or the law . . . intentionally remove or alter any copyright management information . . . knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any" copyright. 17 U.S.C. § 1202(b)(1). Section 1202(b)(3) provides: "No person shall, without the authority of the copyright owner or the law . . . distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or . . . having reasonable grounds to

---

[5] Because Harrington has not alleged the requisite knowledge, the Court declines to address at this time the parties' remaining arguments regarding whether Harrington sufficiently alleges Pinterest materially contribution or induced the infringement activity.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT
9

know, that it will induce, enable, facilitate, or conceal an infringement of any" copyright. *Id*. § 1202(b)(3).

For purposes of this motion only, Pinterest assumes that Harrington adequately alleges actual removal of information that qualifies as CMI under the DMCA. Mot. at 14:19-21. Pinterest contends that the DMCA claim must nevertheless be dismissed because mere removal is not actionable and Harrington fails to allege Pinterest "knew" or had "reasonable grounds to know" that any alleged actions regarding CMI "will induce, enable, facilitate, or conceal an infringement." *Id*. at 13.

The Ninth Circuit has explained that "the mental state requirement in Section 1202(b) must have a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018). This standard does not require a showing that any specific infringement has already occurred. *Id*. Nor does it "require knowledge in the sense of certainty as to a future act." *Id*. Rather, "knowledge in the context of such statutes signifies 'a state of mind in which the knower is familiar with a pattern of conduct' or 'aware of an established modus operandi that will in the future cause a person to engage in' a certain act." *Id*. (quoting *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010)). "[A] plaintiff bringing a Section 1202(b) claim must make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi', that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions." *Id*.

In *Stevens*, the Ninth Circuit affirmed the grant of summary judgment in favor of the defendant because the plaintiffs failed to offer any evidence that removal of CMI metadata from their photographs would impair their policing of infringement. *Stevens*, 899 F.3d at 675. The *Stevens* court noted that there were no allegations, for example, of any plaintiff's "pattern of conduct" or "modus operandi" involving policing infringement by tracking metadata. *Id*. The plaintiffs had not averred that they had ever used CMI metadata to prevent or detect copyright

infringement, much less how they would do so. *Id*. Further, the plaintiffs did not have evidence that the defendant's distribution of photographs ever induced, enabled, facilitated or concealed "any particular act of infringement by anyone, let alone a pattern of such infringement likely to recur in the future." *Id*. In fact, the plaintiffs failed to identify a single instance in which removal of CMI metadata from any photograph induced, enabled, facilitated, or concealed infringement. *Id*.

Here, Harrington's allegations, construed in the light most favorable to him, establish nothing more than the "possibility of encouraging infringement." *Id*. at 674. Harrington alleges that "[b]y removing the CMI, Pinterest ensures that copyright owners cannot easily identify their works on Pinterest's website and app, thereby preventing them from submitting to Pinterest comprehensive take down notices." FAC ¶ 63; *see also id*. ¶ 64 (Pinterest removes "what would otherwise be easily searchable CMI"). Harrington alleges that he cannot use simple keyword searches to locate his images and instead "must hire services like Pixsy to conduct reverse engine searches, then conduct expensive and/or time-consuming research to track down the infringers." *Id*. ¶ 89. Absent, however, are any allegations that he actually used CMI metadata to prevent or detect copyright infringement, much less a "pattern of conduct" or "modus operandi" by him involving policing infringement by tracking metadata. Rather, Harrington alleges that he successfully removed unauthorized use of two of his Works on Pinterest "by engaging an attorney and making a cease and desist demand." FAC ¶¶ 82, 85. "[A] plaintiff bringing a Section 1202(b)(1) claim must offer more than a bare assertion that 'when CMI metadata is removed, copyright infringement plaintiffs . . . lose an important method of identifying a photo as infringing.'" *Stevens*, 899 F.3d at 675.

To plead a claim under Section 1202(b), a plaintiff must allege sufficient facts to show "defendant knows or has a reasonable basis to know that the removal or alteration of CMI or the distribution of works with CMI removed *will* aid infringement." *Stevens*, 899 F.3d at 675 (emphasis in original). Harrington does not allege any facts to show that Pinterest's alleged

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT
11

distribution of photographs induced, enabled, facilitated or concealed any particular act of infringement by anyone, let alone a pattern of such infringement likely to recur in the future. Instead, Harrington's FAC contains vague and conclusory allegations that Pinterest is the source of "rampant" copyright infringement by third parties. FAC ¶ 73. The Court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150-51 (9th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Harrington contends that *Stevens* is inapplicable because it was decided in the context of a summary judgment motion, not a motion to dismiss. But regardless of the procedural posture, *Stevens* sets forth the legal standards for a Section 1202(b) claim. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a plausible claim. *Ashcroft*, 556 U.S. at 678. The FAC fails to do so.

## IV. CONCLUSION

For the reasons stated above, Pinterest's motion to dismiss Counts II and III of the FAC is GRANTED. Although Harrington has amended his complaint once already, the Court will GRANT him one last opportunity to amend. Harrington may file and serve an amended complaint no later than September __, 2021.

**IT IS SO ORDERED.**

Dated: September 3, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S FIRST AMENDED COMPLAINT

12