UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA

CASE NO. 1:21-cv-21698-DPG

ATHOS OVERSEAS, LTD.,

   *Plaintiff,*

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC.,

   *Defendants.*
_____/

### PLAINTIFF'S MOTION TO STRIKE AND RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff, Athos Overseas, Ltd. ("Plaintiff"), responds to Defendants' YouTube, Inc., YouTube, LLC, and Google LLC's (collectively "Defendants") Notice of Supplemental Authority and in support thereof states as follows:

### BACKGROUND

On September 8, 2021, Defendants filed their Notice of Supplemental Authority[1] ("Notice") to their pending Motion to Dismiss[2]. In their Notice, Defendants reference Harrington v. Pinterest, Inc., No. 5:20-cv-05290-EJD, 2021 U.S. Dist. LEXIS 167983 (N.D. Cal. Sep. 3, 2021). (See Exhibit "A"). As set forth below, Defendants Notice of Supplemental Authority is an improper attempt to inject further argument to its previously filed Motion to Dismiss. While this Court is certainly entitled to be made aware of supplemental authority, even if it does not support

---

[1] See Docket Entry 31
[2] See Docket Entry 14

*Athos Overseas, Ltd., v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike and Response to Defendant's Notice of Supplemental Authority
Page 1 of 5

Defendants' position, Defendants are not authorized to use the opportunity to make further arguments.

## LEGAL STANDARD

Local Rule 7.1(c) authorizes only opposing and reply to briefs. The rule is clear that "no further or additional memoranda of law shall be filed without prior leave of court." Notices of supplemental authority, however, do not fall within the purview of the rule. Pellegrino v. Keckritz Dev. Of Boca Raton, LLC, No.08-80164-CIV, 2008 WL 4753726 (S.D. Fla. Oct. 27, 2008); see also Williams v. Heritage Operating, L.P., No.8:07-cv-977-T-24-MSS, 2007 WL 2302131 (M.D. Fla. Aug. 8, 2007). "[S]upplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains." Girard v. Aztec RV Resort, Inc., No. 10–62298–CIV, 2011 WL 4345443, at *2 (S.D. Fla. Sept.16, 2011). Beyond that, supplemental filings should do nothing more. Id. They should not make legal arguments. Girard, 2011 WL 4345443, at *2–3; Pellegrino, 2008 WL 4753726, at *2 n. 2.

Nothing in the Federal Rules of Civil Procedure or the local rules of this court directly regulates the filing and content of notices of supplemental authorities. Nevertheless, they are "commonly used in the federal court system" to alert courts to subsequent decisions relevant to a pending motion. Several courts have held that it is improper for a notice to include legal argument accompanying the cited authority. See e.g., McGee v. Cole, 993 F.Supp.2d 639, 644 (S.D.W. Va. 2014) (allowing exhibits but striking legal arguments presented in a notice of supplemental authority). A notice of supplemental authority that raises an argument … is in fact an attempt at a sur-response, which is not permitted in the absence of court order. Hagens Berman Sobol Shapiro

*Athos Overseas, Ltd., v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike and Response to Defendant's Notice of Supplemental Authority
Page 2 of 5

LLP v. Rubinstein, No. C09-0894 RSM, 2009 WL 3459741, at *1, 2009 U.S. Dist. LEXIS 104619 at *3 (W.D. Wash. Oct. 22, 2009).

## ANALYSIS

Defendants in their Notice while referencing the Harrington case, take advantage of the opportunity to write to this Court and make references which double as argument which is improper. These arguments should be stricken. For example, in the fourth line of their Notice, Defendants state "[l]ike this case, Harrington involves a plaintiff whose copyrighted works were allegedly uploaded by third parties to an online service (there, Pinterest)." Again, in line 6 Defendants state "As here, Plaintiff asserted a claim under Section 1201 of the DMCA, 17 U.S.C. §1202, for alleged removal of copyright management information ("CMI"). *Id.* Plaintiff alleged that Pinterest "strip[ped] the images of visible identifying source and/or copyright management information as well as metadata." *Id.* In the attached ruling, Judge Davila dismissed that claim because the plaintiff failed to offer any plausible allegations that Pinterest acted with the two-tiered scienter required by the DMCA:

> [Plaintiff] does not allege any facts to show that Pinterest's alleged distribution of photographs induced, enabled, facilitated or concealed any particular act of infringement by anyone, let alone a pattern of such infringement likely to recur in the future. Instead, [the complaint] contains vague and conclusory allegations that Pinterest is the source of "rampant" copyright infringement by third parties.

As if the Defendants did not make their arguments obvious enough throughout the Notice, they point out their argument for the Court in the last sentence here they state "[t]his ruling bears directly on the arguments made at pp. 15-18 of Defendants' Motion to Dismiss and pp.9-10 of Defendants' reply brief in support of that motion."

If the Court is going to permit the Defendants to use its Notice of Supplemental Authority

*Athos Overseas, Ltd., v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike and Response to Defendant's Notice of Supplemental Authority
Page 3 of 5

as further argument, then the Plaintiff is compelled to point out the glaring inconsistencies and distinctions between the Harrington case and the case at bar. As the Court will note, in the case cited by Defendants, the court dismissed the complaint without prejudice, with leave to amend[3], because plaintiff had not identified any facts to show that Pinterest's alleged distribution of photographs induced, enabled, facilitated, or concealed any particular act of infringement by anyone, let alone a pattern of such infringement likely to recur in the future. By contrast, in Plaintiff's Complaint[4], the continual and pervasive distribution by the Defendants are specifically identified and establish that Defendants were on notice and knew that Plaintiff's works were being infringed.[5]

---

[3] As the Court will note, Defendants are seeking dismissal with prejudice of Plaintiff's claims herein. Docket Entry 14.
[4] See Docket Entry 1.
[5] See e.g., ¶9-27, 67-72. In paragraph 27 in particular, Plaintiff explains that it provided Defendants over ten thousand notices of copyright infringements. In paragraph 67 and Exhibit A to Docket Entry 1 Plaintiff identifies the works being infringed, and in paragraph 69-70 and Exhibit B to Docket Entry 1 Plaintiff identifies the actual notices provided to the Defendants.

*Athos Overseas, Ltd., v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike and Response to Defendant's Notice of Supplemental Authority
Page 4 of 5

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendant's Notice of Supplemental Authority, as well as the materials supporting the arguments made. In the alternative, Plaintiff respectfully requests that the Court consider Plaintiff's response.

**WHEREFORE**, Plaintiff respectfully request the Court enters an order denying Defendants' Motion and enter all further orders it deems just and proper.

**DORTA & ORTEGA, P.A.**

/s/ *OmarOrtega*
Omar Ortega, Esq.
Florida Bar No.: 0095117
Reinaldo Dorta, Esq.
Florida Bar No.: 0084920
Rosdaisy Rodriguez, Esq.
Florida Bar No.: 0112710
Yvette C. Buergo, Esq.
Florida Bar No.: 1003212
3860 S.W. 8th Street, PH
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305)461-5226
Email: OOrtega@dortaandortega.com
Email: RDorta@dortaandortega.com
Email: RRodriguez@dortaandortega.com
Email: YBuergo@dortaandortega.com
Email: DKoch@dortaandortega.com
Email: DCruz@dortaandortega.com

*Counsels for Plaintiff*

*Athos Overseas, Ltd., v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike and Response to Defendant's Notice of Supplemental Authority
Page 5 of 5