UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21698-DPG

ATHOS OVERSEAS, LTD.

              Plaintiff,

vs.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

              Defendants.

_____/

**DEFENDANTS YOUTUBE, LLC, AND GOOGLE LLC's ANSWER
AND AFFIRMATIVE DEFENSES**

**S**TEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile:  (305) 789-2664
Jay B. Shapiro, Esq.
David T. Coulter, Esq.

WILSON SONSINI GOODRICH &
ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Brian M. Willen, Esq.
(*Pro Hac Vice*)
Lucy Yen, Esq.
(*Pro Hac Vice*)
Dylan Byrd, Esq.
(*Pro Hac Vice*)

## **PRELIMINARY STATEMENT**

Since its founding in 2005, YouTube has gone far above and beyond its legal obligations to assist copyright holders in protecting their rights. It has developed best-in-class processes for removing allegedly infringing materials pursuant to the Digital Millennium Copyright Act ("DMCA"), which protects online services like YouTube from claims of infringement by their users. It has also invested well over a hundred million dollars to pioneer industry-leading copyright management tools like its Content ID system.

Precisely because YouTube's novel copyright management tools are so powerful, they must be used with care. These special tools enable users to automatically (or at the touch of a button) remove content from YouTube or block it from appearing in the first place. Misused or put in the wrong hands, these tools can be used to censor videos that others have every right to share through YouTube. These tools can also enable users to wrongfully claim ownership rights in others' content or to take for themselves revenue that rightly belongs to others.

Plaintiff, through its representative Carlos Vasallo, was offered YouTube's copyright management tools in 2015, including Content ID, but Plaintiff refused them. Plaintiff opted instead to use YouTube's DMCA-compliant notice-and-takedown system. Now, seven years later, Plaintiff seeks an injunction against Defendants to force YouTube to provide Plaintiff with a non-existent version of Content ID tailor-made to Plaintiff's preferences. Plaintiff's claims of entitlement to Content ID are badly misguided; its claims of copyright infringement even more so. Defendants YouTube, LLC ("YouTube") and Google LLC ("Google," and collectively, "Defendants")[1] hereby answer Plaintiff's Complaint ("Complaint," Dkt. No. 1).

---

[1] Plaintiff's Complaint erroneously named YouTube, Inc., which does not exist. This answer is filed on behalf of Google LLC and YouTube, LLC.

## <u>DEFENDANTS' ANSWER</u>

To the extent the paragraphs of the Complaint ("Paragraphs") are grouped under headings and subheadings, Defendants respond generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions and pejorative inferences to which no response is required. To the extent a response is necessary, Defendants deny each and every heading and subheading in the Complaint and incorporate by reference this response in each Paragraph below as if fully set forth herein.

Except as expressly admitted herein, Defendants deny any and all allegations as set forth in the Complaint. Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary. Defendants further answer the numbered Paragraphs in the Complaint as follows:

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Carlos Vasallo's alleged ownership of copyrighted works. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Carlos Vasallo's alleged ownership of copyrighted works. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Carlos Vasallo's purported assets, his alleged ownership of copyrighted works, or the "curation, maintenance, and digitalization" of his alleged works. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Carlos Vasallo's alleged ownership of copyrighted works or the value

of Mr. Vasallo's alleged investment in those works. Defendants deny the remaining allegations in Paragraph 4.

5.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Carlos Vasallo's alleged ownership of copyrighted works, Mr. Vasallo's purported licensing of those works, or the value of Mr. Vasallo's alleged investment in those works. Defendants deny the remaining allegations in Paragraph 5.

6.       Defendants admit they operate YouTube, a popular website available at www.youtube.com. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 6.

7.       Defendants lack knowledge or information sufficient to form a belief about the truth of "the value and importance of Mr. Vasallo's iconic movie collection." Defendants deny the remaining allegations in Paragraph 7.

8.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Carlos Vasallo's conversations with third parties, Mr. Vasallo's alleged ownership of copyrighted works, or the value of Mr. Vasallo's purported investment in his alleged works. Defendants deny the remaining allegations in Paragraph 8.

9.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Mr. Vasallo's alleged ownership of copyrighted works, that those works were being "pirated," or the alleged circumstances by which Mr. Vasallo was notified that his works were potentially being infringed. Defendants admit that Mr. Vasallo contacted YouTube employees in late 2014. Defendants deny the remaining allegations in Paragraph 9.

10.    Defendants admit that Carlos Vasallo communicated with John Farrell, a YouTube employee, in or about 2014 or 2015. Defendants lack knowledge or information sufficient to form a belief about the truth of the additional allegations in Paragraph 10 and, on that basis, deny them.

11.    Defendants admit that John Farrell referred Carlos Vasallo to Juanjo Duran, a YouTube employee, in early 2015. Defendants further admit that Mr. Duran's office was located in Coral Gables, FL at that time. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 11.

12.    Defendants admit that, in early 2015, Juanjo Duran was YouTube's Head of Hispanic Content. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 12.

13.    Defendants admit that Juanjo Duran has been an employee of Google since December 2018, prior to which he was a YouTube employee for over seven years, including his role as Head of Hispanic Content at the identified time period in 2015. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 13.

14.    Defendants admit that Carlos Vasallo communicated with Juanjo Duran in early 2015. To the extent Paragraph 14 purports to paraphrase and characterize the statements made by Mr. Duran, Defendants deny that Plaintiff does so correctly. Defendants deny the remaining allegations in Paragraph 14.

15.    Defendants deny the allegations in Paragraph 15.

16.    Defendants admit that Carlos Vasallo communicated with Juanjo Duran in early 2015. Defendants admit that YouTube offered Carlos Vasallo a tool known as "Content ID" for the purpose of managing his copyrighted works. To the extent the allegations of Paragraph 16 purport to paraphrase and characterize the Content ID management tool or its terms, Defendants deny that Plaintiff does so correctly. Defendants admit that Content ID scanning occurs, among other times, at

the moment a user uploads a video to YouTube. Defendants deny the remaining allegations in Paragraph 16.

17.     Defendants admit that Content ID scanning occurs, among other times, at the moment a user uploads a video to YouTube; and that such scanning may prevent the public availability of the uploaded video, at the Content ID user's election. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 17.

18.     Defendants admit that YouTube provided Mr. Vasallo with a copy of Defendants' Content Hosting Services Agreement ("CHSA") in 2015. To the extent the allegations of Paragraph 18 purport to paraphrase and characterize the Content ID management tool or Defendants' CHSA, Defendants deny that Plaintiff does so correctly. Defendants deny the remaining allegations in Paragraph 18.

19.     To the extent the allegations of Paragraph 19 purport to paraphrase and characterize the Content ID management tool or Defendants' CHSA, Defendants deny that Plaintiff does so correctly. Defendants admit that Carlos Vasallo did not agree to use the Content ID management tool. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 19.

20.     To the extent the allegations of Paragraph 20 purport to paraphrase and characterize the Content ID management tool or Defendants' CHSA, Defendants deny that Plaintiff does so correctly. Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit that YouTube provides a notice-and-takedown system for the purpose of managing copyrighted works, pursuant to the Digital Millennium Copyright Act ("DMCA"). To the extent the allegations of Paragraph 21 purport to paraphrase and characterize the Content ID management tool, Defendants' CHSA, or YouTube's notice-and-takedown system,

Defendants deny that Plaintiff does so correctly. Defendants deny the remaining allegations in Paragraph 21.

22.     To the extent Paragraph 22 purports to paraphrase and characterize the statements made by Mr. Duran, Defendants deny that Plaintiff does no correctly. Defendants deny the remaining allegations in Paragraph 22.

23.     To the extent the allegations of Paragraph 23 purport to paraphrase and characterize the Content ID management tool or Defendants' CHSA, Defendants deny that Plaintiff does so correctly. Paragraph 23 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that YouTube provides a notice-and-takedown system for the purpose of managing copyrighted works. Defendants admit that YouTube has received DMCA takedown requests from Gibney, Anthony, & Flaherty, LLP on behalf of Mr. Vasallo's companies. Defendants admit that YouTube assesses "strikes" for copyright violations and that YouTube has adopted and reasonably implemented a policy that provides for the termination in appropriate circumstances of repeat infringers under the DMCA. Defendants deny the remaining allegations in Paragraph 25.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that YouTube has received DMCA takedown requests from Gibney, Anthony, & Flaherty, LLP on behalf of Mr. Vasallo's companies. Defendants lack knowledge or information sufficient to form a belief about: (1) the validity of those requests or the truth of the allegation that the video content that was the subject of those notices contained Plaintiff's works or infringed its copyrights; (2) the collective total of takedown notices issued by

Plaintiff and its representatives to YouTube; or (3) the total views of Plaintiff's purportedly copyrighted content on the YouTube platform. Paragraph 27 otherwise sets forth legal conclusions to which no response is required. Except as expressly admitted, Defendants deny the allegations in Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief about Plaintiff's alleged ownership of copyrighted works or alleged "countless takedown notices" sent in regard to those works. Defendants admit that YouTube generates revenue through advertising. Defendants admit that the YouTube platform may generate recommendations for video content via computer algorithms depending on a user's device and settings, and that such recommendations consider a variety of factors to enhance user experience. Defendants deny that YouTube's video recommendations "entice users to see more infringing content." Defendants deny the allegation that they allow infringing videos to be publicly performed, displayed, reproduced, or distributed. Defendants deny the remaining allegations in Paragraph 28.

29.     Defendants lack knowledge or information sufficient to form a belief about Plaintiff's alleged ownership of copyrighted or "pirated" works. Defendants admit that YouTube generates revenue through advertising. Defendants admit that the YouTube platform may generate recommendations for video content via computer algorithms depending on a user's device and settings, and that such recommendations consider a variety of factors to enhance user experience. Defendants deny that YouTube's video recommendations "utiliz[e] Plaintiff's pirated movies to generate additional income." Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief about Plaintiff's alleged ownership of copyrighted or "pirated" works. Defendants admit that verified YouTube users (who have verified their accounts with a corresponding phone number) may upload videos with a

duration exceeding fifteen minutes to the YouTube platform. Plaintiff's allegations regarding the "onset of YouTube TV," the "voluntary" removal of content, and YouTube's "acquir[ing] content for [its] own purposes" are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations and, on that basis, deny them. Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit that Plaintiff has filed this lawsuit, but otherwise deny the allegations of Paragraph 31.

32.     Defendants admit that the Complaint purports to assert claims for copyright infringement. Defendants deny that the Complaint alleges adequate factual or legal predicates for those claims and otherwise deny the allegations in Paragraph 32.

33.     Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims that were not dismissed in the Court's order on Defendants' Motion to Dismiss Plaintiff's Complaint. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 33.

34.     Defendants admit that this Court has personal jurisdiction over them for this matter. Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants lack knowledge or information sufficient to form a belief about the location of Plaintiff's principal place of business. Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff owns copyrightable works. Plaintiff's allegations regarding Exhibit A are vague and ambiguous, insofar as the contents of Exhibit A indicate that Plaintiff does not own or license all of the alleged works that Plaintiff lays claim to. As a result, Defendants lack knowledge

or information sufficient to form a belief about the truth of those allegations. Defendants deny the remaining allegations in Paragraph 37.

38.     Defendants admit that YouTube, LLC, is a Delaware limited liability company with its principal place of business at 901 Cherry Avenue, San Bruno, California 94066. Defendants further admit that Defendants have an office in Miami, FL. Defendants deny the remaining allegations in Paragraph 38.

39.     Defendants admit that YouTube, LLC, is a Delaware limited liability company with its principal place of business at 901 Cherry Avenue, San Bruno, California 94066. Defendants deny the remaining allegations in Paragraph 39.

40.     YouTube has operated as a wholly owned and controlled subsidiary of Google LLC, a Delaware limited liability company. Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and, on that basis, deny them.

43.     Defendants deny the allegations in Paragraph 43.

44.     Plaintiff's allegations regarding internet service providers are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations. Paragraph 44 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 44.

45.     Defendants admit that YouTube is a video-sharing platform. Defendants deny the remaining allegations in Paragraph 45.

46.     Plaintiff's allegations regarding the "origins" of YouTube are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of

those allegations. Defendants admit that YouTube provides certain users with a tool known as "Content ID" for the purpose of managing copyrighted works. Defendants admit that Content ID scans videos uploaded to YouTube and compares them against files previously provided to YouTube by copyright owners. Defendants also admit that an uploaded video that matches copyright material submitted through Content ID may receive a Content ID claim. Defendants further admit that copyright owners who use the Content ID tool can then choose to block that video, license and monetize that video, and/or track viewership statistics. *See* "How Content ID works," https://support.google.com/youtube/answer/2797370?hl=en. Defendants admit that YouTube also provides a notice-and-takedown system for the purpose of managing copyrighted works. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations that the "average copyright holder lack[s] leverage and resources" to issue DMCA takedown requests. Defendants deny that "YouTube fails to provide any reasonable means to monitor such activity." Paragraph 46 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, and except as expressly admitted, Defendants deny the allegations in Paragraph 46.

47.     Defendants admit that YouTube provides a notice-and-takedown system for the purpose of managing copyrighted works and availing itself of the DMCA safe harbors. Except as expressly admitted, Defendants deny the allegations in Paragraph 47.

48.     Plaintiff's allegations regarding the "preferred copyright holders" of YouTube are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations. Defendants admit that YouTube provides certain users with a tool known as "Content ID" for the purpose of managing copyrighted works. Defendants admit that Content ID scans videos uploaded to YouTube and compares them against files

previously provided to YouTube by copyright owners. Defendants also admit that an uploaded video that matches copyright material submitted through Content ID may receive a Content ID claim. Defendants further admit that copyright owners who use the Content ID tool can then choose to block that video, license and monetize that video, and/or track viewership statistics. *See* "How Content ID works," https://support.google.com/youtube/answer/2797370?hl=en. Defendants admit that Content ID scanning occurs, among other times, at the moment a user uploads a video to YouTube; and that such scanning may prevent the public availability of the uploaded video, at the Content ID user's election. Paragraph 48 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 48.

49.     Defendants admit that, in 2019, YouTube had approximately 2 billion monthly users. Defendants admit that YouTube generates revenue through advertising. Defendants further admit that it requires users to accept its Terms of Service (https://www.youtube.com/static?tgemplate =terms), which incorporate by reference Google's Privacy Policy (https://policies.google.com/ privacy?hl=en). Defendants deny the allegations in Paragraph 49 to the extent they mischaracterize those documents. Defendants also admit that user engagement with video content on YouTube is one of many factors that may affect advertising spend on the YouTube platform. Paragraph 49 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 49.

50.     Defendants admit that, "[o]n November 13, 2006, Google purchased YouTube for 1.65 billion US dollars." Defendants deny that Google has "refused to implement anti-piracy tools." Plaintiff's allegations regarding Google's entry into "licensing agreements with certain providers" are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form

a belief about the truth of those allegations. Defendants admit that Carlos Vasallo was offered Content ID but that Mr. Vasallo refused. Paragraph 50 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants admit that YouTube provides a notice-and-takedown system for the purpose of managing copyrighted works and availing itself of the DMCA safe harbors. Defendants further admit that YouTube complies with the DMCA. Defendants also lack knowledge or information sufficient to form a belief about the truth of the allegations that "most copyright holders do not have the resources to effectively detect and combat the extensive infringing of copyrighted materials." Paragraph 51 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, and except as expressly admitted, Defendants deny the allegations in Paragraph 51.

52.     Plaintiff's allegations regarding "copyright holders . . . [who are] at risk of losing their access to their Case Management Accounts and YouTube's copyright prevention tools" are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations. Paragraph 52 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Paragraph 54 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 54.

55.     Paragraph 55 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 55.

56.     Defendants admit that YouTube generates revenue through advertising. Defendants also admit that user engagement with video content on YouTube is one of many factors that may affect advertising spend on the YouTube platform. Defendants admit that users' videos are uploaded and displayed in conformance with YouTube's Terms of Service (https://www.youtube.com/static?tgemplate=terms), which incorporate by reference Google's Privacy Policy (https://policies.google.com/privacy?hl=en). Defendants deny the allegations in Paragraph 56 to the extent they mischaracterize those documents. Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants admit that users' videos are uploaded and displayed in conformance with YouTube's Terms of Service (https://www.youtube.com/static?tgemplate=terms), which incorporate by reference Google's Privacy Policy (https://policies.google.com/privacy?hl=en). Defendants deny the allegations in Paragraph 57 to the extent they mischaracterize those documents. Defendants admit that videos uploaded to the YouTube service are usually transcoded as a part of the upload process. Defendants admit that, after a video has been transcoded, the transcoded version is generally accessible to viewers. Defendants further admit that, in some but not all cases, YouTube archives the original uploaded video in a compressed format. Defendants admit that YouTube provides users with an ability to search for and view video content on the YouTube platform in web browsers and on mobile devices. Defendants deny the remaining allegations in Paragraph 57.

58.     Defendants admit that YouTube provides users with an ability to search for and view video content on the YouTube platform in web browsers and on mobile devices. Defendants also admit that searches for content on the YouTube platform will return results (if any) in the form of links to web pages where users can view video content. Defendants further admit that the search results pages and video content web pages on YouTube sometimes contain additional information

about that video content, such as the title of the content supplied by the uploader and the number of times that the content has been viewed. Paragraph 58 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 58.

59.     Defendants admit that the YouTube platform provides users with the optional ability to embed video content on web pages hosted by other web domains. *See* https://support.google.com/youtube/answer/171780?hl=en. Defendants further admit that the YouTube platform provides users with the optional ability to share links to video content through a variety of channels, including email messages. *See* https://support.google.com/youtube/answer/57741?hl=en&ref_topic=9257102. The ability to embed and share links to video content and the manner in which video content is embedded and shared depends on a variety of conditions, including privacy settings. For instance, users have the option to disable embedding of video content that they have uploaded. Defendants deny the remaining allegations in Paragraph 59.

60.     Plaintiff's allegations that "YouTube has self-proclaimed its ability to control seventy (70) percent of the materials viewed by users on its platform through YouTube's algorithm-based recommendations and auto-play feature" are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations. Defendants admit that the YouTube platform may generate recommendations for video content via computer algorithms depending on a user's device and settings, and that such recommendations consider a variety of factors to enhance user experience. Defendants admit that YouTube provides an "AutoPlay" feature that users can choose to disable. Paragraph 60 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 60.

61.     Plaintiff's allegation that "YouTube's business model is driven by the 'network effect'" is vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of that allegation. Defendants admit that YouTube generates revenue through advertising. Defendants also admit that user engagement with video content on YouTube is one of many factors that may affect advertising spend on the YouTube platform. Defendants deny the remaining allegations in Paragraph 61.

62.     Plaintiff's allegations that "Google's financial advisor, Credit Suisse, publicly expressed concerns over the composition of YouTube's views, as only ten (10) percent of YouTube's views were of licensed material, while more than sixty (60) percent of YouTube's views were of 'premium' copyrighted material" are vague and ambiguous. As a result, Defendants lack knowledge or information sufficient to form a belief about the truth of those allegations. Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants admit that there have been over 500 hours of videos uploaded every minute to YouTube at various points in YouTube's history. Defendants admit that the YouTube Partner Program allows for monetization of video content. Defendants further admit that together with its creators, YouTube generated approximately $15.1 billion in gross advertising revenue in 2019. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works, or the alleged value of Plaintiff's investment in those works. Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants admit that YouTube provides certain users with a tool known as "Content ID" for the purpose of managing copyrighted works. Defendants admit that Content ID scans videos uploaded to YouTube and compares them against files previously provided to YouTube by copyright owners. Defendants also admit that an uploaded video that matches copyright material submitted

-15-

through Content ID may receive a Content ID claim. Defendants further admit that copyright owners who use the Content ID tool can then choose to block that video, license and monetize that video, and/or track viewership statistics. *See* "How Content ID works," https://support.google.com/ youtube/answer/2797370?hl=en. Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit that Carlos Vasallo communicated with employees of Google and/or YouTube employees in 2014 and 2015. Defendants admit that YouTube has received DMCA takedown requests from Gibney, Anthony, & Flaherty, LLP on behalf of Mr. Vasallo's companies. Except as expressly admitted, Defendants deny the allegations in Paragraph 65.

66.     Defendants admit that YouTube has received DMCA takedown requests from Gibney, Anthony, & Flaherty, LLP on behalf of Mr. Vasallo's companies. Paragraph 66 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, and except as expressly admitted, Defendants deny the allegations in Paragraph 66.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works, the alleged infringement of those works, and the alleged licensing (or lack thereof) of those works. Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants admit that YouTube has received DMCA takedown requests from Gibney, Anthony, & Flaherty, LLP on behalf of Mr. Vasallo's companies. Except as expressly admitted, Defendants deny the allegations in Paragraph 69.

70.     Defendants admit that YouTube has received DMCA takedown requests from Gibney, Anthony, & Flaherty, LLP on behalf of Mr. Vasallo's companies. Paragraph 70 otherwise

sets forth legal conclusions to which no response is required. To the extent that a response is required, and except as expressly admitted, Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants admit that YouTube requires users to accept its Terms of Service (https://www.youtube.com/static?tgemplate=terms). Defendants deny the allegations in Paragraph 73 to the extent they mischaracterize those documents. Except as expressly admitted, Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations that "one of the CMIs capable of providing protection to Plaintiff against copyright infringement platforms, such as YouTube, is the International Standard Record Code." Defendants deny that they "alter the content's CMI to facilitate the dissemination of the infringed content on their own site and additional platforms." Paragraph 75 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 75.

76. Paragraph 76 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 76.

77. Defendants admit that the DMCA creates a safe harbor from liability for copyright infringement to which Defendants are entitled. Paragraph 77 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 77.

78.     Defendants admit that the DMCA requires the adoption and implementation of a repeat infringer policy. Defendants further admit that YouTube assesses "strikes" for copyright violations and that YouTube has adopted and reasonably implemented a policy that provides for the termination in appropriate circumstances of repeat infringers. Paragraph 78 otherwise sets forth legal conclusions to which no response is required. To the extent that a response is required, and except as expressly admitted, Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Paragraph 81 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 81.

82.     Paragraph 82 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Carlos Vasallo's alleged ownership of copyrighted works, Mr. Vasallo's purported licensing of those works, or the value of Mr. Vasallo's alleged investment in those works. Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged display of those works. Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged display of those works. Defendants deny the remaining allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants deny the allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged reproduction of those works. Defendants deny the remaining allegations in Paragraph 103.

104.     Defendants deny the allegations in Paragraph 104.

105.     Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants deny the allegations in Paragraph 107.

108.     Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged infringement of those works. The remaining allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111.     Defendants deny the allegations in Paragraph 111.

112.     Defendants deny the allegations in Paragraph 112.

113.     Defendants deny the allegations in Paragraph 113.

114.     Defendants deny the allegations in Paragraph 114.

115.     Defendants deny the allegations in Paragraph 115.

116.     Defendants deny the allegations in Paragraph 116.

117.     Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged

-20-

infringement of those works. The remaining allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged infringement of those works. The remaining allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged infringement of those works. Defendants deny the remaining allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged infringement of those works. Defendants deny the remaining allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants deny the allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants deny the allegations in Paragraph 136.

137.    Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 140.

141.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. The remaining allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 141.

142.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 142.

143.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 143.

144.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 144.

145.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works, their purportedly correspondent CMI, or Plaintiff's efforts to protect that CMI. Defendants deny the remaining allegations in Paragraph 145.

146.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 146.

147.     Defendants deny the allegations in Paragraph 147.

148.     Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

149.     Defendants deny the allegations in Paragraph 149.

150.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged infringement of those works. Defendants deny the remaining allegations in Paragraph 150.

151.    Defendants admit that Google provides users with an ability to search for and view content on the Google search platform in web browsers and on mobile devices. Defendants also admit that searches for content on the Google search platform will return results (if any) in the form of links to web pages where users can view content. Defendants deny the remaining allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

156.    Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or the alleged infringement of those works. Defendants deny the remaining allegations in Paragraph 158.

159.    Defendants admit that Google provides users with an ability to search for and view content on the Google search platform in web browsers and on mobile devices. Defendants also admit that searches for content on the Google search platform will return results (if any) in the form of links to web pages where users can view content. Defendants deny the remaining allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.     Defendants deny the allegations in Paragraph 163.

164.     Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

165.     Defendants deny the allegations in Paragraph 165.

166.     Defendants deny the remaining allegations in Paragraph 166.

167.     Defendants admit that Google provides users with an ability to search for and view content on the Google search platform in web browsers and on mobile devices. Defendants also admit that searches for content on the Google search platform will return results (if any) in the form of links to web pages where users can view content. Defendants deny the remaining allegations in Paragraph 167.

168.     Defendants deny the allegations in Paragraph 168.

169.     Defendants deny the allegations in Paragraph 169.

170.     Defendants deny the allegations in Paragraph 170.

171.     Defendants deny the allegations in Paragraph 171.

172.     Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

173.     Defendants deny the allegations in Paragraph 173.

174.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 174.

175.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 175.

176.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. The remaining allegations set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 176.

177.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 177.

178.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 178.

179.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 179.

180.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works, their purportedly correspondent CMI, or Plaintiff's efforts to protect that CMI. Defendants deny the remaining allegations in Paragraph 180.

181.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's alleged ownership of copyrighted works or their purportedly correspondent CMI. Defendants deny the remaining allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

-26-

183.    Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

184.    Defendants admit that Plaintiff attempted to assert a claim for damages against YouTube under FDUTPA, but deny that such claim has any factual or legal validity, and note that Plaintiff's claim under FDUTPA was dismissed by the Court on March 29, 2022.

185.    No response is required to the allegations in Paragraph 185, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 185.

186.    No response is required to the allegations in Paragraph 186, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 186.

187.    No response is required to the allegations in Paragraph 187, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 187.

188.    No response is required to the allegations in Paragraph 188, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 188.

189.    No response is required to the allegations in Paragraph 189, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which

they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 189.

190.    No response is required to the allegations in Paragraph 190, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191.    No response is required to the allegations in Paragraph 191, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192.    No response is required to the allegations in Paragraph 192, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 192.

193.    Defendants reiterate their responses in paragraphs 1 – 86 of this Answer to the Complaint as if fully set forth herein.

194.    No response is required to the allegations in Paragraph 194, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 194.

195.    No response is required to the allegations in Paragraph 195, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which

they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196.    No response is required to the allegations in Paragraph 195, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197.    No response is required to the allegations in Paragraph 197, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

198.    No response is required to the allegations in Paragraph 198, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 198.

199.    No response is required to the allegations in Paragraph 199, as this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.    No response is required to the allegations in Paragraph 200, as this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201.    No response is required to the allegations in Paragraph 201, as this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.     No response is required to the allegations in Paragraph 202, as this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.     No response is required to the allegations in Paragraph 203, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204.     No response is required to the allegations in Paragraph 204, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205.     No response is required to the allegations in Paragraph 205, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 205.

206.     No response is required to the allegations in Paragraph 206, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 206.

207.     No response is required to the allegations in Paragraph 207, as they set forth legal conclusions to which no response is required, and this Court has since dismissed the claim to which they were directed. To the extent a response is required, Defendants deny the allegations in Paragraph 207.

**Prayer for Relief**

1.      Defendants deny that there are sufficient factual or legal predicates in the Complaint for the relief requested in Paragraph 1.

2.      Defendants deny that there are sufficient factual or legal predicates in the Complaint for the relief requested in Paragraph 2.

3.      Defendants deny that there are sufficient factual or legal predicates in the Complaint for the relief requested in Paragraph 3.

4.      Defendants deny that there are sufficient factual or legal predicates in the Complaint for the relief requested in Paragraph 4.

5.      Defendants deny that there are sufficient factual or legal predicates in the Complaint for the relief requested in Paragraph 5.

6.      Defendants deny that there are sufficient factual or legal predicates in the Complaint for the relief requested in Paragraph 6.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert the following affirmative and other defenses, and do so on information and belief as to the actions of others. Defendants do not concede that they bear the burden of proof or persuasion on any of these defenses. Defendants reserve the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable. In particular, given that Plaintiff has failed to identify the allegedly infringing activity about which it complains with specificity, Defendants are unable to fully assess the defenses that may be available to them regarding any particular infringement claim.

**FIRST DEFENSE**

**(DMCA Safe Harbors)**

Plaintiff's claims are barred in whole or in part because Defendants are protected by one or more of the DMCA Safe Harbors set out in 17 U.S.C. § 512 et seq. Most notably, Defendants are not liable for any alleged infringement that arises by reason of the storage at the direction of users of material residing on the YouTube service. *See* 17 U.S.C. § 512(c). Nor is Defendant liable for any alleged infringement that arises by reason of its referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link. *See* 17 U.S.C. § 512(d).

**SECOND DEFENSE**

**(License)**

Plaintiff's claims are barred in whole or in part by licenses, consents, or permissions that Plaintiff and its agents have granted to YouTube and Google, and/or to third parties who in turn have granted licenses to YouTube and Google.

**THIRD DEFENSE**

**(Fair Use)**

Although the Complaint fails to identify with specificity the allegedly infringing activity on the YouTube platform, such activity is not infringing to the extent it constitutes a fair use of the underlying copyrighted material. *See* 17 U.S.C. § 107.

**FOURTH DEFENSE**

**(Copyright Misuse)**

Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse to the extent Plaintiff has misused the copyrights it acquired. For example, Plaintiff's activity on the

YouTube platform would constitute copyright misuse to the extent its agents were found to have uploaded material from Plaintiff's copyrighted works to YouTube.

## FIFTH DEFENSE

### (Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, to the extent that YouTube has relied on representations from Plaintiff or its representatives or agents about their authorization to post and YouTube's authorization to use all or portions of the copyrighted works at issue.

## SIXTH DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages, if any. Plaintiff is, for example, well aware of the ability to request the removal from YouTube of allegedly infringing content using the process set forth in the DMCA. To the extent Plaintiff failed to employ that process with respect to specific allegedly infringing material on the YouTube service, Plaintiff has failed to mitigate its damages.

## SEVENTH DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, which requires Plaintiff to have brought its claims within three years after they had accrued. *See* 17 U.S.C. § 507(b).

**EIGHTH DEFENSE**

**(Substantial Non-Infringing Use)**

Plaintiff's claims are barred in whole or in part based on the doctrine of substantial non-infringing use, although Defendants submit Plaintiff bears the burden of proving the doctrine's inapplicability.

**NINTH DEFENSE**

**(*De Minimis* Use)**

Although the Complaint fails to identify any specific allegedly infringing activity on the YouTube platform, such activity is not infringing to the extent it constitutes *de minimis* use of the underlying copyrighted material.

**TENTH DEFENSE**

**(Waiver)**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver. For example, Plaintiff and/or those acting at its direction, after learning of alleged infringements on which Plaintiff's claims were based, may have at times refused to submit DMCA takedown notices and failed to meet Defendants' requests for the information necessary to identify and remove those alleged infringements.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request the following relief:

1.      A judgment in favor of Defendants denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

2.      That Defendants be awarded their costs of suit, including reasonable attorney's fees; and

-34-

3.     That the Court award Defendants such other and further relief as the Court deems just and proper.

Dated: April 12, 2022                    Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile:  (305) 789-2664

By:     */s/ Jay B. Shapiro*
Jay B. Shapiro, Esq.
Florida Bar No. 776361
jshapiro@stearnsweaver.com
David T. Coulter, Esq.
Florida Bar No. 119874
dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801

Brian M. Willen, Esq.
(*Pro Hac Vice*)
bwillen@wsgr.com
Lucy Yen, Esq.
(*Pro Hac Vice*)
lyen@wsgr.com
Dylan Byrd, Esq.
dbyrd@wsgr.com

***Counsel for Defendants***

-35-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 12, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Jay B. Shapiro*
JAY B. SHAPIRO, ESQ.

**SERVICE LIST**

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Natalie A. Ferral, Esq.
Florida Bar No. 1012314
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
nferral@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*