UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21698-DPG

ATHOS OVERSEAS, LTD.

        Plaintiff,

vs.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

        Defendants.

_____/

## DEFENDANTS' NOTICE OF COMPLIANCE

Defendants Google LLC and YouTube, LLC ("Defendants") respectfully submit this Notice of Compliance in accordance with Section 3(c) of Chief Magistrate Judge Edwin G. Torres's Order Setting Discovery Procedures ("Discovery Procedures Order"). Defendants seek the Court's intervention as to several discovery-related issues concerning Plaintiff's deficient responses to Defendants' Third Set of Interrogatories (the "Interrogatories") and Second Set of Requests for Production ("RFPs"). Defendants met and conferred with Plaintiff to address these issues on numerous occasions in May, in full compliance with Local Rule 7.1(a)(3), but were unable to resolve all of their disputes, as discussed further below.[1]

---

[1] Plaintiff's responses to Defendants' Interrogatories and RFPs are submitted herewith as Composite Exhibit 1; Defendants' May 17 correspondence summarizing the results of the parties' meet-and-confer sessions are submitted herewith as Exhibit 2; Defendants' May 25 email is submitted herewith as Exhibit 3; and Defendants' May 11 meet-and-confer letter is submitted herewith as Exhibit 4.

-1-

    A.    <u>Remaining Disputes Regarding Interrogatory Responses</u>

**Works in Suit**: On the Parties' May 12 meet-and-confer, Plaintiff clarified that it would provide a list of the full Works in Suit (*i.e.*, the specific copyrighted works that Plaintiff claims were infringed) within one week, by May 19. To date, however, Plaintiff has failed to provide that list and has refused to clarify its status despite multiple inquiries from Defendants. As recently as May 12, Plaintiff itself has recognized that the subject matter of the lawsuit remains unclear in the absence of the Works in Suit. More than one full year has passed since the lawsuit was filed, and Plaintiff's continual failure to identify the Works in Suit presents a gating issue for discovery, prejudices Defendants, and must be resolved well in advance of the July 29 discovery cutoff date.

**Verifications**: Federal Rule 33(b)(5) requires Plaintiff to verify its responses without delay or unnecessary motions practice. Plaintiff did not verify its responses to Defendants' third set of Interrogatories. Plaintiff suggested on May 12 that such verifications would be promptly provided but Plaintiff still has not provided them. On May 17, Defendants requested Plaintiff's verifications be issued alongside Plaintiff's May 24 supplemental responses, so as to avoid the need for judicial relief. To date, however, Plaintiff has provided neither the supplemental responses nor any verifications.

**Interrogatory Nos. 16-17**: These Interrogatories require Plaintiff to identify the factual support for its damage claims for the alleged infringement of its works on YouTube. On April 29, Plaintiff responded that it "has not made a determination at this time of the actual damage suffered," and identified no underlying factual support. The parties discussed the problems with that response on May 11, 12, and 17; as Defendants explained, they are entitled to know the factual support for Plaintiff's claimed damages within the fact discovery period and before Plaintiff is deposed.

On a May 12 meet-and-confer, Plaintiff clarified that, while Plaintiff will provide factual testimony identifying the Works in Suit and that it owns such works, Plaintiff does not otherwise intend to provide factual testimony concerning the amount of damages claimed or the financial impact of Defendants' alleged infringement. Plaintiff confirmed that it would stipulate to that limitation of its testimony to avoid the need for supplemental responses or Court intervention. On May 17, Defendants requested Plaintiff follow through on that stipulation, but Plaintiff never responded. Defendants reached out again via email on May 25 and 26 asking Plaintiff to confirm the stipulation. Plaintiff has refused to further engage on this issue. Plaintiff's refusal to either supplement the response or confirm in writing the stipulation that it agreed to on the May 12 meet-and-confer warrants judicial intervention.

**Interrogatory No. 18**: This Interrogatory requires Plaintiff to identify any Works in Suit that were infringed and that Plaintiff contends Defendants did not act "expeditiously to remove, or disable access to, the material" under the DMCA. On May 12, Plaintiff confirmed that Defendants did in fact remove the content that was the subject of Plaintiff's takedown notices, and that Plaintiff would supplement its response accordingly. No supplemental response was provided. Defendants thus are compelled to seek an order requiring Plaintiff to provide, by a date certain, the supplemental response it promised.

**Interrogatory No. 24**: This Interrogatory seeks all YouTube accounts created by Plaintiff and its owner, Carlos Vasallo. On May 12, Plaintiff agreed to supplement this response to identify any and all YouTube accounts of Carlos Vasallo. No supplemental response has been provided, and Defendants thus are compelled to seek an order requiring Plaintiff to provide, by a date certain, the supplemental response it promised.

**Interrogatory No. 25:** This Interrogatory asks Plaintiff to describe the meaning of the columns labeled "Fecha," "Claimant," "Assignee," "Assignment Date," and "Fecha Listado" in the chart attached as Exhibit A to the Complaint. In its unsigned answer, Plaintiff merely translated some of the names of the categories into English. As Defendants explained on May 11, 12, and 17, Plaintiff's chart is not self-explanatory, and Defendants are entitled to know what the labels used in that chart actually mean. Plaintiff confirmed that it would supplement its response accordingly, but has not done so. Defendants thus are compelled to seek an order requiring Plaintiff to provide, by a date certain, the supplemental response it promised.

B.     Remaining Disputes Regarding Particular RFP Responses

**Requests for Production Nos. 46, 48**: These Requests seek documents used in the creation of Exhibits A & B to the Complaint. Plaintiff responded that the documents "cannot be generated as requested since they were not gathered in order to create" the exhibits. It is unclear what that means. On May 12, Plaintiff suggested that it will produce all documents necessary to test and verify the conclusions in Plaintiff's spreadsheets. Plaintiff has not amended the response to so state. Nor is it clear if Plaintiff will provide the documents by June 10, a deadline necessary to afford Defendants sufficient time and opportunity to review the responses and determine the extent to which further relief is necessary.

**Request for Production No. 49**: This Request seeks documents reflecting the information set forth in the "Summary of Repeat Offenders" boxes in Exhibit B to the Complaint. Plaintiff responds that the "Summary of Repeat Offenders is an analysis of the information contained in Exhibit B." That tautology is not a response. Plaintiff explained on May 12 that it would supplement its response to be clearer, but has not done so. Defendants thus are compelled to seek an order requiring Plaintiff to provide, by a date certain, the supplemental response it promised.

-4-

## **CERTIFICATE OF CONFERRAL**

Pursuant to Section 3(c) of this Court's Discovery Procedures Order and Local Rule 7.1(a)(3), undersigned counsel has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised herein and has been unable to do so, as detailed above.

Dated: May 31, 2022

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile: (305) 789-2664

By:   */s/ Jay B. Shapiro*
Jay B. Shapiro, Esq.
Florida Bar No. 776361
jshapiro@stearnsweaver.com
David T. Coulter, Esq.
Florida Bar No. 119874
dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801

Brian M. Willen, Esq.
(*Pro Hac Vice*)
bwillen@wsgr.com
Lucy Yen, Esq.
(*Pro Hac Vice*)
lyen@wsgr.com
Dylan Byrd, Esq.
dbyrd@wsgr.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ *Jay B. Shapiro*
JAY B. SHAPIRO, ESQ.

## SERVICE LIST

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Natalie A. Ferral, Esq.
Florida Bar No. 1012314
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
nferral@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*