UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21698-DPG

ATHOS OVERSEAS, LTD.

            Plaintiff,

vs.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

            Defendants.

_____/

## **DEFENDANTS' NOTICE OF COMPLIANCE**

Defendants Google LLC and YouTube, LLC ("Defendants") respectfully submit this Notice of Compliance in accordance with Section 3(c) of Chief Magistrate Judge Edwin G. Torres's Order Setting Discovery Procedures ("Discovery Procedures Order"). Defendants seek the Court's intervention as to several discovery-related issues concerning Plaintiff's responses to Defendants' First and Third Set of Interrogatories (the "Interrogatories") and First and Second Set of Requests for Production ("RFPs"). Defendants met and conferred with Plaintiff to address these issues on numerous occasions in June and July 2022, in compliance with Local Rule 7.1(a)(3), but have not been able to resolve all of their disputes. For example, Plaintiff is demanding the depositions of Google/YouTube witnesses who have no relevant knowledge regarding the parties' existing claims, and Plaintiff has failed to produce certain documents or fully answer interrogatories despite this Court's prior discovery Orders. Indeed, Plaintiff has failed to comply with some of the Court's prior

-1-

Orders altogether, warranting additional relief and appropriate sanctions. These and other discovery deficiencies are addressed further below.[1]

A.   <u>Protective Order for Defendants' Immaterial Employees</u>

Plaintiffs have sought to depose seven current Google or YouTube employees. Defendants have no objection to four of those deposition notices, and have worked with Plaintiff's counsel to schedule them. But the three other witnesses (David Rosenstein, Lucas Pollock, and Thierry Foucu) are a different matter: these witnesses have no percipient knowledge of Plaintiff or the facts underlying its infringement claims, and they are not witnesses that Defendants intend to call to testify in this case. Yet Plaintiff demands their depositions without even trying to explain why they seek to depose them or what potential relevance their deposition testimony might have to the case. Because Plaintiff refuses to withdraw the notices for these witnesses, Defendants now seek a protective order under Fed. R. Civ. P. 26(c), Local Rule 26.1(g)(3), and Discovery Procedures Order Section 4 precluding Plaintiff from deposing Mr. Rosenstein, Mr. Pollock, and Mr. Foucu.

Plaintiff's sole basis for noticing these depositions is that Messrs. Rosenstein, Pollock, and Foucu once appeared in the initial version of Defendants' Initial Disclosures. Those disclosures were based on an earlier iteration of this case—when Plaintiff was broadly asserting claims under the Sherman Act, Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and for "copyright management information" under Section 1202 of the Digital Millennium Copyright Act ("DMCA"). Those claims are no longer in the case. The Court dismissed Plaintiff's Sherman Act and FDUTPA

---

[1] Defendants' objections to the depositions of David Rosenstein, Lucas Pollock, and Thierry Foucu are submitted herewith as Composite Exhibit 1; Plaintiff's responses to Defendants' Interrogatories are submitted herewith as Composite Exhibit 2; Plaintiff's responses to Defendants' Requests for Production are submitted herewith as Composite Exhibit 3; Defendants' July 15 correspondence summarizing the results of the parties' meet-and-confer sessions is submitted herewith as Exhibit 4; and Defendants' July 11 email is submitted herewith as Exhibit 5.

claims on March 29, 2022. Dkt. No. 44. On June 8, 2022, Plaintiff informed Defendants that it was abandoning its DMCA claim and would be amending its Complaint to voluntarily dismiss that cause of action. These developments significantly narrowed the scope of this case. Accordingly, Defendants amended their Initial Disclosures and Witness List on June 29, 2022 to remove Messrs. Rosenstein, Pollock, and Foucu.

The amendment was for good cause—those individuals had no specific connection to Plaintiff's claims and had only been identified to address claims now dismissed or abandoned. For example, Mr. Foucu was designated solely as a witness who could speak to Defendants' technical processes in regard to the alleged removal of copyright management information. Because Plaintiff's DMCA claim is no longer part of this case, Mr. Foucu's testimony is now irrelevant. As for Mr. Pollock and Mr. Rosenstein, they work on YouTube's Content ID tool and were designated to address issues relating to the Sherman Act and FDUTPA claims. They had no dealings or communications with Plaintiff or Carlos Vasallo, did not work on anything having to do with the alleged infringement of Plaintiff's copyrights, and have no knowledge of Plaintiff or its copyrighted works. Insofar as the operation of Content ID is relevant to Plaintiff's remaining infringement claim, YouTube is already putting forward two witnesses (Kevin Zhu and Julian Bill) to testify about those issues. YouTube is also willing to seat a corporate designee in response to a proper 30(b)(6) notice. There simply is no need for deposition testimony from Mr. Pollock or Mr. Rosenstein in their individual capacities, which would constitute "a waste of effort and the resources of both the parties and the court." *See* Discovery Procedures Order § 1(c).

  B.  <u>Remaining Disputes Regarding Interrogatory Responses</u>

**Interrogatory Nos. 1-4**: These requests seek information related to the Works in Suit. On March 22, Plaintiff clarified that, upon production of documents related to these Interrogatories,

Plaintiff would amend its responses to comply with FRCP 33. On June 28, Plaintiff stated that the relevant document production was complete. But these responses have not been supplemented, as both promised and required by the Rules. Defendants again requested supplemental responses on July 15 & 19, but Plaintiff has not done so. Defendants thus seek an order requiring Plaintiff to provide, by a date certain, the supplemental responses it promised.

**Interrogatory No. 11**: This request sought information related to Plaintiff's corporate structure, including affiliated entities and shareholders, to which Plaintiff objected. On May 6, the Court overruled Plaintiff's objections and compelled Plaintiff's "full and complete" response to this Interrogatory by May 13. On May 13, Plaintiff identified various documents responsive to this request in lieu of a narrative answer, but never produced the corresponding documents. The parties subsequently met and conferred on this issue multiple times, including on June 28 and July 15 & 19. At that time, Plaintiff recognized it had neither provided a full and complete response nor produced the documents it identified as responsive. Nor has Plaintiff committed to producing the relevant documents by a date certain. Defendants thus ask the Court to enforce its prior Order and require complete document production and interrogatory responses within 7 days.

**Interrogatory No. 17**: This Interrogatory, which was at issue in the parties' most recent discovery hearing on June 23, requires Plaintiff to identify the factual support for its damage claims for the alleged infringement of its works on YouTube. At the June 23 hearing, as memorialized in the Court's June 30 discovery Order, the Court compelled Plaintiff to supplement its response to this Interrogatory to identify "all facts supporting its damages claims." Plaintiff's supplemental response (served on July 7) does not do that. Instead, it simply states that Athos has provided certain documents (which do not include any information about the value or financial performance of the Works in Suit, and on their face do not seem to be related to any claim of actual damages) to its

damages expert. Athos has not explained how those documents support its damages claims, nor has it confirmed that those documents are the complete set of documents or facts that Athos believes support its damages claims.

Further, the Court held that "[i]f Plaintiff elects to rely on documents for its supplemental response to Interrogatory No. 17, Plaintiff must identify the specific Bates and page numbers of those documents in its supplemental response." But Plaintiff has not done that either. While Plaintiff did provide some Bates ranges, those numbers were both (1) inaccurate, as the alleged document descriptions do not match the actual productions; and (2) non-compliant, as Plaintiff does not identify any damages-related documents with the Order's requisite specificity.

Defendants raised these issues with Plaintiff on July 11 and 19. During the parties' subsequent meet-and-confer, Plaintiff confirmed that it would not further supplement its deficient response to the Interrogatory. Defendants thus ask the Court to order Plaintiff to further supplement its response and/or to make clear that the documents that have been identified represent the complete set of facts in Plaintiff's possession, custody, or control that support its damages claims.

Moreover, Federal Rule 33(b)(5) requires Plaintiff to verify its responses without delay or unnecessary motions practice. Plaintiff did not verify its amended response to Defendants' Interrogatory No. 17. Defendants request this Court compel Plaintiff to provide verification to this request by a date certain.

     C.     <u>Remaining Disputes Regarding Particular RFP Responses</u>

**Request for Production No. 1**: This Request seeks documents that Plaintiff has relied upon when preparing its responses to Defendants' Interrogatories. Plaintiff agreed to provide responsive documents. On June 28 and July 19, however, Plaintiff acknowledged that it had not fully complied with this Request. For example, Plaintiff's responses to Defendants' Interrogatories rely upon

specific documents that have never been produced to Defendants. Despite Defendants' inquiries, Plaintiff has not clarified the status of those documents or articulated a basis for their continued withholding. Defendants seek an order requiring Plaintiff to produce, by a date certain, all documents responsive to this Request.

**Requests for Production Nos. 18, 20-23**: These Requests seek documents related to Plaintiff's corporate structure, corporate organization, and compliance with corporate formalities. These documents are particularly important for the deposition of Plaintiff, which is presently noticed for August 2022. Moreover, Plaintiff already agreed to produce documents responsive to most of these Requests. On May 6, the Court held in abeyance Defendants' motion to compel further responses to RFP Nos. 20, 22, & 23 on the basis that the parties would review Plaintiff's initial document production and determine whether the relevant documents were produced. But the documents have not been produced. On June 28 and July 19, Plaintiff acknowledged that it had not fully complied with these Requests, but has not committed to producing them by a date certain. Given the upcoming deposition, Defendants seek an order requiring Plaintiff to do so within 7 days of the upcoming hearing.

**Request for Production No. 24**: This Request seeks documents concerning the financial effect on Plaintiff caused by the alleged posting of the Works in Suit on YouTube or any other website. Plaintiff stated that it had "not conducted an analysis to determine an impact on the Works in Suit on the platforms." In its May 6 Order, the Court held in abeyance Defendants' motion to compel further responses to this Request on the basis that the parties would review Plaintiff's initial document production and determine whether the relevant documents were produced. But Plaintiff confirmed on June 28 (and again on July 19) that it had not produced any such documents.

Defendants thus renew their request that the Court require Plaintiff to provide its damage-related documents and do so by a date certain.

**Request for Production No. 26**: This Request seeks documents concerning Plaintiff's damages or harm, including lost viewership and lost license and sale revenue as related to the facts alleged in Plaintiff's Complaint. Plaintiff objected to the Request. In its May 6 Order, the Court overruled Plaintiff's objections, and compelled Plaintiff to produce all responsive documents by June 16, 2022. On June 28, Plaintiff stated that it was not sure whether such documents had been reviewed or produced by the deadline. On July 19, despite Defendants' repeated inquiries, Plaintiff provided no additional information on the status of this production. Defendants thus now seek an Order requiring production of documents responsive to this Request within 7 days (and any other appropriate sanctions for failing to comply with the May 6 Order).

**Request for Production No. 27**: This Request seeks documents concerning the financial performance of the Works in Suit, including profitability, marketing plans, advertising revenue, license revenue, DVD revenue, number of viewers, forecasts, and television and Internet broadcast revenue. Plaintiff objected to the Request. In its May 6 Order, the Court held in abeyance Defendants' motion to compel further responses to this Request on the basis that the parties would review Plaintiff's initial document production and determine whether the relevant documents were produced. But no documents relevant to this Request have been produced to date. Defendants thus renew their request that the Court order Plaintiff to produce all documents responsive to this Request, and to do so by a date certain.

**Request for Production No. 37**: This Request seeks documents Plaintiff intends to rely on in this case and/or that serve as the basis for any allegation in the Complaint. Plaintiff agreed to produce responsive documents. On June 28, Plaintiff indicated that such documents were

forthcoming, including unproduced communications with witnesses in this lawsuit. On July 19, however, Plaintiff clarified that no documents relevant to this Request had been prepared for production. Defendants thus seek an order requiring Plaintiff to produce all documents responsive to this Request by a date certain.

**Request for Production No. 38**: This Request seeks documents Plaintiff identified in its initial disclosures pursuant to FRCP 26(a). Plaintiff agreed to produce responsive documents. On June 28 and July 19, Plaintiff clarified that such documents were forthcoming, or had already been produced but not identified. Neither response complies with Plaintiff's promise or obligation to provide responsive documents. Defendants thus seek an order requiring Plaintiff to produce all documents responsive to this Request by a date certain.

## <u>CERTIFICATE OF CONFERRAL</u>

Pursuant to Section 3(c) of this Court's Discovery Procedures Order and Local Rule 7.1(a)(3), undersigned counsel has conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised herein and has been unable to do so, as detailed above.

Dated: July 22, 2022

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile:  (305) 789-2664

By:     */s/ Jay B. Shapiro*
       Jay B. Shapiro, Esq.
       Florida Bar No. 776361
       jshapiro@stearnsweaver.com
       David T. Coulter, Esq.
       Florida Bar No. 119874
       dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801

       Brian M. Willen, Esq.
       (*Pro Hac Vice*)
       bwillen@wsgr.com
       Lucy Yen, Esq.
       (*Pro Hac Vice*)
       lyen@wsgr.com
       Dylan Byrd, Esq.
       (*Pro Hac Vice*)
       dbyrd@wsgr.com

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Jay B. Shapiro*
JAY B. SHAPIRO, ESQ.

## <u>SERVICE LIST</u>

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Yvette C. Buergo, Esq.
Florida Bar No. 1003212
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
ybuergo@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*