UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:21-cv-21698- DPG

ATHOS OVERSEAS, LTD.

              Plaintiff,

vs.

YOUTUBE, INC., YOUTUBE, LLC,
and GOOGLE, LLC,

              Defendants.

_____/

**DEFENDANTS YOUTUBE, LLC, AND GOOGLE LLC's MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................................ 3

III.   PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED...................................... 9

     A.    Rule 16's Demanding Standard For Amendment Applies Here, and
           Plaintiff Cannot Meet It ...................................................................... 9

     B.    Even If Rule 15 Applied, Amendment Is Not Allowed Where The Moving
           Party Unduly Delays Seeking Amendment Or If The Amendment Would
           Cause Undue Prejudice To Defendants .............................................. 11

           1.    Plaintiff Inexcusably Delayed Seeking Amendment, Prejudicing
                 Defendants .............................................................................. 12

           2.    Defendants Would Be Prejudiced By Plaintiff's Proposed
                 Amendment .............................................................................. 13

CONCLUSION.................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Cases

*Badia Spices, Inc. v. Gel Spice Co., Inc.*,
   U.S. Dist. LEXIS 194234 (S.D. Fla. Aug. 10, 2016)................................................10

*Beyel Bros. v. EMH, Inc.*,
   2020 U.S. Dist. LEXIS 193956 (S.D. Fla. Oct. 20, 2020)........................................9

*ConSeal Int'l Inc. v. Neogen Corp.*,
   U.S. Dist. LEXIS 85520 (S.D. Fla. May 14, 2020) ..........................................10, 11

*De Varona v. Discount Auto Parts, LLC*,
   285 F.R.D. 671 (S.D. Fla. 2012)..............................................................................10

*Dixon v. Blanc*,
   796 F. App'x 684 (11th Cir. 2020) ...........................................................................13

*Garcia v. Sun West Mortg. Co.*,
   U.S. Dist. LEXIS 241905 (S.D. Fla. Jan. 17, 2019) .................................................10

*Li v. Walsh*,
   U.S. Dist. LEXIS 259021 (S.D. Fla. Aug. 18, 2020)................................................10

*Maynard v. Bd. of Regents*,
   342 F.3d 1281 (11th Cir. 2003) ....................................................................11, 12, 15

*MidAmerica C2L Inc. v. Siemens Energy Inc.*,
   25 F.4th 1312 (11th Cir. 2022) ............................................................................9, 10

*Norris v. Hicks*,
   855 F. App'x 515 (11th Cir. 2021) ...........................................................................13

*Oravec v. Sunny Isles Luxury Ventures L.C.*,
   469 F. Supp. 2d 1148 (S.D. Fla. 2006) .....................................................................14

*Pilkington v. United Airlines, Inc.*,
   158 F.R.D. 508 (M.D. Fla. 1994)..............................................................................15

*Regions Bank, v. Commonwealth Land Title Ins. Co.*,
   2012 U.S. Dist. LEXIS 158982 (S.D. Fla. Nov. 6, 2012)...........................9, 10, 12

*Smith v. School Bd. of Orange Cnty.*,
   487 F.3d 1361 (11th Cir. 2007) ..................................................................................9

*Sosa v. Airprint Sys., Inc.*,
   133 F.3d 1417 (11th Cir. 1998) ..................................................................................9, 13

*TIC Park Center 9, LLC v. Cabot*,
   U.S. Dist LEXIS 221005 (S.D. Fla. Aug. 28, 2018)..................................................10

*Unisource Discovery, Inc. v. Unisource Discovery, LLC*,
   2021 U.S. Dist. LEXIS 209631 (S.D. Fla. Aug. 23, 2021)...............................11, 13

## Rules

Fed. R. Civ. P. 15 ............................................................................................... *passim*

Fed. R. Civ. P. 16 ............................................................................................... *passim*

Fed. R. Civ. P. 30(b)(6)..........................................................................................7

Defendants YouTube, LLC and Google LLC ("Defendants") oppose Plaintiff Athos Overseas, Ltd. ("Plaintiff")'s Motion To Amend Complaint To Correct Misnomer In Plaintiff's Name (Dkt. No. 90, "Mot.").

## I.   INTRODUCTION

Plaintiff's motion presents itself as a simple motion to amend, ostensibly designed to correct an innocent "misnomer in Plaintiff's name." Mot. at 1. In reality, however, it is a subterfuge—an effort, at the very close of fact discovery, to smuggle in a new and distinct corporate plaintiff: a Panamanian entity called Athos Overseas Limited ***Corp.*** ("Athos Panama"). This last-minute move was necessitated by the fact—concealed by Plaintiff until very recently— that the corporate plaintiff in whose name this suit was filed and prosecuted for the last year ***ceased to exist,*** either before or shortly after this action was filed well over a year ago.

While Plaintiff tries to seek refuge in Rule 15's liberal standard for amendments, it ignores this Court's scheduling order establishing a hard deadline of September 30, 2021 for the "[j]oinder of any additional parties and filing of motions to amend the complaint." Dkt No. 30 ("Scheduling Order"). Plaintiff could have filed this motion well in advance of that deadline—but it stayed silent. Given that choice, Eleventh Circuit precedent establishes that Rule 15's standards do not apply here, unless Plaintiff can first satisfy the more demanding "good cause" requirements of Fed. R. Civ. P. 16(b)—which impose an affirmative burden on Plaintiff to demonstrate that it acted diligently in seeking the amendment.

Plaintiff's motion does not even try to make that showing. Nor could it: as Plaintiff admits, the Panamanian entity it now seeks to swap in was created on February 18, 2021—***nearly 3 months before this action was even filed***. Plaintiff obviously knew about this corporate change when it happened.

Worse, while prosecuting this action for over a year on behalf of a non-existent entity, Plaintiff concealed these facts and affirmatively obstructed Defendants' efforts to obtain discovery that would have revealed them. It was only after multiple orders from Chief Magistrate Judge Torres compelling Plaintiff to respond to Defendants' targeted discovery requests that, on the eve of the close of discovery, documents came to light indicating that the named Plaintiff no longer existed and had apparently been replaced by a different Panamanian entity—an entity populated with completely different officers and directors whose identities should have been, but never were, revealed to Defendants many months ago in discovery. And when asked about these newly-revealed officers and directors, Plaintiff's principal, Carlos Vasallo, testified he has never even heard of them—raising its own set of questions. And yet, even then, Plaintiff waited until the very last day of fact discovery to even seek to amend to add this replacement entity as the Plaintiff. That is anything but the diligence required by Rule 16, and it alone would justify denial of Plaintiff's motion.

But Plaintiff cannot satisfy even Rule 15's more liberal standard, which requires the Court to take into account delay and prejudice. Apart from the obvious undue delay, the prejudice to Defendants here is substantial. Plaintiff asks Defendants to take it on trust that the replacement Panamanian entity owns the relevant copyrights—even though there is no actual evidence of that, and Plaintiff's concealment deprived Defendants of any meaningful opportunity to test that claim. At a minimum, granting Plaintiff's motion would require the reopening of discovery and necessitate the depositions of numerous additional foreign witnesses—including the newly-revealed officers of Athos Panama. It would also require a substantial extension and reworking of all of the Court's existing pre-trial deadlines, including the trial date.

Of course, all of this could have been avoided if Plaintiff had timely apprised Defendants and the Court of the relevant facts, which were in Plaintiff's exclusive possession from the very outset of this case. Plaintiff's motion to amend should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was filed on May 3, 2021, in the name of Athos Overseas, Ltd., an entity organized under the law of the British Virgin Islands ("Plaintiff" or "Athos BV"). *See* Dkt. No. 1 ("Compl.") ¶ 1; Mot. ¶¶ 1-2;  Dkt. No. 90-1 ("Mot. Ex. A") at 1. Athos BV is allegedly owned by Carlos Vasallo, who claims to own other related entities, which have at times claimed ownership of various motion picture titles. *Id.* ¶¶ 1-3; Plaintiff's Amended Responses To Defendants' First Set Of Interrogatories To Plaintiff Athos Overseas, Ltd. ("Ex. 1")[1] at 6-7. No other entities or individuals were named as plaintiffs, nor identified as having any relevance to this action.

As recently as May 2022, Plaintiff Athos BV claimed to be a going concern that owned the copyrights in hundreds of motion pictures that had allegedly been infringed by third parties on YouTube. Compl. ¶¶ 7-8; Plaintiff's Third Amended Responses To Defendants' First Set Of Interrogatories To Plaintiff Athos Overseas, Ltd. ("Ex. 2") at 6-7. The complaint makes no reference to any Panamanian entity, and did not in any way suggest that Athos BV was anything other than an active viable legal entity.

On June 30, 2021, Plaintiff filed its Certificate Of Interested Parties And Corporate Disclosure Statement. Dkt. No. 18 ("Certificate"). In that Certificate, which required Plaintiff to identify [t]he name of ***every … corporation that has or may have an interest in a party to this action or in the outcome of this action***, including subsidiaries, conglomerates, affiliates [and]

---

[1] Reference to "Ex. _" are to the exhibits attached to the Declaration of Dylan Byrd in support of this opposition ("Byrd Decl.").

parent corporations" (emphasis added), Plaintiff identified only Athos BV (*id.* ¶ 1, identifying "Athos Overseas, Ltd."). The Certificate made no reference whatsoever to Athos Panama.

Given the Complaint's allegations that "Plaintiff is a wholly-owned company of Carlos Vasallo … who, ***through several holding companies***, owns the world's largest collection of Mexican and Latin American movies" (Compl. ¶ 1), Defendants naturally sought discovery into Plaintiff's corporate structure, its compliance with corporate formalities, its legal status, its actual ownership of the asserted copyrights, and its relationship to other Athos entities. Particularly relevant here are Interrogatories 11 and 14 of Defendants' First Set Of Interrogatories To Plaintiff Athos Overseas, Ltd. Those interrogatories, served on Plaintiff over nine months ago on December 21, 2021, sought the following information:

> **<u>INTERROGATORY NO. 11</u>**
> Describe Your corporate structure, including but not limited to all affiliated entities and shareholders and the relationships between each and every affiliated entity and shareholder, and identify documents evidencing such structure and relationships.
>
> **<u>INTERROGATORY 14</u>**
> Identify all companies owned by Carlos Vasallo, describe in detail their relationship to Athos and their relationships to each other, and identify documents on which You intend to rely in support of Your assertions regarding the existence of any companies owned by Carlos Vasallo and their relationships to Athos and each other.

Ex. 1 at 6-7.

Plaintiff obstructed these legitimate discovery efforts, refusing to answer those interrogatories or provide any of the requested documents. Instead Plaintiff responded with blanket objections such as "the interrogatory is irrelevant to any claim or defense at issue in this case," and further affirmatively averring that "[w]ithout waiving the objection, Carlos Vasallo is the sole owner and is solely responsible for the operations of Athos Overseas Ltd." Ex. 1 at 6-7. Those responses were served on March 21, 2022, *i.e.*, over a year after the formation of Athos Panama and the dissolution of Athos BV. *Id.*

On May 6, 2022, Chief Magistrate Judge Torres entered his first order compelling Plaintiff to respond to Defendants' Interrogatory 11 concerning Plaintiff's corporate structure, its affiliated entities, and Athos' and its affiliates' relationship to other entities. *See* Dkt. No. 57 ("Discovery Order") at 3 ("Plaintiff's objections to Defendants' Interrogatory No. 11 are OVERRULED, and Plaintiff shall provide a full and complete response to the Interrogatory.").[2] In response to that order, on May 13, 2022, Plaintiff served its Third Amended Responses To Defendants' First Set Of Interrogatories To Plaintiff Athos Overseas, Ltd. Significantly, and despite Magistrate Judge Torres' order compelling full responses to that interrogatory, Plaintiff identified some, but failed to produce any, of the documents required by that interrogatory.

Had Plaintiff complied with Magistrate Judge Torres' order and produced the documents evidencing the dissolution of the named Plaintiff and the creation of the new Panamanian entity, we might have appreciated the misleading nature of the amended written responses at the time. In reviewing them in light of Plaintiff's later revelations and the instant motion, it is now apparent that, as of that date, Plaintiff's counsel was fully aware that Athos BV no longer existed and had been replaced by the new Panamanian entity. Plaintiff's third amended response to Interrogatory 11 stated:

> Pursuant to Magistrate Torres' ruling on Tuesday, April 26 2022, overruling Plaintiff's objections, Plaintiff responds as follows. ***Athos Overseas Limited is a Panamanian entity.***

Ex. 2 at 6 (emphasis added). Significantly, that response went on to assert:

> ***Carlos Vasallo is the only owner and member of Athos Overseas Limited.*** Athos Overseas Limited is a holding company which owns the Works in Suit. Carlos Vasallo is solely responsible for the operations of Athos Overseas Limited. ***Athos Overseas Limited has no employees.***

---

[2] In the meet-and-confers and hearings on Defendants' discovery requests, Plaintiff never mentioned that Athos BV had ceased to exist or that a new entity had supposedly taken its place.

*Id.* (emphasis added).[3]

Reviewing these responses now, in light of Plaintiff's current motion, they are at the same time both misleading and illuminating. On the misleading side, the responses—served by and in the name of "Athos Overseas, Ltd." and which identify in the response only Athos Overseas, Ltd.—not Athos Overseas Limited ***Corp***.—in no way reveal that the named Plaintiff in this action had ceased to exist as a corporate entity many months earlier.

The responses also affirmatively aver that "Carlos Vasallo is the sole owner and is solely responsible for the operations of" the "Panamanian entity," and that such entity "has no employees." Ex. 2 at 6. We are at a loss as to how that sworn answer can be reconciled with Exhibit A to Plaintiff's Motion To Amend, which identifies Querube Fautina Castillo De Nunez as Athos Panama's President, Lilah Annabelle Aoun Arosemena as Athos Panama's Treasurer, and Lineth Del Carmen Ponce Vergara as Athos Panama's Secretary. The document also identifies De Nunez, Arosemena, and Vergara as the directors of Athos Panama. *See* Mot. Ex. A at 5-6.

Moreover, these newly-revealed officers and directors of the Panamanian entity were ***never*** identified in any of Athos' disclosures or written discovery responses, many of which specifically asked for that information. Exs. 1-2. To the contrary, as discussed, Plaintiff swore under oath that Mr. Vasallo was "solely responsible for the operations" of the relevant Athos entity and that it had "no employees." Because the identities of these executives of the Panamanian entity had not been

---

[3] Plaintiff was not as forthcoming in its supplemental response to Interrogatory 14, which continued to assert blanket objections such as:

> … Plaintiff objects to this request on the grounds that it seeks sensitive business materials that are not related to the issues in this case. Additionally, the interrogatory is irrelevant to any claim or defense at issue in this case. Without waiving the objection, Carlos Vasallo is the sole owner and is solely responsible for the operations of Athos Overseas Ltd.

*Id.* at 7.

disclosed by Plaintiff, Defendants were unable to take their depositions on critical issues in this case, including ownership of the copyrights at issue and whether appropriate formalities were observed in the creation of the new Athos Panama to replace the BV entity that brought and has prosecuted this lawsuit.

On the illuminating side, the amended response to Interrogatory 11 establishes that, notwithstanding the surreptitious way it was disclosed in the response, Plaintiff's counsel was aware of the creation of the Panamanian entity, and the concurrent dissolution of the named Plaintiff BV entity, at least as of the date of those amended responses. Yet they did not move to amend the Complaint until *4 months later*, on the day that fact discovery closed in this action.

Indeed, it was not until August 22, 2022—over three months after being ordered *again* to supplement its deficient discovery responses (and less than a month before the close of fact discovery)—that Plaintiff produced any documents at all related to its corporate structure, affiliates, and related companies. These documents were produced as a result of a *second* order from Chief Magistrate Judge Torres again compelling Plaintiff to produce the documents sought by Interrogatory 11 relating to those topics. *See* Tr. of Discovery Hearing Before The Honorable Edwin G. Torres (August 4, 2022), at 41:6-8, 42:19-20. To Defendants' surprise, one of those documents indicated that, as of February 18, 2021, *three (3) months prior to the filing of the Complaint*, a new entity, incorporated under the laws of Panama and with the name "Athos Overseas Limited Corp." had apparently replaced Athos Overseas, Ltd. Mot. Ex. A.

In early September 2022, Mr. Vasallo testified in a Rule 30(b)(6) deposition as Plaintiff's corporate representative. While his testimony was purportedly on behalf of the named Plaintiff (Athos BV), he confirmed that the BV entity which had been ostensibly prosecuting this action for over a year ceased to exist before, or at the same time, the Panamanian entity was created—*i.e.*,

before this action was even filed in 2021. Byrd Decl. ¶¶ 5-6. Mr. Vasallo claimed he was unsure what happened to the entity, but understood that it became a Panamanian corporate entity. Even more confusingly, Mr. Vasallo further testified that he had never heard of and did not know the officers or directors of the Panamanian Athos entity whose names appeared on the document that had been first disclosed one week prior. *Id.* ¶ 7. It was only after Defendants elicited this testimony admitting that the named Plaintiff had ceased to exist as an entity, that Plaintiff first expressed an interest in amending its Complaint. Under the circumstances, Defendants unsurprisingly declined to consent to that request on September 6, 2022.

Plaintiff then waited until September 16—the last day of the fact discovery—to actually file its motion. Attached to Plaintiff's motion as Exhibit B is a new document—one never produced in discovery or otherwise previously disclosed to Defendants—that seems to indicate that the Athos BV entity that brought this suit had been formally dissolved on July 12, 2021. Dkt. No. 90-2 ("Mot. Ex. B").[4] Either way—whether Athos BV was dissolved on July 12, 2021 or concurrently with the formation of Athos Panama on February 18, 2021[5]—it is now clear that the named Plaintiff did not exist during most if not all of the pendency of this action and that another entity had been formed to take over its business months before the Complaint was ever filed. To this day,

---

[4] Confusing matters further, the U.S. Federal Communications Commission released a public filing on September 1, 2022 involving Plaintiff, which revealed that there is in fact a third Athos entity, Athos Overseas, *Inc.*, that allegedly does business in BVI to this day. Ex. 3.

[5] Plaintiff has still failed to produce the initial dissolution papers that it filed with the British Virgin Islands' Registrar of Corporations, which would reveal the exact date which Plaintiff sought to dissolve Athos BV, and we have not been able to obtain those documents directly from the BVI Corporate Registrar. Although the Certificate of Discontinuance attached to Plaintiff's Motion as Exhibit B indicates that the BVI Corporate Registrar did not formally dissolve Athos BV until July 12, 2021, Mr. Vasallo testified that it was his understanding that Athos BV was required to be dissolved either immediately before or simultaneously with the corporate formation of Athos Panama (Byrd Decl. ¶ 6), which occurred on February 18, 2021. *See* Mot. Ex. A.

Plaintiff has not filed a corrected Corporate Disclosure Statement identifying the existence of Athos Panama. Against this backdrop, Defendants oppose Plaintiff's motion.

## III.   PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED

### A.   Rule 16's Demanding Standard For Amendment Applies Here, and Plaintiff Cannot Meet It

When, as here, a party seeks leave to amend its complaint after the expiration of a court-ordered deadline for amendments (which in this case was nearly a full year ago, on September 30, 2021, *see* Scheduling Order), the moving party cannot simply invoke the liberal amendment standard set forth in Rule 15(a). Instead, Plaintiff must first satisfy the more stringent "good cause" standard set forth in Rule 16(b). *See MidAmerica C2L Inc. v. Siemens Energy Inc.*, 25 F.4th 1312, 1335 (11th Cir. 2022); *accord Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) ("[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend should be granted."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").[6]

The Eleventh Circuit has also, along with numerous courts in this District, "recognized that Rule 16's good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." *MidAmerica*, 25 F.4th at 1335 (quoting *Sosa*, 133 F.3d at 1418); *see also Regions Bank, v. Commonwealth Land Title Ins.*

---

[6] *See also*, *e.g.*, *Beyel Bros. v. EMH, Inc.*, 2020 U.S. Dist. LEXIS 193956, at *6-7 (S.D. Fla. Oct. 20, 2020) ("Where, as here, a motion to amend is not filed until after the deadline set forth in the scheduling order, the party must demonstrate good cause under Rule 16(b)(4) before the Court will consider whether the amendment is proper under Rule 15(a)." (citation omitted)).

*Co.*, 2012 U.S. Dist. LEXIS 158982, at *4 (S.D. Fla. Nov. 6, 2012) (same). In short: "If a party was not diligent, ***the good cause inquiry should end***." *MidAmerica*, 25 F.4th at 1335 (emphasis added; citations omitted); *accord Regions Bank,* 2012 U.S. Dist. LEXIS 158982, at *4-5 ("If the court finds that the party lacked due diligence, then the inquiry into good cause is ended.") (citation omitted); *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) ("diligence is the key to satisfying the good cause requirement" of Rule 16). The "burden of establishing good cause and diligence rests squarely on the party seeking relief from the scheduling order." *ConSeal Int'l Inc. v. Neogen Corp.*, U.S. Dist. LEXIS 85520, at *16-17 (S.D. Fla. May 14, 2020) (citation omitted).

Moreover, while (as discussed below) Defendants certainly were prejudiced, it is well established that "even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Regions Bank*, 2012 U.S. Dist. LEXIS 158982, at *13 (citation omitted); *accord Li v. Walsh*, U.S. Dist. LEXIS 259021, at *17-18 (S.D. Fla. Aug. 18, 2020) ("Lack of prejudice to Defendants, however, is not the test. The Court is only required to address the issue of prejudice had Plaintiffs met the 'good cause' requirements of Rule 16(b), which Plaintiffs have not done."); *Garcia v. Sun West Mortg. Co.*, U.S. Dist. LEXIS 241905, at *6 (S.D. Fla. Jan. 17, 2019) ("A lack of diligence in pursuing a claim is sufficient to show a lack of good cause … as diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)); *TIC Park Center 9, LLC v. Cabot*, U.S. Dist LEXIS 221005, at *11 (S.D. Fla. Aug. 28, 2018) ("The good cause standard under Rule 16(b) hinges on the diligence of the movant, and not prejudice to the non-moving party." (citation omitted)); *Badia Spices, Inc. v. Gel Spice Co., Inc.*, U.S. Dist. LEXIS 194234, at *5 (S.D. Fla. Aug. 10, 2016) ("[E]ven if a party's untimely amendment would not prejudice the opposing

party, good cause is not shown if the amendment could have been timely made." (citation omitted)).

Here, Plaintiff's motion does not even try to meet the Rule 16 standard, and for obvious reasons. Plaintiff clearly did not exercise any diligence in seeking to amend. It has known since the beginning of this case of the new Panamanian entity as its supposed successor and, certainly no later than July 2021, that Athos BV no longer existed. Yet Plaintiff withheld these facts, obstructed discovery that would have revealed them, and never so much as hinted that it wished to amend the complaint to substitute in a new entity as the named Plaintiff. That is the opposite of the diligence required by Rule 16, and that alone warrants denying Plaintiff's motion. *See, e.g., ConSeal Int'l.*, U.S. Dist. LEXIS 85520, at *17 (denying motion for leave to amend out of time to add a new party where the "information that Plaintiff relies on in support of its request to amend … was available to Plaintiff at the time it filed the original Complaint in this case"); *Unisource Discovery, Inc. v. Unisource Discovery, LLC*, 2021 U.S. Dist. LEXIS 209631, at *4-5 (S.D. Fla. Aug. 23, 2021) (denying motion to amend to add new party where facts relating to corporate ownership and relevance of proposed new party "were known to Plaintiff nearly six months before the Court's January 15, 2021 deadline for the joinder of additional parties and the filing of motions to amend the complaint").

> **B.** **Even If Rule 15 Applied, Amendment Is Not Allowed Where The Moving Party Unduly Delays Seeking Amendment Or If The Amendment Would Cause Undue Prejudice To Defendants**

While the Court need go no further, even if the Rule 15 standard somehow applied, Plaintiff could not meet it. A party seeking to amend under Rule 15 must show: (1) it acted diligently in seeking amendment once the facts underlying the amendment became known to it; and (2) that the amendment would not prejudice the non-movant. *Maynard v. Bd. of Regents,* 342 F.3d 1281, 1287 (11th Cir. 2003) ("[A] motion to amend may be denied on numerous grounds such as undue delay

[or] undue prejudice to the defendants." (cleaned up, citations omitted)); *Regions Bank,* 2012 U.S. Dist. LEXIS 158982, at *5 (same). Particularly apropos here is the Eleventh Circuit's recognition that prejudice sufficient to deny amendment under Rule 15 can be presumed where "[a]mending [a] complaint on the last day of the[] discovery period would have produced more attempts at discovery, delayed disposition of the case, and likely prejudiced [the non-moving party]." *Maynard,* 342 F.3d at 1287.

## 1. Plaintiff Inexcusably Delayed Seeking Amendment, Prejudicing Defendants

Under any standard, Plaintiff's motion should be denied. Plaintiff unreasonably delayed in identifying the Panamanian entity that it now wants to swap in as the plaintiff, and that delay was prejudicial to Defendants.

To begin, it is beyond argument that Plaintiff delayed bringing this issue to the Court's (and Defendants') attention for well over a year. Indeed, this issue could have been resolved at the time the Complaint was originally filed. At that time, Athos Panama had already come into existence and was purportedly operating as the successor to Athos BVI. Mot. Ex. A at 2. It should be self-evident that the named Plaintiff itself knew or should have known that it had been dissolved and replaced with a successor entity at the time the Complaint was filed. And certainly any reasonable pre-filing investigation by Plaintiff's counsel would have revealed as much. Yet the Complaint inexplicably still named the Athos BVI entity as the only named Plaintiff, giving no hint as to the existence of any Panamanian successor.

Having commenced the case on behalf of Athos BVI, Plaintiff then further delayed in seeking to raise this issue. Plaintiff stayed silent for over a year, and did not bring the fact of Athos Panama's creation and Athos BV's dissolution to Defendants' attention until mere weeks before the close of discovery—and only after two orders compelling it to provide discovery that it never

should have obstructed. Even then, it did not file its motion to amend until the very day of the discovery cut-off. In short, Plaintiff inexplicably and inexcusably delayed raising these issues for over a year. Plaintiff's motion does not even attempt to explain its delay, much less defend it.

Under these circumstances—and indeed in cases with far less egregious facts—the Eleventh Circuit and this Court have made it clear that denial of a motion to amend is proper. *See Norris v. Hicks*, 855 F. App'x 515, 525 (11th Cir. 2021) (affirming denial of plaintiff's motion to amend to add new party "over seven months after the pleading amendments deadline had passed and almost a year after the case was filed" where plaintiff knew of the potential new party's role during the course of discovery, but "still waited months to seek the amendment"); *Dixon v. Blanc*, 796 F. App'x 684, 689 (11th Cir. 2020) (affirming denial of a motion to amend to add new party after court-ordered deadline for amendments where proposed amendment related to circumstances existing "several months before [the plaintiff] initiated this lawsuit," but "offered no reason why he was unable to comply with the court's deadline and raise these allegations at an earlier time"); *Sosa*, 133 F.3d at 1418-19 (affirming denial of the motion and dismissal of the suit for lack of good cause supporting the amendment since "the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit"); *accord Unisource Discovery*, 2021 U.S. Dist. LEXIS 209631, at *4-5.

### 2.  Defendants Would Be Prejudiced By Plaintiff's Proposed Amendment

While Plaintiff's unreasonable delay alone warrants denial of its motion, Plaintiff's eleventh-hour effort to swap in a new corporate entity—after the close of fact discovery—would inflict significant prejudice on Defendants. Indeed, far from being a ministerial change, it would effectively throw this case off the rails.

Plaintiff's sole remaining claims in this case are for copyright infringement. To establish a prima facie case of copyright infringement, Plaintiff must prove, among other things, that it "owns

a valid copyright." *Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1160 (S.D. Fla. 2006), *aff'd*, 527 F.3d 1218 (11th Cir. 2008). Plaintiff's ownership of the motion pictures at issue is thus a foundational issue in the case. Yet, because Plaintiff failed to identify the Panamanian entity in a timely manner and seek to amend its Complaint accordingly, the ownership-related discovery that Defendants conducted was necessarily directed to, and answered by, the current Plaintiff, Athos BV. But that entity doesn't exist, and has not existed for over a year. Every document concerning copyright ownership produced by Plaintiff in this litigation identifies only Athos BV, the former entity—with no reference whatsoever to ownership by the new Panamanian entity. Byrd Decl. ¶ 8.

Consequently, Plaintiff's delay has deprived Defendants of the ability to take discovery into the basic question of whether the entity that Plaintiff now seeks to substitute in as a Plaintiff actually owns the copyrights at issue. Instead, Plaintiff's counsel has simply asserted that all the assets, including the copyrights, owned by Athos Overseas, Ltd. now simply belong to the Panamanian entity. *Id.* ¶ 9. But Defendants have been given no opportunity to test the veracity of that statement in discovery. Nor have Defendants been able to conduct appropriate discovery into the circumstances of, and bases for, the purported corporate transfer, to determine whether the proper formalities were observed under the laws of the relevant jurisdictions. And these are just a few of the critical questions that Defendants could have investigated during discovery had Plaintiff been timely or forthcoming regarding its corporate status and its relationships to other entities that may have an interest in this case.

Without this information, Defendants have been deprived of the ability to fully assess the legal significance of the fact that the corporate entity that has claimed to own the copyrights and

to be the lone plaintiff in this action ceased to exist—and indeed may not have been a legally viable entity even at the time the case was originally filed.

Instead, Plaintiff's motion simply asks the Court and Defendants to take counsel's word that there is nothing to see here, and that everything that was held by Athos BV was seamlessly carried over to Athos Panama. But by virtue of Plaintiff's delay and related obstruction, Defendants have not been able to test at all those unsupported assurances through the discovery process. And given the serious discrepancies between Plaintiff's sworn interrogatory answers that "Carlos Vasallo is the only owner and member of" Athos Panama and that such entity purportedly "has no employees"—when compared to Athos Panama's corporate formation documents listing multiple officers and directors that have never been disclosed by Plaintiff in this action—we are sure the Court can understand our reluctance to be so trusting.

Put simply, this is not how civil litigation is supposed to work. Defendants were entitled to timely notice of the dissolution and replacement of the legal entity that was prosecuting this case, as well as the identities of the various officers and directors of that entity that we asked for but were not provided in discovery, in order and to be able to fully investigate the core factual and legal issues—including most importantly copyright ownership—that may have accompanied that change. Plaintiff's failure to give such notice is prejudicial. *See, e.g.*, *Maynard*, 342 F.3d at 1287 (finding prejudice sufficient to affirm denial of motion to amend where amendment would have, among other things, raised additional factual questions after close of discovery); *Pilkington v. United Airlines, Inc.*, 158 F.R.D. 508, 510 (M.D. Fla. 1994) (denying motion to amend under liberal Rule 15 standard where plaintiff withheld information about proposed new plaintiffs and the discovery cutoff was approaching).

Indeed, if Plaintiff's motion were to be granted, it would wreak havoc on the Court's scheduling order. Fact discovery would need to be re-opened, as additional documents would need to be sought and produced. After those documents were produced and analyzed, previously taken depositions would also need to be re-opened, and new depositions (particularly of Athos Panama's previously undisclosed officers and directors) would need to be taken. Additionally, Defendants' expert report, which is premised on the factual record developed during discovery prior to its close, might also need to be amended, and the deadlines for expert depositions and dispositive motions extended. All of that would also necessitate a substantial: (1) extension of the current trial date; and (2) unwarranted increase in the expenses incurred by Defendants in the defense of this action. And all because Plaintiff inexplicably failed to disclose that it ceased to exist over a year ago, despite its indisputable knowledge of that fact and nine-month old discovery requests that, if truthfully responded to instead of obstructed, would have revealed that fact long ago.

## **CONCLUSION**

Plaintiff waited for over a year in bringing this obviously significant issue to anyone's attention, all the while blocking discovery that would have shed light on its actual corporate status, and pretending that it was still a going concern. Now, right as discovery has closed, Plaintiff seeks to swap in as the named plaintiff a newly disclosed entity that had never been subjected to discovery, all based on dubious assurances that this is all just ministerial. This gambit raises far more questions than it answers, and this Court should not allow it. Plaintiff's motion should be denied.

Respectfully submitted,

Dated: September 27, 2022

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile: (305) 789-2664

By: */s/ Jay B. Shapiro*
   Jay B. Shapiro, Esq.
   Florida Bar No. 776361
   jshapiro@stearnsweaver.com
   David T. Coulter, Esq.
   Florida Bar No. 119874
   dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
   Brian M. Willen, Esq. (*pro hac vice*)
   bwillen@wsgr.com
   Lucy Yen, Esq. (*pro hac vice*)
   lyen@wsgr.com
   Dylan Byrd, Esq. (*pro hac vice*)
   dbyrd@wsgr.com

***Counsel for Defendants***

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on September 27, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Jay B. Shapiro*_____
JAY B. SHAPIRO, ESQ.

<u>**SERVICE LIST**</u>

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Yvette C. Buergo, Esq.
Florida Bar No. 1003212
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
ybuergo@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*