UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21698-GAYLES/TORRES

**ATHOS OVERSEAS LIMITED CORP.**,

    Plaintiff,

v.

**YOUTUBE, INC., YOUTUBE, LLC, and GOOGLE, LLC**,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Jury Demand or, Alternatively, Motion for Jury Trial (the "Motion") [ECF No. 103]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted.

## BACKGROUND

On May 3, 2021, Plaintiff Athos Overseas Limited Corp. initiated this action. [ECF No. 1]. In its initial Complaint, Plaintiff did not demand a jury trial. *Id.* On May 4, 2021, Plaintiff filed its civil cover sheet to accompany the initial Complaint, checking "Yes" in the box entitled "JURY DEMAND[.]" [ECF No. 5]. On April 12, 2022, Defendants filed their Answer and Affirmative Defenses (the "Answer"), which did not include a demand for a jury trial. [ECF No. 47]. On October 17, 2022, with leave of the Court, Plaintiff filed an Amended Complaint, [ECF No. 100], solely to correct a misnomer in its name, *see* [ECF No. 90].[1] Like the original Complaint, the Amended Complaint did not demand a jury trial. [ECF No. 100]. Thereafter, on October 19, 2022,

---

[1] Plaintiff initially filed the action as Athos Overseas, Ltd. [ECF No. 1]. Because Plaintiff's name was changed to Athos Overseas Limited Corp., the Court granted it leave to amend its complaint to correct this misnomer. [ECF No. 98].

Plaintiff filed the instant Motion demanding a jury trial pursuant to Federal Rule of Civil Procedure 38 or, alternatively, moving for a jury trial pursuant to Federal Rule of Civil Procedure 39(b).

## DISCUSSION

Federal Rule of Civil Procedure 38 states that "a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served[.]" Fed. R. Civ. P. 38(b)(1). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Plaintiff concedes that its initial Complaint did not include a demand for a jury trial. [ECF No. 103 at 4]. Although Plaintiff's civil cover sheet indicated that a jury trial was demanded, this does not constitute a proper demand for a jury trial.[2] *See Creative Commc'ns, LLC v. Iberiabank*, No. 8:14-CV-1086-T-35EAJ, 2014 WL 12696884, at *1 (M.D. Fla. May 12, 2014) ("Such notations in Civil Cover Sheets are, however, generally insufficient."); S.D. Fla. Local Rule 3.3 ("[M]atters appearing only on the civil cover sheet have no legal effect in the action."). Plaintiff does not appear to dispute this insufficiency. *See generally* [ECF No. 107] (addressing in its reply only the 39(b) standard).

Additionally, Plaintiff's instant demand does not suffice. Although filed two days after its Amended Complaint and prior to Defendants' Answer to the Amended Complaint (the "Amended Answer"), [ECF No. 106], "amendments not introducing new issues do not renew a party's right to demand a jury trial." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. All Am. Freight, Inc.*, No. 14-CIV-62262, 2016 WL 4443629, at *2 (S.D. Fla. Mar. 7, 2016) (citation omitted). In granting Plaintiff leave to file the Amended Complaint solely to correct the misnomer in its name, Plaintiff stated that the change in its name "does not have any impact on the facts raised in the Complaint,

---

[2] The Civil Cover Sheet also indicated that the box for "JURY DEMAND" should only be checked "Yes" if the demand was made in the complaint. *See* [ECF No. 5]. As explained, the Complaint did not make such a demand.

any defenses, or the legal matters at issue in the case." [ECF No. 90 at 3]. Thus, no new issues were raised in the Amended Complaint, nor did Defendants raise new issues in its subsequent Amended Answer. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2016 WL 4443629, at *2 ("The term new issues has been interpreted to mean new issues of fact[.]") (internal quotations and citation omitted). Consequently, "the last pleading directed to the issue" was Defendants' Answer filed on April 12, 2022, [ECF No. 47]. Fed. R. Civ. P. 38(b)(1); *see Herrera v. 7R Charter Ltd.*, No. 21-11766, 2022 WL 42751, at *3–4 (11th Cir. Jan. 5, 2022) (per curiam) (affirming denial of plaintiff's belated request for a jury trial because defendant's amended answer did not revive plaintiff's right to demand a jury where it raised no new issues of fact). *See also Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) (listing what constitutes a pleading under Rule 38). Thus, Plaintiff's demand, filed more than 14 days after the Answer, is untimely and improper.

Notwithstanding the failure of a party to demand a jury, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). In the Eleventh Circuit, "the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (citation omitted). In evaluating a Rule 39(b) motion, "district courts have broad discretion . . . and often freely grant such motions" after weighing five factors. *Id.* The five factors are

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Id.*

Here, the issues of copyright infringement are not extremely complex, and the factual issues are best determined by a jury. The second and third factors also weigh in favor of Plaintiff.

3

The Court finds no disruption in its schedule by ordering a jury trial. Likewise, the Court does not find any prejudice to Defendants by trying the case with a jury. Trial in this matter is not set to occur until February 2023, and beyond conclusory statements, Defendants have not shown any prejudice. In fact, shortly after Defendants' Answer was filed, the parties had a discovery hearing before Chief Magistrate Judge Torres wherein the parties discussed the presentation of evidence before a jury. *See* [ECF No. 87]. And while not controlling, the docket text for both scheduling orders in this case entered by the Clerk's Office stated the case was set for a jury trial, *see* [ECF Nos. 30, 52], yet the parties did not alert the Court to any issues with those orders. Thus, the Court does not find availing any claim as to a lack of notice or prejudice by letting the case proceed before a jury. As to the fourth and fifth factors, although the Court agrees that Plaintiff's reason for the delay—inadvertence—is one weighing against Plaintiff, the Court disagrees with Defendants' drastic computation of the delay in this case. As previously explained, Defendants' Answer, filed in April of this year, triggered the timing of Plaintiff's demand. Accordingly, the Court does not find that strong and compelling reasons warrant the denial of Plaintiff's demand for a jury trial.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Jury Demand or, Alternatively, Motion for Jury Trial, [ECF No. 103], is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of November, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE