UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA

CASE NO. 1:21-cv-21698-DPG

ATHOS OVERSEAS LIMITED CORP.

    *Plaintiff,*

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC.,

    *Defendants.*
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS YOUTUBE, LLC AND GOOGLE, LLC'S TENTH AFFIRMATIVE DEFENSE ASSERTED IN DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Plaintiff, Athos Overseas Limited Corp. (the "Plaintiff"), pursuant to Federal Rule of Civil Procedure 12, hereby files this Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses and in support asserts as follows:

**FACTS**

1. On May 3, 2021, Plaintiff filed its Complaint for Declaratory and Injunctive Relief and Damages. [DE 1].

2. On April 23, 2022, Defendants filed their Answer and Affirmative Defenses. [DE 47].

3. On September 16, 2022, Plaintiff filed its Motion to Amend Complaint to Correct Misnomer in Plaintiff's Name. [DE 90].

*Athos Overseas Limited Corp. v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses

Page 1 of 7

4. Plaintiff's Motion to Amend Complaint explained to this Court that in February 2021, Plaintiff's organization was redomiciled as a Panamanian entity, and the designation "Corp." was added to the Plaintiff's name. Plaintiff is now known as Athos Overseas Limited Corp. See Exhibit A (establishing the continuation of the entity incorporated in the British Virgin Islands as a Panamanian company); Exhibit B (showing discontinuation as a BVI business company due to its continuation under the laws of Panama).

5. The change in the company's status from a British Virgin Islands company to a Panamanian entity, did not affect the company's business or its relation to the Works in Suit and the allegations in the Complaint.

6. Given Plaintiff's name change, it was appropriate to correctly reflect the name in this matter.

7. On September 27, 2022, Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Amend Complaint. [DE 94].

8. On October 13, 2022, this Court granted Plaintiff's Motion to Amend Complaint to Correct Misnomer in Plaintiff's Name. Pursuant to Local Rule 15.1, the Court ordered that Plaintiff shall separately file the amended pleading on or before October 17, 2022. [DE 98].

9. On October 17, 2022, Plaintiff filed its Amended Complaint for Declaratory and Injunctive Relief and Damages. [DE 100]

10. On this same date, Plaintiff corrected the misnomer in Plaintiff's name and filed the Amended Complaint as the Court ordered.

*Athos Overseas Limited Corp. v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses

Page 2 of 7

11. Plaintiff made no other changes to its Amended Complaint for Declaratory and Injunctive Relief and Damages.

12. On October 31, 2022, Defendants filed its Answer to the Amended Complaint and Affirmative Defenses. [DE 106].

13. Defendants used the revision in Plaintiff's name as an opportunity to "smuggle in" a new affirmative defense of unclean hands and removed and altered their responses to multiple paragraphs. [DE 106].

14. Defendants failed to file a Motion for Leave to Amend its Answer and Affirmative Defenses.

15. On April 26, 2022, Pursuant to this Court's Paperless Order, the Court granted the parties' Joint Motion to Continue Pretrial Deadlines [DE 49]. And ordered that the parties adhere to the deadlines in the Court's forthcoming amended scheduling order. The scheduling order dated April 19, 2022, reflects that fact discovery, i.e., remaining production of documents, as well as depositions and third-party discovery, shall be completed by July 29, 2022 [DE 49].

16. On July 1, 2022, Pursuant to this Court's Paperless Order, the Court ordered that fact discovery be completed on or before September 16, 2022. [DE 68].

17. On November 4, 2022, Plaintiff met and conferred with Defendants and raised the concerns regarding the amendments to the Answer to the Amended Complaint and Affirmative Defenses. [DE 106].

18. Most notably, and the substance of this Motion, was Defendants' inclusion of a brand new affirmative defense after the conclusion of discovery.

*Athos Overseas Limited Corp. v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses

Page 3 of 7

## MEMORANDUM OF LAW

a. **Legal Standard**

Rule 12(f) of the Federal Rules of Civil Procedure states that "[u]pon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A rule 12(f) motion serves to "avoid the expenditure of the time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fed. R. Civ. P. 12(f).

It is well established that District courts have discretion to allow an answer to be amended to assert an affirmative defense not raised initially; however, as a general matter, an affirmative defense that is not timely pleaded is waived. Mouloki v. Epee, 262 F. Supp. 3d 684, 694 (2017).

b. **Argument**

The Court should Strike Defendants' Tenth Affirmative Defense asserted in their Answer to the Amended Complaint because it is untimely and was inappropriately added after the close of fact discovery and deposition deadlines without seeking leave from this Court prior to amending. The change in Plaintiff's Amended Complaint to include Plaintiff's legal name and continued existence as a Panamanian entity, which occurred in early 2021, does not give rise to a new affirmative defense of unclean hands. As raised in the original motion to correct the misnomer, the change in the legal name has no effect on the ownership of the Works in Suit, the copyright infringement issues, or any other issue related to the case. In allowing Defendants' amendment to their Answer, Plaintiff would be prejudiced since both fact discovery and deposition deadlines have ended.

*Athos Overseas Limited Corp. v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses

Page 4 of 7

Defendants' Answer to the Amended Complaint and Affirmative Defenses is replete with changes including, paragraphs being added, removed, and altered. The only thing that changed in Plaintiff's Amended Complaint was the change in the corporate name. As such even if the Court would have granted Defendants' leave to amend which they failed to file, the only changes that should have been made to their Answer would have had to have been related to the corporate name change made in Plaintiff's Amended Complaint and nothing further. Instead, Defendants "smuggled in" an additional affirmative defense.

Additionally, Defendants' amendment to include an affirmative defense is futile because they failed to meet the necessary requirements of unclean hands. The equitable defense of "unclean hands" may be asserted by a defendant who claims that the plaintiff acted toward a third party with unclean hands with respect to the matter in litigation. Quality Roof Services, Inc. v. Intervest Nat. Bank, 21 So.3d 883 (Fla. 4th DCA 2009). Defendants claims all relate to their disagreement with evidence or alleged discovery disputes that have never been the subject of any Court order. Defendants fail to mention any actions that would warrant an affirmative defense of unclean hands, for example: Defendants mention "Plaintiff has misrepresented its uses of Defendants' services, including relevant negotiations and agreements between the parties and their agents," without establishing any evidence to the contrary. Defendants simply just don't like the response they have received from Plaintiff as it does not further their position nor arguments in this matter. Next, Defendants mention "Plaintiff has also provided contradictory information on the scope of the licenses it has issued for the Works in Suit, making it impossible for Defendants to identify how, or if, the Works in Suit were monetized or what rights were licensed to whom." This is far from an affirmative defense, raising arguments about contradictory information is improper at this

*Athos Overseas Limited Corp. v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses

Page 5 of 7

juncture and should be saved for trial where a trier of fact is able to determine the credibility of a witness and weigh the evidence provided to them. Further, Defendants mention that "Plaintiff has engaged in obstreperous and obstructive conduct during discovery including refusing to answer straightforward questions about topics relevant to Plaintiff's claims and Defendant's defenses." This statement is improper for an affirmative defense of unclean hands, Plaintiff has answered all of Defendants' incredibly drawn out and redundant questions throughout its deposition, simply because they did not particularly like the responses given by Plaintiff to their questions does not give rise to an affirmative defense of unclean hands. Moreover, Defendants' untimely assertion of the purported defense prejudices Plaintiff because it has no means of using discovery to obtain the factual basis of the defense.

It is also important to note that it would be impossible for an initial pleading such as an answer to contain allegations of what has taken place throughout the pendency of the litigation in establishing an affirmative defense of unclean hands rather than asserting facts that occurred prior to the inception of the litigation that would give rise to such defense.

Therefore, Plaintiff respectfully asks the Court to Strike Defendants YouTube, LLC and Google LLC's Tenth Affirmative Defense in their Answer to the Amended Complaint and Affirmative Defenses.

**WHEREFORE**, Plaintiff respectfully request the Court enters an order granting this Motion to Strike Defendants YouTube, LLC and Google LLC's Tenth Affirmative Defense Asserted in their Answer to the Amended Complaint and Affirmative Defenses and enter all further orders it deems just and proper.

*Athos Overseas Limited Corp. v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses

Page 6 of 7

## CERTIFICATE OF GOOD-FAITH CONFERENCE

I hereby certify that Plaintiff's counsel conferred with the Defendants' counsel on November 21, 2022, regarding the relief sought herein. Defendants' counsel does not agree with the relief sought herein.

**DORTA & ORTEGA, P.A.**

/s/ *Omar Ortega*
Omar Ortega, Esq.
Florida Bar No.: 0095117
Reinaldo Dorta, Esq.
Florida Bar No.: 0084920
Rosdaisy Rodriguez, Esq.
Florida Bar No.: 0112710
Yvette C. Buergo, Esq.
Florida Bar No.: 1003212
3860 S.W. 8th Street, PH
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305)461-5226
Email: OOrtega@dortaandortega.com
Email: RDorta@dortaandortega.com
Email: RRodriguez@dortaandortega.com
Email: YBuergo@dortaandortega.com
Email: DKoch@dortaandortega.com
Email: DCruz@dortaandortega.com

***Counsel for Plaintiff***

*Athos Overseas Limited Corp. v. YouTube, Inc., et. al.*
Plaintiff's Motion to Strike Defendants YouTube, LLC and Google, LLC's Tenth Affirmative Defense Asserted in Defendants Answer to the Amended Complaint and Affirmative Defenses

Page 7 of 7