**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT FLORIDA**

**CASE NO. 1:21-cv-21698-DPG**

ATHOS OVERSEAS LIMITED CORP.,

    *Plaintiff,*

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

    *Defendants.*
_____/

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Athos Overseas Limited Corp. (the "Plaintiff"), pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1(a), hereby files this Motion for Partial Summary Judgment.

**I.    INTRODUCTION**

Plaintiff is entitled to summary judgment on Defendants' affirmative defenses of License, Fair Use, Estoppel, Failure to Mitigate Damages, Statute of Limitations, Substantial Non Infringing Use, *De Minimis* Use, Waiver, and Unclean Hands. Each of the affirmative defenses asserted by the Defendants fail to include facts supporting the defenses, and discovery showed there are no facts supporting them. The absence of evidence entitles Plaintiff to summary judgment on the Defendants' Affirmative Defenses.

Further, Plaintiff is entitled to partial summary on the issue of ownership of the films at issue in this litigation. Plaintiff has produced all evidence showing it is the owner of the copyrights and there is no evidence to the contrary. Therefore, there is no genuine dispute of material fact

regarding ownership, and Plaintiff is entitled to partial summary judgment on that element of the claims.

## II. MEMORANDUM OF LAW

### a. Legal Standard

Under Federal Rule of Civil Procedure 56, a court must grant summary judgment if the materials in the record, such as depositions, documents, electronically stored information, affidavits, declarations and stipulations show there is no genuine dispute as to any material fact or that the adverse party cannot produce admissible evidence to support the fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c)(1). Summary judgment is appropriate, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. When the moving party has carried its burden, the party opposing summary judgment must do more than show that there is "metaphysical doubt" as to any material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, Rule 56 "requires the nonmoving party to go beyond the pleadings and, by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, *designate specific facts showing that there is a genuine issue for trial*." Celotex Corp., 477 U.S. at 324

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 2 of 19

(emphasis added). "For issues, however, on which the non-movant would bear the burden of proof at trial, 'the moving party is not required to support its motion with affidavits or other similar material *negating* the opponent's claim in order to discharge this initial responsibility.'" Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115–16 (11th Cir. 1993). "Instead, the moving party simply may show . . . that there is an absence of evidence to support the non-moving party's case. . . ." Id.

At summary judgment, the Court must view the evidence and draw inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus., 475 U.S. at 586. "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant." Chapman v. Am. Cyanamid Co., 861 F.2d 1515, 1518 (11th Cir. 1988). "However, an inference based on speculation and conjecture is not reasonable." Id. "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" See Matsushita Elec. Indus., 475 U.S. at 587. "Partial summary judgment may properly be granted on affirmative defenses." King v. Akima Glb. Servs., LLC, No. 16-cv-25254-MARTINEZ, 2021 WL 5205960, at *3 (S.D. Fla. Nov. 8, 2021). To prevail on a motion for summary judgment as to affirmative defenses, a plaintiff must show that the defendant "cannot maintain [the] defenses by a preponderance of the evidence." Eli Rsch., LLC v. Must Have Info Inc., No. 16-24687-CIV-WILLIAMS/SIMONTON, 2018 WL 5098972, at *2 (S.D. Fla. Aug. 14, 2018). The defendant, in turn, must "rely on or submit record evidence in support of the purported affirmative defenses to create a genuine issue of material fact preventing the entry of summary judgment." Id. "An affirmative defense admits the facts of the complaint and

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 3 of 19

asserts additional facts in justification or avoidance of a claim." Biscayne Cove Condo. Ass'n, Inc. v. QBE Ins., 951 F. Supp. 2d 1292, 1305 (S.D. Fla. 2013) (citing Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005)).

b. Argument

i. **Plaintiff is entitled to summary judgment on Defendants' affirmative defenses.**

1. License Defense

Defendants' Second Defense is "license." Defendants assert the "claims are barred in whole or in part by licenses, consents, or permissions that Plaintiff and its agents have granted to YouTube and Google, and/or to third parties who in turn have granted licenses to YouTube and Google. Answer[1] p. 31. Defendants have not presented any evidence supporting the defense.

The record clearly shows that neither Plaintiff nor its agents have provided Defendants authority to use Plaintiff's content. As to authority received from Plaintiff's representative (Carlos Vasallo), Defendants' Corporate Representative testified Defendants are "not aware of any facts about him uploading content to YouTube personally." SOF[2], ¶10; Ds. Depo.[3] 023:01-03. Defendants have no knowledge about Carlos Vasallo uploading any content to YouTube. SOF, ¶10; Ds Depo. 023:09-12. Defendants have absolutely no evidence showing Plaintiff authorized Defendants' use of its content and the works in suit. SOF, ¶10; Ds Depo. 025:19-22 (█████ █████████ █████). Defendants also have no facts supporting their assertion that Plaintiff's agents uploaded

---

[1] The Defendant's Answer to Plaintiff's Amended Complaint is document ECF No. 106.
[2] "SOF" refers to the Statement of Material Facts in Support of this Motion for Partial Summary Judgment.
[3] The deposition of Brian Carver, who was Defendants' Corporate Representative on topics related to the Affirmative Defenses, will be cited as "Ds Depo. ____."

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 4 of 19

content to YouTube and gave You Tube a license to display Plaintiff's content. SOF, ¶10; Ds Depo. 023:13-025:22 (█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████). Plaintiff licenses its movies to Top Entertainment Products, Inc., which is wholly owned by Top Product Investments, Inc., which in turn is owned by Gente de Cine, S.A. – all of which are wholly owned by Carlos Vasallo. Top Entertainment Products, Inc. licenses the movies to two companies wholly owned by Plaintiff: Cine Estelar, Inc., and Cine Nostalgia, Inc. Rogs, ¶5.[4] As stated above, Defendants have no evidence showing that any of these affiliated entities uploaded the works in suit to YouTube and gave YouTube a license. SOF, ¶10; Ds Depo. 023:13-025:22.

Defendants also do not have any evidence showing Plaintiff gave Defendants a license to use and display its content. Ds Depo. SOF, ¶10; 027:21-24 (Q. "[W]hat license has the plaintiff given to YouTube? A. I'm not aware of the plaintiff granting a license to YouTube directly.") Defendants state that sometimes a copyrights holder may grant a license to YouTube and Google indirectly through their terms of services when an uploader uploads content to YouTube. See Ds Depo. 028:02-09; SOF, ¶10. Despite this general assertion, Defendants do not have any evidence demonstrating that any of the thousands of uploaders of Plaintiff's content had a license to use Plaintiff's content. Defendants' corporate representative testified that Defendants ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

---

[4] "Rogs. __" refers to Plaintiff's Supplemental Response to the Third Amended Response to Defendants' First Set of Interrogatories served by Plaintiff on August 30, 2022, and attached as Exhibit 1 to the Statement of Material Facts in Support of this Motion for Partial Summary Judgment.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 5 of 19

██████████████████████████████████ Ds Depo. 028:16-23; SOF, ¶10. Yet, Defendants have absolutely no information as to the validity of the asserted license, and cannot identify neither which uploader alleged to have a license nor the film at issue. Defendants' corporate representative provided the following testimony:



Ds Depo. 030:18-23; 033:04-06; 034:07-034:11; SOF, ¶10. Simply stated, Defendants do not have evidence of the existence of any licenses. SOF, ¶10; Ds Depo. 043:15-18 ████████████████████████████████████████████████████████████████████ Defendants also have no evidence of consent authorizing Defendants' display of Plaintiff's works. Defendants' license defense is premised on speculation and, at most, a single instance - in over thousands of occurrences - of an unidentified counter-notification that did not contain any evidence of the existence of a license. SOF, ¶10; Ds Depo. 044:11-044:25; 045:17-046:01. Defendants ████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████ Ds Depo. 059:16 - 059:22. There are no facts substantiating Defendants' license defense. SOF, ¶10. As a result, summary judgment is warranted on this defense.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 6 of 19

### ii. Fair Use Defense

Defendants' Third Defense is "Fair Use." Defendants state as follows: "Although the Amended Complaint fails to identify with specificity the allegedly infringing activity on the YouTube platform, such activity is not infringing to the extent it constitutes a fair use of the underlying copyrighted material." Answer, p. 31. The fair use doctrine is an equitable rule of reason, which permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster. Stewart v. Abend, 495 U.S. 207, 236 (1990). A fair use defense to a claim of copyright infringement is provided for in 17 U.S.C. §107. The statute provides that fair use of a copyrighted work is not infringement. Specifically, the statute states that "the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. §107. To determine whether the use of a work constitutes fair use, the court shall consider the following factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. Fair use analysis "must always be tailored to the individual case." Harper & Row Publishers, Inc. v. Nation Enter., 471 U.S. 539, 552–53 (1985).

Defendants have not provided any evidence supporting that the content uploaded to YouTube without Plaintiff's authorization constitutes fair use. Defendants' generally assert t███

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 7 of 19

 (Ds Depo. 047:08-12); yet, Defendants cannot identify those videos. Defendants' corporate representative testified he saw one video (out of the thousands at issue in this case) that had commentary of a film, but he was unable to identify the URL or the film. Ds Depo. 047:15-048:01; SOF, ¶11. Defendants could not identify the title of the film or provide any information that would allow Plaintiff to identify the video they allege to be fair use. Ds Depo. 48:16-21

; SOF, ¶11. Defendants also allege to have received a counter-notification where the uploader claimed the content was fair use, but Defendants also cannot identify anything about the content. Ds Depo. 053:06-054:06; SOF, ¶11.



Ds Depo. 054:09-054:10, 055:01-055:03, 055:07-055:10; SOF, ¶11. Defendants have plead a fair use defense with boilerplate language and did not identify the evidence supporting the defense during discovery. Defendants have not met their burden of proof, and the Plaintiff is entitled to summary judgment on the fair use defense.

### iii.  Estoppel Defense

Defendants assert Estoppel as their Fourth Defense and allege the "Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, to the extent that YouTube has relied on

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 8 of 19

representations from Plaintiff or its representatives or agents about their authorization to post and YouTube's authorization to use all or portions of the copyrighted works at issue." Answer, pp. 31-32. Copyright estoppel applies when the alleged infringer can show that (1) the copyright owner knew the facts of the infringement, (2) the copyright owner intended its conduct to be acted upon or the copyright owner acted such that the alleged infringer has a right to believe it was so intended, (3) the alleged infringer is ignorant of the true facts, and (4) the alleged infringer relies on the copyright owner's conduct to his detriment. See HGI Assocs., Inc. v. Wetmore Printing Co., 427 F.3d 867, 875 (11th Cir. 2005) citing Carson v. Dynegy, Inc., 344 F.3d 446, 453 (5th Cir. 2003).

Defendants have not presented any evidence substantiating their allegation that "YouTube has relied" on Plaintiff's or its agents' authorization for YouTube "to post and YouTube's authorization to use all or portions of the copyrighted works at issue." Answer, pp. 31-32. Defendants generally state they rely on the authorization provided by users of the YouTube platform when they upload content and accept YouTube's terms of service. But as to representations provided by Plaintiff itself or its agents authorizing YouTube's use of Plaintiff's content, Defendants have no evidence. The Defendants' deposition testimony was the following:



*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 9 of 19



Ds Depo. 060:12 - 060:22; 061:07-11; 062:15-21; 064:25-065:06; SOF, ¶12. As with the license defense, Defendants' estoppel defense is void of any support in the record evidence. Plaintiff is entitled to summary judgment because there are no facts supporting the defense.

### iv. Failure to Mitigate Defense

The Fifth Defense asserted by Defendants is Failure to Mitigate. Defendants assert the following:

> Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate its damages, if any. Plaintiff is, for example, well aware of the ability to request the removal from YouTube of allegedly infringing content using the process set forth in the DMCA. To the extent Plaintiff failed to employ that process with respect to specific allegedly infringing material on the YouTube service, Plaintiff has failed to mitigate its damages.

Answer, p. 32. Defendants' factual predicate for their failure to mitigate defense is infringements that are not subject of this lawsuit. Since late 2014, Plaintiff's has been notifying YouTube that all of Plaintiff's content showing on YouTube was not authorized. SOF, ¶¶3-4. Defendants refused to stop the infringement and forced Plaintiff to send thousands of take-down notices to protect its copyrighted works. Id. Those take-down notices are specifically identified in the exhibits to the Amended Complaint and have been supplemented in discovery. See e.g., AC[5] at Ex. B; SOF, ¶4. Plaintiff seeks damages in this action for those specific instances. Defendants' failure to mitigate defense bears no relationship to those instances of infringement. During the deposition of

---

[5] "AC" refers to the Amended Complaint ECF No. 100.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 10 of 19

Defendants' corporate representative, Defendants explained that this defense relates to "a period recently of about a year, starting shortly after the filing of this lawsuit, where it appears the plaintiff has stopped sending notices[.]" Ds Depo. 066:25-067:02; SOF, ¶13. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ds Depo. 067:07-23; SOF, ¶13. Defendants do not rely on any additional facts supporting the defense. Ds Depo. 068:07-068:11; SOF, ¶13.

Moreover, the defense is contradicted by the undisputed facts in this case. Specifically, Plaintiff employed the process to remove the movies, as evidenced by the countless take-down notices. SOF, ¶4. Defendants, therefore, have not introduced any proof of Plaintiff's failure to mitigate damages. As a result, Plaintiff is entitled to summary judgment on the defense.

### v. Statute of Limitations Defense

Defendants' Sixth Defense is that the Plaintiff's claims are barred by the three-year statute of limitations provided for in 17 U.S.C. § 507(b), which states civil actions under the Copyright Act have to be commenced "within three years after the claim accrued. *See* 17 U.S.C. § 507(b)." Answer, p. 32. The Court's Order on Defendants' Motion to Dismiss resolved that this action solely involves claims that accrued after May 3, 2018. SOF, ¶14. Accordingly, all claims are within the statue of limitations. There is no genuine issue of material fact disputing that the infringements at issue occurred within the limitations period. Further, Plaintiff's Expert Damages Report confirms the damages period begins on May 3, 2018. SOF, ¶15. Therefore, summary judgment is appropriate on Defendants' Sixth Defense. King v. Akima Glob. Servs., LLC, No. 16-CV-25254, 2021 WL 5205960, at *4 (S.D. Fla. Nov. 8, 2021)(granting summary judgment on statute of limitations defense because there are no material facts in dispute as to timeliness of the claim).

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 11 of 19

### vi. Substantial Non-Infringing Use Defense

As their Seventh Defense Defendants assert "Substantial Non-Infringing Use." In support Defendants assert "Plaintiff's claims are barred in whole or in part based on the doctrine of substantial non-infringing use, although Defendants submit Plaintiff's bears the burden of proving the doctrine." Answer, p. 32. The substantial non-infringing use defense is not applicable in direct infringement cases. Dish Network L.L.C. v. Fraifer, No. 8:16-CV-2549-TPB CPT, 2021 WL 6690278, at *2 (M.D. Fla. Dec. 13, 2021), appeal dismissed, No. 22-10186-BB, 2022 WL 1251073 (11th Cir. Apr. 11, 2022) citing Spanski Enters., Inc. v. Telewizja Polska, S.A., 883 F.3d 904, 913 (D.C. Cir. 2018). Therefore, the defense does not apply to Counts I, II, III, IV, VI, VIII, IX, and X. Accordingly, summary judgment on this defense is warranted for the enumerated counts. [6]

### vii. De Minimis Use Defense

Defendants' Eighth Defense is "*De Minimis* Use". Defendants state that "[a]lthough the Complaint fails to identify any specific allegedly infringing activity on the YouTube platform, such activity is not infringing to the extent it constitutes *de minimis* use of the underlying copyrighted material." Answer, p. 33. Defendants have no proof for this defense. Defendants testified the following:



---

[6] Plaintiff is not moving for summary judgment on this defense as to Count V for Contributory Copyright Infringement.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 12 of 19

Ds Depo. 077:17-20, 077:07-11; SOF, ¶17. There is no evidence supporting the defense. The Defendants in this case provided over 3,000 videos which correlate to the items which are the subject of this litigation. SOF, ¶16. Despite having all the videos, Defendants cannot identify any they assert constitutes *de minimis* use. Therefore, Plaintiff is entitled to summary judgment on the Defendants' *De Minimis* Use defense.

### viii. Waiver Defense

As their Ninth Defense, Defendants assert the Plaintiff's claims are barred by the doctrine of waiver. In particular, Defendants state that "Plaintiff and/or those acting at its direction, after learning of alleged infringements on which Plaintiff's claims were based, may have at times refused to submit DMCA takedown notices and failed to meet Defendants' requests for the information necessary to identify and remove those alleged infringements." Answer, p. 33. "Waiver or abandonment of copyright 'occurs only if there is an intent by the copyright proprietor to surrender rights in his work.' " Oravec v. Sunny Isles Luxury Ventures L.C., 469 F.Supp.2d 1148, 1177 (S.D. Fla. 2006) (quoting A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir.2001)). Defendants have not provided evidence of even one instance in which the Plaintiff waived its claims. The evidence in this case shows the Defendants learned Plaintiff's content was on YouTube without authorization as far back as late 2014. SOF, ¶¶3-4. Nonetheless, Defendants forced Plaintiff to send thousands of take-down notices to the Defendants for each Work in Suit. SOF, ¶¶3-4. During deposition, Defendants' corporate representative generally described categories of what Defendants characterize as waiver of a copyright claim. Ds Depo. 079:01-080:14; SOF, ¶18. However, Defendants did not provide evidence of any instance where Plaintiff "refused to submit DMCA takedown notices and failed to meet Defendants' requests for the information necessary to identify and remove those alleged infringements." Answer, p. 33.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 13 of 19

Plaintiff does not seek to recover damages for unauthorized uploads which fail to have a corresponding take-down notice. Defendants have not provided proof of any instance where Plaintiff did not comply with the requirements of a take-down notice or failed to respond to a request for information from YouTube related to any deficiency. Defendants solely rely on rare occasions of counter-notifications where the uploader asserted it had a license or the content constituted fair use. Ds Depo. 089:21-23; SOF, ¶18. However, as stated above, Defendants did not provide any information identifying those alleged counter-notifications and the works involved. See Ds Depo. 030:18-23; 034:07-034:11; 047:15-048:01; 48:16-21; SOF ¶¶10-11. Accordingly, Defendants' evidence in support of the waiver defense is insufficient and it fails as matter of law.

### ix. Unclean Hands Defense

Defendants' last affirmative defense is Unclean Hands. The defense is untimely and fails to meet the elements of the cause of action. Defendants assert the following:

> Plaintiff has misrepresented its use of Defendants' services, including relevant negotiations and agreements between the parties and their agents. Plaintiff has also provided contradictory information on the scope of the licenses it has issued for the Works in Suit, making it impossible for Defendants to identify how, or if, the Works in Suit were monetized or what rights were licensed to whom. Moreover, Plaintiff has engaged in obstreperous and obstructive conduct during discovery including refusing to answer straightforward questions about topics relevant to Plaintiff's claims and Defendants' defenses.

Answer, p. 33. First, the defense of Unclean Hands is untimely because it was filed in an Amended Answer and Affirmative Defenses without leave of Court. Plaintiff has filed a motion to strike the defense. ECF No. 47. Defendants raised this defense in response to the Plaintiff's Amended Complaint, which was authorized by the Court solely to correct a misnomer in Plaintiff's legal name. ECF Nos. 98, 100. The Amended Complaint did not change facts or add new issues of law that would have allowed Defendants to include an additional affirmative defense. See ECF No. 90. Further, Defendants did not ask the Court for authorization to assert it. Additionally, Defendants

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 14 of 19

do not provide any specific facts substantiating the defense. Defendants assert "Plaintiff has misrepresented its use of Defendants' services, including relevant negotiations and agreements between the parties and their agents" (Answer, p. 33), but provides no detail from which Plaintiff can ascertain what is the basis of the alleged wrongdoing. The same is true of the allegation that "Plaintiff has also provided contradictory information on the scope of the licenses it has issued for the Works in Suit, making it impossible for Defendants to identify how, or if, the Works in Suit were monetized or what rights were licensed to whom." Answer, p. 33. The lack of specificity on the affirmative defense does not provide Plaintiff with sufficient information to properly defend against it. Given that Defendants asserted this affirmative defense after the close of fact discovery and after the conclusion of all depositions, Plaintiff has no means of discovering the purported evidence Defendants intend to use to prove the defense.

     Second, the defense fails as a matter of law. To prove unclean hands Defendants must demonstrate that: (1) Plaintiff's alleged wrongdoing is directly related to the claim against which it is asserted; and (2) Defendants were personally injured by Plaintiff's conduct. Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450–51 (11th Cir. 1993); Mitchell Bros. Film Group v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir. 1979). As an example, the defense has been applied when the "plaintiff misused the process of the courts by falsifying a court order, by falsifying evidence, or by misrepresenting the scope of his copyright to the court and opposing party," or "when the plaintiff obtained information as to the nature of defendant's work through unfair means." Thornton v. J Jargon Co., 580 F. Supp. 2d 1261, 1283 (M.D. Fla. 2008) quoting 3 Nimmer on Copyright, § 13.09[B](1991). Defendants' allegations do not meet the elements of the defense. There is no evidence that Plaintiff committed any wrongdoing because it does not exist. Defendants' purported unclean hands defense seeks to refute Plaintiff's assertion that it is the

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 15 of 19

copyright holder entitled to enforce its rights. Defendants offer no basis in law or fact to substantiate this position. To the contrary, the uncontroverted evidence is that the Plaintiff is the rightful copyright holder. Alternatively, the defense seeks to assert an untimely complaint about discovery issues. There is not one ruling from this Court or the Magistrate Judge that the Plaintiff has done anything improper in the discovery process. Defendant never raised the issue when the fact discovery period was open. In fact, to this day, no such motion or claim exists. The attempt to disguise a non-existent discovery issue as an affirmative defense is meritless. The allegations do not meet the elements of the defense, and Plaintiff is entitled to summary judgment.

Moreover, the defense of unclean hands does not apply to the legal claims at issue. Coquina Invs. v. Rothstein, No. 10-60786-CIV, 2011 WL 4971923, at *15 (S.D. Fla. Oct. 19, 2011), aff'd sub nom. Coquina Invs. v. TD Bank, N.A., 760 F.3d 1300 (11th Cir. 2014) ("The unclean hands doctrine traditionally applies only to claims for equitable relief or in opposition to equitable defenses.") Although Plaintiff seeks an order that restrains Defendants' continued infringement, Plaintiff also seeks damages for Defendants' wrongdoing. Therefore, the defense does not apply to those legal claims.

      ii.      **There are no genuine issues of fact precluding summary judgment on Plaintiff's ownership of the works in suit.**

Each cause of action in the Amended Complaint requires Plaintiff to establish ownership of the copyrighted material (the "Works in Suit"). See AC. As detailed below, Plaintiff's ownership of the Works in Suit is undisputed. Pursuant to 17 U.S.C. § 410(c), the Copyright Office's grant of copyright protection, evidenced by the Certificate of Registration, is prima facie evidence of validity of the copyright and establishes proof of ownership of a valid copyright. See Arthur Rutenberg Homes, Inc. v. Berger, 910 F. Supp. 603, 606-07 (M.D. Fla. 1995); see generally Donald Frederick Evans v. Cont'l Homes, Inc., 785 F.2d 897, 903 (11th Cir.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 16 of 19

1986). Here, Plaintiff has produced all the documents reflecting its direct copyrights or the assignments conveyed to it by the previous copyright owners. SOF ¶2. Defendants have provided no evidence to the contrary.

Furthermore, only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for infringement of that particular right[.]". See Roberts v. Gordy, 359 F. Supp. 3d 1231, 1237 (S.D. Fla. 2019); see also Silvers v. Sony Pictures Ent., Inc., 402 F.3d 881, 885 (9th Cir. 2005) (highlighting how a copyright owner is entitled to all the protection and remedies accorded to the copyright owner by virtue of this title). A transfer of copyright ownership "is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). Rather, "section 204(a) can be satisfied by an oral assignment later ratified or confirmed by a written memorandum of the transfer." Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC, 88 F. Supp. 3d 1356, 1369 (S.D. Fla. 2015); see also Imperial Resd'l Design, Inc. v. Palms Dev. Grp., Inc., 70 F.3d 96, 99 (11th Cir.1995).

In the instant case, Plaintiff owns the world's largest collection of Mexican and Latin American movies, a majority of which are the most renowned films in Latin America's history. SOF, ¶1. To maintain such a unique catalogue of cinematic work, maintaining proper copyright registration for the films, both internationally and in the United States, for each title is paramount. Plaintiff has acquired the copyright for each title over time, through assignments naming Plaintiff as the legal and rightful owner of the Works in Suit. SOF ¶¶1-2; AC ¶¶3-5. The Works in Suit in Plaintiff's catalogue are registered with the United States Copyright Office. SOF ¶ 2; AC, ¶¶4-37. Plaintiff's ownership of the registered copyright for the Works in Suit is an undisputed fact. SOF

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 17 of 19

¶2. For the aforementioned reasons, there is no genuine dispute as to the material fact of Plaintiff's ownership of the Works in Suit.

### c. Conclusion

Defendants have not provided a scintilla of evidence supporting thee enumerated Affirmative Defenses. The absence of evidence on the Defendants' Affirmative Defenses entitles Plaintiff to summary judgment. Further, there is no genuine dispute as to the material fact that Plaintiff is the owner of the Works in Suit. Therefore, Plaintiff is entitled to partial summary judgment on the element of ownership in each cause of action asserted in the Amended Complaint.

**WHEREFORE,** Plaintiff respectfully requests the Court grants this Motion for Partial Summary Judgment and awards such further relief the Court deems just and equitable.

Respectfully submitted,

**DORTA & ORTEGA, P.A.**

/s/ Omar Ortega
Omar Ortega, Esq.
Florida Bar No.: 0095117
Reinaldo Dorta, Esq.
Florida Bar No.: 0084920
Rosdaisy Rodriguez, Esq.
Florida Bar No.: 0112710
3860 S.W. 8th Street, PH
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305)461-5226
Email: OOrtega@dortaandortega.com
Email: RDorta@dortaandortega.com
Email: RRodriguez@dortaandortega.com
Email: DKoch@dortaandortega.com
Email: DCruz@dortaandortega.com

*Counsel for Plaintiff*

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 18 of 19

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of November 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing has been served via automated e-mail on all counsel of record:

                                             /s/   Omar Ortega
                                                     Omar Ortega

| | |
|---|---|
| **Jay B. Shapiro, Esq.**<br>**David T. Coulter Esq.**<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone:(305) 7869-3229<br>Facsimile: (305) 789-2664<br>Email: jshapiro@stearnsweaver.com<br>Email: dcoulter@stearnsweaver.com<br>*Counsel for Defendants* | **Brian M. Willen, Esq.**<br>**Lucy Yen, Esq.**<br>Wilson Sonsini Goodrich & Rosati, P.A.<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com<br>Email: lyen@wsgr.com<br>*Counsel for Defendants* |

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Plaintiff's Motion for Partial Summary Judgment
Page 19 of 19