UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:21-cv-21698-DPG

ATHOS OVERSEAS LIMITED CORP.,

        Plaintiff,

    v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

        Defendants.

**DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>AND SUPPORTING MEMORANDUM OF LAW</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................ 2

ARGUMENT ................................................................................................................. 4

I.      PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON
YOUTUBE'S AFFIRMATIVE DEFENSES ..................................................... 5

      A.     YouTube's 30(b)(6) Testimony Is Not The Only Evidence Supporting Its
Affirmative Defenses .................................................................................... 5

      B.     There Are Triable Issues On YouTube's License Defense, Including
Based On Plaintiff's Own Belated Admissions ...................................... 7

      C.     There Are Triable Issues As To Whether Certain Clips In Suit Were Fair
Use ............................................................................................................... 11

      D.     YouTube, Not Plaintiff, Is Entitled To Summary Judgment On The Statute
of Limitations ............................................................................................ 13

      E.     There Are Triable Issues On YouTube's Estoppel Defense ................................. 14

      F.     There Are Triable Issues On YouTube's Waiver Defense .................................. 15

      G.     There Are Triable Issues As To Plaintiff's Failure To Mitigate Damages ........... 16

      H.     Plaintiff Misunderstands YouTube's Invocation Of Substantial Non-
Infringing Use ........................................................................................... 17

II.     PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON
OWNERSHIP ................................................................................................. 17

CONCLUSION.............................................................................................................. 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Allen v. Bd. of Pub. Educ.*,
  495 F.3d 1306 (11th Cir. 2007) ...............................................................................4

*Arconic Inc. v. Universal Alloy Corp.*,
  2018 WL 4839225 (N.D. Ga. July 31, 2018), *aff'd*,
  2019 WL 12528945 (N.D. Ga. Mar. 4, 2019) ...........................................................6

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
  2009 WL 3809815 (N.D. Cal. Nov. 10, 2009) ..........................................................7

*Bus. Casual Holdings, LLC v. YouTube, LLC*,
  2022 WL 17177970 (S.D.N.Y. Nov. 22, 2022) ..........................................................7

*Classique Style, Inc. v. J.C. Penney Corp.*,
  2007 WL 9701894 (S.D. Fla. Aug. 9, 2007) ..............................................................4

*Dixon Lumber Co. v. Austinville Limestone Co.*,
  256 F. Supp. 3d 658 (W.D. Va. 2017) .......................................................................6

*Field v. Google Inc.*,
  412 F. Supp. 2d 1106 (D. Nev. 2006) ..............................................................14, 15

*Fodere v. Lorenzo*,
  2011 WL 465468 (S.D. Fla. Feb. 3, 2011), *aff'd*,
  441 F. App'x 666 (11th Cir. 2011) ............................................................................8

*Fuentes v. Mega Media Holdings, Inc.*,
  2011 WL 2601356 (S.D. Fla. June 9, 2011), *adopted*,
  2011 WL 2609550 (S.D. Fla. June 30, 2011) ..........................................................11

*Hadady Corp. v. Dean Witter Reynolds, Inc.*,
  739 F. Supp. 1392 (C.D. Cal. 1990) .......................................................................15

*Handley v. Werner Enters., Inc.*,
  2022 WL 303431 (M.D. Ga. Feb. 1, 2022).................................................................5

*HGI Assocs., Inc. v. Wetmore Printing Co.*,
  427 F.3d 867 (11th Cir. 2005) .........................................................................14, 15

*Hosseinzadeh v. Klein*,
  276 F. Supp. 3d 34 (S.D.N.Y. 2017).......................................................................11

*Hydentra HLP Int. Ltd. v. Luchian*,
  2015 WL 12658275 (S.D. Fla. Dec. 4, 2015) ..........................................................17

*Katz v. Chevaldina*,
  127 F. Supp. 3d 1285 (S.D. Fla. 2015) ...................................................................11

*King v. Akima Glob. Servs., LLC*,
    2021 WL 5205960 (S.D. Fla. Nov. 8, 2021) ................................................................13

*Lebron v. Royal Caribbean Cruises, Ltd.*,
    2018 WL 4258269 (S.D. Fla. Sept. 6, 2018) .....................................................10, 16

*Littlefield v. Nutribullet, L.L.C.*,
    2018 WL 5264157 (C.D. Cal. Mar. 13, 2018) ............................................................7

*Malibu Media, LLC v. Zumbo*,
    2014 WL 2742830 (M.D. Fla. June 17, 2014) ...................................................15, 17

*Millennium Funding, Inc. v. 1701 Mgmt. LLC*,
    576 F. Supp. 3d 1192 (S.D. Fla. 2021) ....................................................................17

*Reed v. Royal Caribbean Cruises, Ltd.*,
    2021 WL 1348489 (S.D. Fla. Mar. 5, 2021) ..............................................................4

*Roberts v. Gordy*,
    359 F. Supp. 3d 1231 (S.D. Fla. 2019) ....................................................................20

*SA Music LLC v. Apple, Inc.*,
    592 F. Supp. 3d 869 (N.D. Cal. 2022) ......................................................................18

*Saregama India Ltd. v. Mosley*,
    687 F. Supp. 2d 1325 (S.D. Fla. 2009), *aff'd*,
    635 F.3d 1284 (11th Cir. 2011) ................................................................................17

*Smith v. BarnesandNoble.com, LLC*,
    143 F. Supp. 3d 115 (S.D.N.Y. 2015) ......................................................................17

*Smithkline Beecham Corp. v. Apotex Corp.*,
    2000 WL 116082 (N.D. Ill. Jan. 24, 2000) ................................................................5

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) ..................................................................................................17

*State Farm Mut. Auto. Ins. Co. v. Muse*,
    2022 WL 413417 (11th Cir. Feb. 10, 2022) .............................................................18

*Stoneeagle Servs., Inc. v. Pay-Plus Sols., Inc.*,
    2015 WL 12843846 (M.D. Fla. Apr. 29, 2015) ..........................................................6

*SunTrust Bank v. Houghton Mifflin Co.*,
    268 F.3d 1257 (11th Cir. 2001) ................................................................................11

*Supermedia LLC v. Mustell & Borrow, Att'ys at Law*,
    2011 WL 13174647 (S.D. Fla. Jan. 31, 2011) ............................................................4

*United States v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters &
    Joiners of Am.*,
    1992 WL 208284 (S.D.N.Y. Aug. 18, 1992) ..............................................................6

*Vient v. Highlands News-Sun*,
  2021 WL 9183291 (S.D. Fla. Oct. 15, 2021)..........................................................................18

**Statutes**

17 U.S.C. § 107..........................................................................................................................11

17 U.S.C. § 204(a)......................................................................................................................18

17 U.S.C. § 512........................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 30(b)(6)................................................................................................. *passim*

Fed. R. Civ. P. 56(a)....................................................................................................................4

S.D. Fla. Local Rule 56.1..........................................................................................................18

4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright (rev. ed. 2021)........................14

*50 Days of Santo: Misión Suicida (Suicide Mission)*,
  https://www.youtube.com/watch?v=R4u_-IClfUQ ..................................................................11

Defendants Google LLC and YouTube, LLC (collectively, "Defendants" or "YouTube") oppose the Motion for Partial Summary Judgment, Dkt. 113 ("Pl. MSJ"), filed by Plaintiff Athos Overseas Ltd. Corp. ("Plaintiff" or "Athos").

## INTRODUCTION

Plaintiff has moved for partial summary judgment not on its actual copyright infringement claims, but on certain of YouTube's affirmative defenses. While Plaintiff's motion fails, the Court need not rule on it at all if it grants YouTube's concurrently filed motion for summary judgment on the safe-harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512 *et seq.* ("DMCA"). *See* Dkt. 115 ("YT MSJ"). The DMCA operates as a bar to Plaintiff's claims and fully resolves this case, so granting summary judgment to YouTube on that basis would moot YouTube's other affirmative defenses.

But should the Court take up Plaintiff's motion, it should be denied. The thrust of Plaintiff's motion is that the evidence supporting YouTube's affirmative defenses is (or must be) limited to the deposition testimony provided by YouTube's corporate representative. That premise is mistaken. YouTube's representative testified about facts within YouTube's corporate knowledge supporting certain of the affirmative defenses. While that testimony was extensive, most of the evidence supporting YouTube's defenses is outside the company's knowledge—and thus outside the scope of a Rule 30(b)(6) deposition. The affirmative defenses at issue generally have nothing to do with what YouTube knew. Instead, the support for those defenses comes from other evidence in the record—mostly from documents produced by Plaintiff and testimony from its witnesses, but also (as with fair use) from a legal analysis of the allegedly infringing videos clips at issue. YouTube was not required to have a Rule 30(b)(6) witness recite such evidence to create a triable issue on these defenses.

And on the defenses at issue, the evidence in the record readily establishes triable issues. After hiding the ball—and misrepresenting the facts for months—Plaintiff finally admitted that its agents posted numerous clips from the movies at issue to YouTube, thereby licensing them to appear on the service. Likewise, it is clear from a quick viewing that certain of the allegedly

infringing clips at issue are fair uses. As for the statute of limitations, YouTube—not Plaintiff—is entitled to summary judgment. Plaintiff's own actions demonstrate that it failed to mitigate its damages, and there is powerful evidence of estoppel and waiver. And Plaintiff does not challenge the application of the doctrine of substantial noninfringing use to the secondary copyright infringement claims to which that rule applies.

Finally, Plaintiff's request for summary judgment on its ownership of the copyrighted works-in-suit is entirely unfounded. Plaintiff carries the burden of establishing ownership, but its motion fails to submit into the record a single document evidencing such ownership as required under the Copyright Act and the Local Rules. Plaintiff instead relies solely on its own vague Rule 30(b)(6) testimony, but that is not enough—especially in light of the eleventh-hour substitution of a new entity as the named plaintiff with no proof that it actually owns the relevant copyrights and where Plaintiff's own evidence affirmatively confirms that it does ***not*** own certain works-in-suit. If considered, Plaintiff's motion should be denied.

## BACKGROUND

The full background to this case is set forth in YouTube's pending motion for summary judgment. YT MSJ at 2-6. YouTube operates a prominent online platform for users to share their video creations, and it devotes substantial resources to ensuring that material appearing on its service is authorized by copyright holders. Dkt. 116-2 ("Zhu MSJ Decl.") ¶ 25. Plaintiff is one of several offshore holding companies controlled by Carlos Vasallo that purports to own the copyrights in hundreds of Mexican and Latin American movies. Dkt. 100 ("Am. Compl.") ¶ 1. Although Plaintiff became aware, as early as 2012, that videos third parties had posted on YouTube allegedly infringed its copyrights, Dkt. 116-1 ("Willen MSJ Decl.") Ex. 1 at 9, it did not file this lawsuit until May 3, 2021, Dkt. 1.

What remains of this case following this Court's March 29, 2022 Order and Plaintiff's voluntary dismissal of certain claims (Dkts. 44, 80) are limited claims for copyright infringement. These claims are based on a discrete set of movies that Plaintiff claims to own (the "works-in-suit"), which were allegedly infringed by a discrete set of clips (the "clips-in-suit") posted by third-

party YouTube users. Am. Compl. Exs. A-B; YT MSJ at 6. YouTube answered the amended complaint and stated its affirmative defenses on October 31, 2022 (Dkt. 106).[1]

In discovery, much of the evidence supporting YouTube's affirmative defenses came from Plaintiff itself, albeit only after Plaintiff obstructed and tried to mislead YouTube about the relevant information. Plaintiff's own documents revealed, among other things: (1) third-party licenses to use and display the works-in-suit; (2) examples of fair uses of the works-in-suit on YouTube; and (3) Plaintiff's general inaction and failure to pursue alleged infringement claims against third parties as to the works-in-suit. *See* Declaration of Brian M. Willen in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment ¶ 17. Moreover, even though Plaintiff swore throughout discovery that it (and its agents) did not use YouTube or grant any licenses to YouTube as to any of the works-in-suit—Plaintiff was ultimately forced to admit that this was false. In fact, not only had Mr. Vasallo used YouTube, Plaintiff's own subsidiaries had uploaded numerous clips—including "promos"—of the works-in-suit to YouTube, thereby (as discussed *infra*) granting licenses to YouTube under the Terms of Service to which Plaintiff's affiliates agreed when they uploaded the clips.

Plaintiff elected not to pursue contention interrogatories seeking information from YouTube about any of the affirmative defenses on which it now demands summary judgment. Instead, Plaintiff asked for a Rule 30(b)(6) deposition on various topics relating to the defenses. YouTube put forward a corporate representative to testify about YouTube's independent corporate knowledge of facts supporting the affirmative defenses. *See* Ex. A at 1;[2] Ex. B ("Carver Tr.") at 18:03-19:05. That witness (Brian Carver) testified on October 25, 2022 and responded to questions about license, fair use, copyright misuse, failure to mitigate, substantial non-infringing use, *de*

---

[1] The Court granted Plaintiff's motion to strike YouTube's unclean hands defense (Dkt. 132), so there is no need to respond to Plaintiff's arguments for summary judgment on that issue. YouTube is not pursuing any affirmative defense based on *de minimis* use.

[2] Citations to "Exs." A-O are references to exhibits attached to the Declaration of Brian M. Willen in Support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, filed herewith.

*minimis* use, waiver, and the DMCA safe harbor. Plaintiff's counsel asked no questions about YouTube's statute-of-limitations defense.

On November 30, 2022, the parties each filed motions for summary judgment. Plaintiff seeks partial summary judgment solely on certain of YouTube's affirmative defenses and on the issue of its ownership of the movies at issue in this litigation. Pl. MSJ at 1-2. Plaintiff does not seek summary judgment either on its affirmative claims for direct and secondary copyright infringement, or on YouTube's eligibility for the DMCA safe harbor, which is addressed at length in YouTube's pending summary judgment motion. YT MSJ at 1, 9. YouTube's motion also seeks summary judgment on the statute of limitations (based on this Court's prior ruling on that issue), on certain issues relating to Plaintiff's ownership of the works-in-suit, and on Plaintiff's claim for intentional inducement of infringement. *Id.* at 1.

## ARGUMENT

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313 (11th Cir. 2007). "It is not enough for the moving party merely to make a conclusory statement that the other party has no evidence to prove his case." *Reed v. Royal Caribbean Cruises, Ltd.*, 2021 WL 1348489, at *5 (S.D. Fla. Mar. 5, 2021). "If the moving party fails to discharge its initial burden, then the court must deny the motion for summary judgment without the need to address the type of showing made by the non movant." *Classique Style, Inc. v. J.C. Penney Corp.*, 2007 WL 9701894, at *2 (S.D. Fla. Aug. 9, 2007). That is true "regardless of which party would bear the burden of proof at trial." *Supermedia LLC v. Mustell & Borrow, Att'ys at Law*, 2011 WL 13174647, at *5 n.3 (S.D. Fla. Jan. 31, 2011).

## I.   PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON YOUTUBE'S AFFIRMATIVE DEFENSES

### A.   YouTube's 30(b)(6) Testimony Is Not The Only Evidence Supporting Its Affirmative Defenses

A basic mistake pervades much of Plaintiff's motion. Plaintiff repeatedly suggests that in supporting its affirmative defenses YouTube is somehow confined to the evidence that was specifically identified in the deposition of its Rule 30(b)(6) corporate representative, Mr. Carver. *E.g.*, Pl. MSJ at 4. In acting as if Mr. Carver's testimony is the only evidence in the record, Plaintiff misunderstands the scope of Mr. Carver's deposition, the principles that govern Rule 30(b)(6) depositions, and the nature of the affirmative defenses at issue here.

YouTube could not have been clearer that it designated Mr. Carver under Rule 30(b)(6) to testify "concerning facts that [are] *within the independent corporate knowledge* of YouTube or Google that Defendants intend to offer in support of their affirmative defenses." Ex. A at 1 (emphasis added). YouTube further explained that Mr. Carver would not testify "about facts supporting the affirmative defenses that may come from sources other than the independent corporate knowledge of YouTube or Google." *Id.* at 1-2; *see also* Carver Tr. at 18:03-19:05 (similar objections at deposition). YouTube based its objection in part on concerns that straying beyond its independent corporate knowledge would necessarily implicate attorney work product. Ex. A at 1-2 (emphasis added); Ex. C (Sept. 22, 2022 Disc. Hr'g Tr.) at 7:05-10. And that is what Mr. Carver did: where there were facts in YouTube's corporate knowledge relevant to the affirmative defenses that Plaintiff addressed at the deposition, Mr. Carver testified about them. As discussed below, his testimony was extensive on that score and supports a number of the defenses.

But Mr. Carver had no obligation to offer specific testimony on every fact or piece of evidence in a summary-judgment record comprising over 10,000 documents. A Rule 30(b)(6) deponent "is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim. This rule holds especially true when the information sought is likely discoverable from other sources." *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082, at *9 (N.D. Ill. Jan. 24, 2000); *accord Handley v. Werner Enters., Inc.*,

2022 WL 303431, at *4 (M.D. Ga. Feb. 1, 2022) (30(b)(6) topic overbroad if it would require the recipient "to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense"); *Stoneeagle Servs., Inc. v. Pay-Plus Sols., Inc.*, 2015 WL 12843846, at *2 (M.D. Fla. Apr. 29, 2015) (30(b)(6) deponent "should not be expected to 'present orally a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by the corporate party'").

And Mr. Carver certainly had no obligation to testify about facts supporting YouTube's affirmative defenses that come from evidence independent of YouTube—such as from Plaintiff's own records, documents, or testimony. Courts have expressly rejected the idea that a Rule 30(b)(6) witness has "an obligation to supplement his knowledge of relevant information known to [it] by reviewing documents produced by [the counterparty] in discovery." *Arconic Inc. v. Universal Alloy Corp.*, 2018 WL 4839225, at *6-7 & n.7 (N.D. Ga. July 31, 2018) (explaining that "[h]owever liberal the discovery rules are, they could not reasonably be construed as requiring a party in a case such as this to make a Rule 30(b)(6) deponent . . . the repository of all information known to counsel so that [the deponent] could then provide it to an adversary" (quoting *United States v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am.*, 1992 WL 208284, at *15 (S.D.N.Y. Aug. 18, 1992))), *aff'd*, 2019 WL 12528945 (N.D. Ga. Mar. 4, 2019); *accord Dixon Lumber Co. v. Austinville Limestone Co.*, 256 F. Supp. 3d 658, 668-69 (W.D. Va. 2017) ("Nothing in Rule 30(b)(6) suggests that a company that denies knowledge of a fact cannot produce evidence of that fact from another source. Nor does doing so prejudice the opposing party or subvert the discovery process.").[3]

---

[3] In allowing the deposition to go forward, Magistrate Judge Torres repeatedly made clear that YouTube's 30(b)(6) witness would need to testify only about facts supporting the affirmative defenses from within the company's "independent" knowledge. *See* Ex. C (Sept. 22, 2022 Disc. Hr'g Tr.) at 15:14-16 ("If there is another defense that has nothing to do with the knowledge of the company, then you don't need to worry about it."); *id*. at 12:19-13:01 (recognizing that some defenses may depend on facts "that only the plaintiff knows" and that as to those, "[t]he company doesn't have any independent facts"); *id*. at 31:06-08 (failure to mitigate is "a fact question that is not within the realm of the company because that would be a fact that the plaintiff knows"); *id*. at 34:09-11 ("You are in control as the responding party

Indeed, most of the defenses at issue here do not turn on YouTube's corporate knowledge at all. For example, whether any of the clips-in-suit are fair uses or whether Plaintiff's infringement claims for those clips are time-barred have nothing to do with what YouTube (as a company) knew or did not know. The same is true of a license defense. Whether Plaintiff or its agents licensed the works-in-suit to appear on YouTube does not turn on whether YouTube knew about Plaintiff's licensing activities. Nothing in the Federal Rules bars YouTube from supporting its affirmative defenses from evidence that was not in its corporate knowledge—and thus not known to its Rule 30(b)(6) witness.

In arguing that YouTube is limited in establishing the affirmative defenses at issue here solely to the facts specifically identified in Mr. Carver's Rule 30(b)(6) testimony, Plaintiff is essentially seeking discovery sanctions in the guise of a summary-judgment motion. That is improper. *See, e.g.*, *Littlefield v. Nutribullet, L.L.C.*, 2018 WL 5264157, at *1 (C.D. Cal. Mar. 13, 2018) ("Plaintiffs cite no authority in which affirmative defenses have been disposed of on summary judgment based solely upon the allegedly deficient responses of a Rule 30(b)(6) witness."); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2009 WL 3809815, at *4 (N.D. Cal. Nov. 10, 2009) (denying motion for summary judgment as, "in essence, a categorical objection to all evidence that Defendants might bring to support their affirmative defense").

In short, Mr. Carver's testimony, while supporting a number of the affirmative defenses, is far from the whole story. As discussed below, Plaintiff's motion ignores the ample evidence in the summary-judgment record—including evidence that Plaintiff itself produced and testimony that its witnesses gave—that creates at least a triable issue on YouTube's defenses. Plaintiff's bid to have the Court ignore that evidence should be rejected out of hand.

### B. There Are Triable Issues On YouTube's License Defense, Including Based On Plaintiff's Own Belated Admissions

"[I]t is a hallmark principle of copyright law that licensors may not sue their licensees for copyright infringement." *Bus. Casual Holdings, LLC v. YouTube, LLC*, 2022 WL 17177970, at *5

---

because you are going to assess what facts do I need to prove from the company, if there are facts from the company.").

(S.D.N.Y. Nov. 22, 2022) (granting YouTube's motion to dismiss based on license granted by plaintiff by uploading content to YouTube); *accord Fodere v. Lorenzo*, 2011 WL 465468, at *4 (S.D. Fla. Feb. 3, 2011) ("[A] copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement."), *aff'd*, 441 F. App'x 666 (11th Cir. 2011). Under YouTube's TOS, users represent that they have rights to the content that they upload to the service. *See* Zhu MSJ Decl. ¶ 25. And when users upload content to the service, they grant YouTube "a worldwide, non-exclusive, royalty-free, sublicensable and transferable license" to use that content in connection with YouTube's business. *Id.* Ex. 1. Under these provisions, there is, at a minimum, a triable issue on YouTube's license defense, as the record shows that both Plaintiff's own agents and its licensees uploaded to YouTube content from the works-in-suit—thus granting YouTube licenses to that content.

> ***Plaintiff's Agents Licensed Works-In-Suit To YouTube.*** Plaintiff has a number of closely affiliated entities, including its wholly owned subsidiaries Cine Estelar and Cine Nostalgia. Willen MSJ Decl. Ex. 1 at 140. These companies are also owned by Mr. Vasallo and are involved in his efforts to license and exploit the works-in-suit. *Id.*; Dkt. 114-1 Ex. 1 ("Plaintiff Tr.") at 41:03-10. In its motion, Plaintiff says that "Defendants have no evidence showing that any of these affiliated entities uploaded the works in suit to YouTube and gave YouTube a license." Pl. MSJ at 4-5. But that is provably false. As explained in YouTube's own motion for summary judgment, there is clear evidence that Plaintiff—through Cine Estelar and Cine Nostalgia—maintained active YouTube accounts, which they used to upload promotional clips from certain of the works-in-suit to YouTube. YT MSJ at 5; Dkts. 129-6, 129-7 (identifying promos of works-in-suit uploaded to YouTube by Cine Estelar and Cine Nostalgia). In so doing, Plaintiff's agents granted YouTube a license to the content in those clips. This alone defeats Plaintiff's bid for summary judgment on YouTube's license defense.

YouTube's counsel eventually discovered these uploads on its own, after much misdirection from Plaintiff, which repeatedly denied that its agents had used YouTube in this way. For example, Plaintiff was asked to "[i]dentify any YouTube accounts created or used by You [i.e.,

Plaintiff or its subsidiaries] and individuals acting on Your behalf, including but not limited to Carlos Vasallo." Ex. D at Interrogatory No. 24. This was Plaintiff's sworn response: "To the extent this interrogatory relates to the Works in Suit, none. Athos has not created or used any YouTube accounts. There are no YouTube Accounts created or used by Plaintiff. Plaintiff, as well as Carlos Vasallo, does not have a YouTube account." *Id.* In an RFA response, Plaintiff again denied that "[Plaintiff] or individuals acting on [Plaintiff, its affiliates, or agent's] behalf have created a YouTube account." Ex. E at Request No. 9; Ex. F at Response to Request No. 9; *see also* Plaintiff Tr. at 229:14-230:01 (testimony that Plaintiff's subsidiaries did not "have the right to promote portions of the movies" on the internet).

These denials, it turned out, were false in at least two ways—and Mr. Vasallo finally admitted as much in his October 26, 2022 deposition testimony. First, when asked, "Do you have an account with YouTube," Mr. Vasallo testified that not only did he have "an account for music," he also created one "to keep an eye on you guys" regarding the works-in-suit. Ex. G (Vasallo Tr.) at 34:22-25. Mr. Vasallo further testified that he uses the service "[e]very single day." *Id.* at 34:05-13. That directly contradicted his earlier sworn discovery responses. Second, Mr. Vasallo for the first time admitted that Plaintiff's Cine Estelar and Cine Nostalgia subsidiaries ***used their YouTube accounts to upload potentially thousands of videos, including promotional clips of the works-in-suit***. Plaintiff Tr. at 444:13-446:17; *accord* Dkts. 129-6, 129-7 (promos of works-in-suit uploaded to YouTube by Plaintiff's subsidiaries, Cine Estelar and Cine Nostalgia).

Given this testimony, Plaintiff's motion is audacious. Indeed, the ***only*** evidence Plaintiff cites for its demonstrably false assertion that Plaintiff's agents or affiliates did not license the works is the testimony of YouTube's corporate representative, Mr. Carver. Pl. MSJ at 4-7. But, as discussed, YouTube's license defense does not turn on YouTube's corporate knowledge of the actions of Plaintiff and its agents. Beyond that, Mr. Carver was deposed on October 25—the day before Mr. Vasallo finally revealed in his testimony that Plaintiff had misrepresented its licensing practices throughout discovery. Mr. Carver obviously could not testify about licensing activities that Plaintiff had deliberately concealed—and indeed had misrepresented in its prior discovery

responses. In short, Plaintiff cannot rely on its own obfuscation and concealment to claim that there is not a triable issue on YouTube's license defense.

***Certain Clips-In-Suit Were Licensed By Plaintiff's Licensees***. Equally baseless is Plaintiff's assertion that YouTube does "not have any evidence demonstrating that any of the thousands of uploaders of Plaintiff's content had a license to use Plaintiff's content." Pl. MSJ at 5. YouTube ***does*** have such evidence, as explained in its own motion for summary judgment. YT MSJ at 5. Evidence of such licenses surfaced in responses to some of Plaintiff's own DMCA takedown notices for the very clips at issue in this case, when the uploaders countered Plaintiff's notices by asserting that they were licensed to post those videos. *See id.* For example, following receipt of a notice that Plaintiff issued for the work-in-suit, *Mafia Latina en USA*, the uploader responded that the subject film had been licensed to him. *See, e.g.*, Willen MSJ Decl. Ex. 9; *id.* Ex. 16 at 28:25-30:14. There is no evidence that Plaintiff thereafter challenged that assertion by filing suit against the uploader. *Id.* Ex. 12 at 68:09-73:18; *see* 17 U.S.C. § 512(g)(2)(C).[4] And as explained above, any third parties who held licenses to Plaintiff's works would have in turn licensed YouTube by uploading those works to the service. *See* Zhu Decl. ¶ 25 & Ex. 10. This is just one of many such counter-notices submitted by uploaders who claimed a license to Plaintiff's works. Ex. N (compiling exemplary counter-notices asserting licenses to Plaintiff's works). At the very least, therefore, there are triable issues about those licenses and the extent to which they preclude Plaintiff's claims for these clips (and others).

---

[4] While again the viability of a license defense does not turn on what YouTube knew (or knows), Mr. Carver did testify about these counter-notices. Carver Tr. at 28:01-47:01. Plaintiff faults him for not recalling such details as the specific identity of the uploader. Pl. MSJ at 6. But "Rule 30(b)(6) is not designed to be a memory contest," *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 4258269, at *3 (S.D. Fla. Sept. 6, 2018), and Mr. Carver had no obligation to testify about such details—especially when the supporting documents were in the record. Carver Tr. at 45:07-47:01. Plaintiff also chides YouTube for supposedly having "no information as to the validity" of the license identified in this counternotice (Pl. MSJ at 6)—but of course there is no reason why YouTube would have corporate knowledge about whether the licenses that Plaintiff provided to a third party were valid. That is information in Plaintiff's possession, and Plaintiff both obstructed and misrepresented discovery into its licensing practices. *Supra* at 7-9.

**C.      There Are Triable Issues As To Whether Certain Clips In Suit Were Fair Use**

"[F]air use of a copyrighted work . . . for purposes such as criticism [or] comment . . . is not an infringement of copyright." 17 U.S.C. § 107; *accord SunTrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1268 (11th Cir. 2001). Despite what Plaintiff claims, there is ample evidence of fair use here. Indeed, even though fair use is a legal issue that does not turn on YouTube's knowledge, Mr. Carver testified about multiple examples of fair uses of Plaintiff's works that are in the record. Carver Tr. at 50:06-20, 54:01-55:25. Plaintiff claims that Mr. Carver failed to "provide any information that would allow Plaintiff to identify the video[s] they allege to be fair use." Pl. MSJ at 8. That is both wrong and irrelevant. It is wrong because Mr. Carver identified several fair-use videos in detail, complete with references to their length, subject matter, and other characteristics. Carver Tr. at 48:15-51:10, 54:01-55:25. And it is irrelevant because Mr. Carver's testimony is not the basis (and certainly not the sole basis) for YouTube's fair-use defense. Mr. Carver was designated to testify about facts within YouTube's corporate knowledge, not to identify all instances of possible fair use or offer legal analysis of fair use.

And the record is clear that certain of the clips-in-suit that Plaintiff has put at issue are fair use. Take one of the examples discussed at Mr. Carver's deposition: a short clip posted to an account called "piledrivingcritique", which includes brief excerpts from the work-in-suit *Misión Suicida* with the movie's audio track replaced by a voiceover critiquing the movie. *See* Ex. I; *50 Days of Santo: Misión Suicida (Suicide Mission)*, https://www.youtube.com/watch?v=R4u_-IClfUQ; Carver Tr. at 48:15-51:10. This kind of commentary is a classic fair use. *See, e.g.*, *SunTrust*, 268 F.3d at 1265 ("*[C]opyright does not immunize a work from comment and criticism.*" (emphasis in original)); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1299 (S.D. Fla. 2015) ("Section 107 expressly protects, as fair use, the unauthorized reproduction of copyrighted material for the purpose of criticism and commentary."); *Fuentes v. Mega Media Holdings, Inc.*, 2011 WL 2601356, at *10 (S.D. Fla. June 9, 2011) (granting summary judgment to defendants on fair use based on similar use of clips for "insight into and commentary"), *adopted*, 2011 WL 2609550 (S.D. Fla. June 30, 2011); *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 42, 45 (S.D.N.Y. 2017)

(YouTube video constituted fair use because it was "quintessential criticism and comment"). Nevertheless, Plaintiff submitted a DMCA takedown notice for this clip, which triggered a counter-notice from the uploader. In response to that counter-notice, Plaintiff took no action whatsoever. Ex. H; Carver Tr. at 48:15-50:20. It certainly did not file suit against the uploader of the allegedly infringing clip and notify YouTube that it had done so, as Plaintiff was required to do under the DMCA. 17 U.S.C. § 512(g)(2)(C). Plaintiff's inaction permitted YouTube to reinstate the clip, free from any claim of infringement. *Id.* And yet it remains among the clips-in-suit. Am. Compl. Ex. B. At a minimum, there is a triable issue of fair use as to this clip.

In another instance discussed by Mr. Carver, Plaintiff submitted a DMCA notice for a different clip, which also triggered a counter-notice from the user claiming fair use. Carver Tr. at 54:01-55:25. Plaintiff claims that YouTube "cannot identify anything about the content" of this video (Pl. MSJ at 8), but that too is incorrect. The relevant counter-notice is in the record, having been produced by Plaintiff, as is the video itself. Exs. J-K. In that counter-notice, the uploader of the video explains that he used scenes from the movie "1) to offer academic comment and/or critique of the material and 2) to illustrate and/or exemplify an academic argument." Ex. J. Plaintiff's agent did not recall challenging this counter-notice, *id.* Ex. 12 at 71:25-73:18, likely because the clip is fair use.

While these examples suffice to defeat Plaintiff's bid for summary judgment, they are by no means exhaustive. Ex. O (compiling exemplary counter-notices asserting that clips were fair uses of Plaintiff's works) There are a number of other clips-in-suit that Plaintiff removed from YouTube via the DMCA that nonetheless appear to be fair uses, as they offer commentary on the movies at issue. For instance, a clip uploaded by user "CriticSight Oficial" showed portions of *Pánico En La Montaña* with commentary throughout. Ex. L. Likewise, a clip uploaded by user "Cinerds" showed Plaintiff's movie *Vacaciones De Terror* with two silhouettes of critics sitting in

theater seats while talking over and critiquing the film. Ex. M. As to such clips as well,[5] there are triable issues on fair use.

### D.   YouTube, Not Plaintiff, Is Entitled To Summary Judgment On The Statute of Limitations

Plaintiff concedes that this "Court's Order on Defendants' Motion to Dismiss resolved that this action solely involves claims that accrued after May 3, 2018." Pl. MSJ at 11; *accord* Dkt. 44 ("MTD Order") at 7-8. YouTube agrees. YT MSJ at 7-8, 11. But Plaintiff fails to engage with what constitutes "accrual" for the clips at issue. As explained in YouTube's summary judgment motion (YT MSJ at 7-8), for thousands of the clips-in-suit, Plaintiff's purported infringement claims accrued before the May 3, 2018 cutoff date. MTD Order at 7-8. Plaintiff clearly has no basis for seeking summary judgment on the statute of limitations for those clips.

So what then is the point of Plaintiff's motion on this issue? It is not clear. Plaintiff says that it does not assert any infringement claims that accrued before the cutoff date. Pl. MSJ at 11. If this means that Plaintiff now concedes that all of the clips identified in YouTube's motion are time-barred, there is no dispute. But this would be the first YouTube has heard of such a concession. Indeed, the list of clips-in-suit that Plaintiff has claimed as the universe of alleged infringements at issue still includes ***over three thousand*** clips for which Plaintiff had actual or, at least, constructive knowledge before May 3, 2018. YT MSJ at 7-8; Willen MSJ Decl. ¶ 14 & Ex. 13 (Columns D & E). If all these clips remain in the case, Plaintiff cannot say that "[t]here is no genuine issue of material fact disputing that the infringements at issue occurred within the limitations period." Pl. MSJ at 11. To the contrary, there is no genuine dispute that the alleged infringement claims for those clips accrued ***outside*** the limitations period. As to all those clips, YouTube (not Plaintiff) is entitled to summary judgment. YT MSJ at 7-8.[6]

---

[5] While Mr. Carver did not discuss these specific examples in his deposition, as discussed above, that makes no difference. Fair use is a legal issue. And whether there is a triable issue on fair use does not turn on any knowledge that YouTube possessed about the clips at issue.

[6] The only case Plaintiff cites does not help its cause. In *King v. Akima Global Services, LLC*, the court held that where "as a matter of law, Plaintiff sued within the statute of limitations period," summary judgment as to Defendant's statute-of-limitations defense was appropriate.

---

### E.      There Are Triable Issues On YouTube's Estoppel Defense

Estoppel requires a showing that: "(1) the copyright owner knew the facts of the infringement, (2) the copyright owner intended its conduct to be acted upon or the copyright owner acted such that the alleged infringer has a right to believe it was so intended, (3) the alleged infringer is ignorant of the true facts, and (4) the alleged infringer relies on the copyright owner's conduct to his detriment." *HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 875 (11th Cir. 2005). Moreover, a "copyright owner can be estopped not only by words and actions ***but also by silence and inaction***." *Id.* (emphasis added); *accord* 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.07 (rev. ed. 2021) (same); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1116 (D. Nev. 2006) (same).

Here, there are at least two grounds for equitable estoppel. The first relates to Plaintiff's failure to respond to DMCA counter-notices. As described above, YouTube users who uploaded the videos removed based on Plaintiff's DMCA notices often countered those notices via the DMCA process and asserted their right to upload the videos at issue. YT MSJ at 5; Dkt. 116 ("YT SUF") ¶ 24. In that scenario, the DMCA authorized YouTube to restore the videos unless Plaintiff provided notice (within 10-14 business days) that it had filed a lawsuit against the allegedly infringing user. 17 U.S.C. § 512(g)(2)(C). Yet even though YouTube affirmatively told Plaintiff as much (Willen MSJ Decl. Exs. 9-10), Plaintiff never provided such notice (*see id.* Ex. 12 at 68:09-73:18). As to any such clips, Plaintiff is estopped from now claiming that YouTube's actions amounted to infringement. The second ground applies to ***all*** the clips-in-suit. YouTube offered Content ID to Plaintiff, at no cost, as a ready-made solution for addressing, through technology, the problem that Plaintiff had complained about. YT SUF ¶ 39. Plaintiff summarily rejected YouTube's offer and chose not to use Content ID. *See* YT MSJ at 4-5; YT SUF ¶¶ 19, 35-40.

These issues, at a minimum, give rise to triable issues on YouTube's estoppel defense under the relevant test. *First*, Plaintiff has been monitoring YouTube for infringement of its movies

---

2021 WL 5205960, at *4 (S.D. Fla. Nov. 8, 2021). But here, as this Court has held, Plaintiff did ***not*** sue within the limitations period, and it is clear that thousands of Plaintiff's claims accrued before the limitations cutoff.

since at least 2012, so it knew the facts of alleged infringement. Willen MSJ Decl. Ex. 1 at 9. *Second*, by failing to challenge counter-notices under the DMCA process, Plaintiff acted in such a manner that YouTube would have been justified in believing that Plaintiff did not object to the re-posting of those clips. Likewise, by spurning YouTube's offer of Content ID, Plaintiff signaled to YouTube that any instances of potential infringement that might have been detected or blocked by that tool were ones that it was willing to tolerate. *Third*, YouTube did not know "the true facts." *HGI*, 427 F.3d at 875. As to the counter-notices, Plaintiff never responded through the statutory process. And as to Content ID, the parties' last communication before Plaintiff filed suit in May 2021 was YouTube's December 2015 email reiterating its offer to provide that tool at "no cost" to Plaintiff. Willen MSJ Decl. Ex. 6; *see id.* Ex. 2 at 206:02-24. *Finally*, YouTube detrimentally relied on Plaintiff's actions, or lack thereof, "as evidenced by the present copyright infringement claim." *Hadady Corp. v. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392, 1400 (C.D. Cal. 1990); *see also Field*, 412 F. Supp. 2d at 1117 ("Had Field communicated his preferences to Google, the parties would have avoided the present lawsuit entirely."). Plaintiff's motion thus fails on this issue, too.

### F.     There Are Triable Issues On YouTube's Waiver Defense

YouTube's waiver defense is based on similar facts. As Plaintiff admits, there were "occasions" when, in response to Plaintiff's DMCA notices, uploaders submitted counter-notices asserting that they "had a license or the content constituted fair use." Pl. MSJ at 14. After initiating the DMCA notice-and-takedown process by submitting a notice, Plaintiff thereafter relinquished those infringement claims by deciding not to respond to the uploaders' counter-notices. *See supra* at 10-12. By deciding to abandon the statutory process it set in motion and to forgo these infringement claims, Willen MSJ Decl. Ex. 12 at 68:09-73:18, Plaintiff waived any right to sue YouTube over these clips, *see, e.g.*, *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, at *2 (M.D. Fla. June 17, 2014) (waiver occurs based on "an intent by the copyright proprietor to surrender rights in his work").

Rather than contend with this evidence, Plaintiff falls back on the specious assertion that "Defendants did not provide any information identifying those alleged counter-notifications and

the works involved." Pl. MSJ at 14. While Mr. Carver had no obligation "to be omniscient" or "have computer-like memory," *Lebron*, 2018 WL 4258269, at *3, he did testify to those counter-notices in detail, *see, e.g.*, *supra* at 7-12. In any event, the waiver defense does not turn on YouTube's corporate knowledge, and Mr. Carver's testimony does not exhaust the admissible evidence supporting this defense, which creates a triable issue. *See supra* Section I.A.

### G.   There Are Triable Issues As To Plaintiff's Failure To Mitigate Damages

YouTube's failure-to-mitigate defense is based on Plaintiff's rejection of available tools that would have allowed it to police potential infringement of its works on YouTube. Willen MSJ Decl. Ex. 12 at 52:01-08; Plaintiff Tr. at 234:18-237:05.[7] In seeking summary judgment on this defense, Plaintiff concedes—as it must—that it seeks damages only for the "specific instances" of alleged infringement at issue in this case. Pl. MSJ at 10-11; *accord* YT MSJ at 6. Plaintiff thus **agrees** with YouTube that it cannot seek damages for any alleged infringements for which it failed to send DMCA notices to YouTube, as its list of clips-in-suit is limited to clips for which it did send such notices. Pl. MSJ at 10-11. But that does not resolve YouTube's defense.

Even as to the actual clips-in-suit, there is a genuine dispute of material fact. Plaintiff learned of the presence of its works on YouTube in 2012, yet waited a decade to file suit regarding alleged infringements of its works on the service. YT MSJ at 4-5; Willen MSJ Decl. Ex. 13. During that time, while Plaintiff sent takedown notices that resulted in the prompt removal of the identified videos, Plaintiff repeatedly refused YouTube's offers to use YouTube's other copyright-management tools, including Content ID, the Content Verification Program, and Copyright Match. YT MSJ at 4-5; Carver Tr. at 97:13-98:01. Despite having made that choice, Plaintiff now claims that it was harmed because YouTube did not unilaterally use the very tools that Plaintiff spurned. That indicates failure to mitigate. *See, e.g.*, *Hydentra HLP Int. Ltd. v. Luchian*, 2015 WL

---

[7] Plaintiff claims that "Defendants do not rely on any additional facts" on failure to mitigate apart from Plaintiff's choice to stop sending DMCA notices to YouTube for nearly a year after it filed this action. Pl. MSJ at 11. That is incorrect: Mr. Carver also testified about Plaintiff's failure to use YouTube's copyright-management tools. Carver Tr. at 97:13-98:01. Moreover, this is yet another instance where YouTube's corporate knowledge (the subject of Mr. Carver's testimony) has no bearing on the validity of the defense. Plaintiff's failure to mitigate damages exists apart from what YouTube as a company knows or does not know about that subject.

12658275, at *4 (S.D. Fla. Dec. 4, 2015) ("[C]ourts have recognized a knowing failure to stop ongoing copyright infringement amounts to a failure to mitigate damages in copyright infringement cases."); *Malibu Media*, 2014 WL 2742830, at *4 (same).

**H.      Plaintiff Misunderstands YouTube's Invocation Of Substantial Non-Infringing Use**

The only argument Plaintiff makes about substantial non-infringing use is that the doctrine does not apply to direct infringement claims. Pl. MSJ at 12. But YouTube has never suggested otherwise. In fact, substantial non-infringing use is best understood not as an affirmative defense at all, but rather as an element of the claims for secondary infringement. *See Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 576 F. Supp. 3d 1192, 1211 (S.D. Fla. 2021). But however it is understood, the doctrine—which derives from the Supreme Court's decision in *Sony Corporation of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984)—generally bars claims for secondary infringement that seek to impute intent to infringe based on the distribution or provision of a product that is "capable of substantial noninfringing uses." *Id.* at 442; *see, e.g.*, *Smith v. BarnesandNoble.com, LLC*, 143 F. Supp. 3d 115, 124-27 (S.D.N.Y. 2015) ("Even if the third party engaged in infringing conduct, Defendant cannot be held liable for contributory infringement because of the *Sony*[] rule."). Plaintiff makes clear that it is ***not*** seeking summary judgment as to substantial non-infringing use regarding its claim for contributory infringement. Pl. MSJ at 12 n.6. But that is the primary claim to which the doctrine applies. Plaintiff's motion on this issue should be denied.

**II.      PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON OWNERSHIP**

Plaintiff concedes, as it must, that it carries the burden of establishing ownership of the works-in-suit. Pl. MSJ at 16; *Saregama India Ltd. v. Mosley*, 687 F. Supp. 2d 1325, 1332 (S.D. Fla. 2009), *aff'd*, 635 F.3d 1284 (11th Cir. 2011). But its motion inexplicably seeks to flip that burden by failing to actually put forth evidence of ownership over each work-in-suit, instead insisting that it is entitled to summary judgment unless Defendants ***disprove*** Plaintiff's ownership. Pl. MSJ at 16-17. This is an improper inversion of Plaintiff's burden—especially given that there

are, putting it mildly, significant factual issues with Plaintiff's claims of ownership—and clear evidence that Plaintiff does ***not*** own certain of the works in suit.

To start, the only evidence Plaintiff offers to support copyright ownership is the vague, hand-waving deposition testimony of its Rule 30(b)(6) witness (Carlos Vasallo), which does not actually say that Athos owns all of the works-in-suit. (Indeed, as discussed below, had Mr. Vasallo purported to say that, his testimony would have been demonstrably false.) Even if credited, therefore, this testimony does not actually provide adequate proof of copyright ownership to allow summary judgment. That is especially so here, as Plaintiff was not the original creator of the works at issue, but was supposedly assigned the copyrights by third parties. Plaintiff Tr. at 197:07-09. Such transfers of copyright are statutorily required to be "in writing and signed" by the assignor. 17 U.S.C. § 204(a). But Plaintiff's motion fails to attach a single document—no corporate records, no certificates of title, no written assignment, nor any other writing of any kind—that would enable the Court to find that Plaintiff owns the copyrights.[8] That alone would warrant denial of Plaintiff's motion on this issue. *See* YT's Opp'n to Pl.'s Statement Undisputed Facts ¶¶ 1-2, 10; *Vient v. Highlands News-Sun*, 2021 WL 9183291, at *1 (S.D. Fla. Oct. 15, 2021) (granting defendant's summary judgment motion in the absence of "evidence that [plaintiff] owns a copyright for the two articles in dispute"); *accord SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 896 (N.D. Cal. 2022) (explaining that plaintiff "introduced no evidence to meet their initial summary-judgment burden to *show* ownership").

Plaintiff's failure to provide admissible evidence of ownership is all the more insufficient given that serious questions remain as to the chain-of-custody of the works-in-suit. Plaintiff claims

---

[8] Plaintiff's Statement of Material Facts cites to "ATHOS003" generally—an entire unincorporated volume of produced documents—in violation of the Local Rules. S.D. Fla. Local Rule 56.1(b)(1)(B) (requiring supporting evidence to be "attached to the statement as exhibits"). As the Eleventh Circuit has explained, the "failure to comply with local rule 56.1 is not a mere technicality" and a court may disregard a non-compliant Statement. *State Farm Mut. Auto. Ins. Co. v. Muse*, 2022 WL 413417, at *4 (11th Cir. Feb. 10, 2022) (district court did not abuse discretion by disregarding separate statement that "either failed to cite to the record at all or cited to lengthy documents in their entirety" in violation of Local Rule 56.1). Moreover, the cited document production is, inexplicably, highly redacted. Accordingly, Plaintiff's Statement should be stricken as noncompliant under Local Rule 56.1(d). *Id.*

---

that the works-in-suit were assigned to "Athos Overseas, <u>Ltd.</u>," (a British Virgin Islands company that was the original plaintiff in this case). Plaintiff Tr. at 421:06-422:03 (emphasis added). But Plaintiff amended its complaint after discovery closed to substitute in a new entity with a new name: "Athos Overseas Limited <u>Corp</u>.," based in Panama. Am. Compl. at 1 (emphasis added). Neither in its motion nor otherwise has Plaintiff produced or identified ***any*** evidence showing that the copyrights from the original Athos entity were assigned to Athos Panama. Plaintiff Tr. at 421:21-422:03 (acknowledging that no such documents exist); *id.* at 423:12-424:23. In short, there is no evidence that the current Plaintiff actually owns the copyright to any of the works-in-suit.

Beyond all that, Plaintiff's motion ignores the undisputed evidence in the record that Plaintiff does ***not*** own certain of the works-in-suit. As set forth in YouTube's motion for summary judgment, in the same deposition testimony that is Plaintiff's only proffered evidence of ownership, Mr. Vasallo flatly admitted that Plaintiff does not own at least three of the works-in-suit (*El Dandy y Sus Mujeres*, *Las Calenturas De Juan Camaney II*, and *El Asesino Del Metro*). YT SUF ¶ 51; Plaintiff Tr. at 412:10-419:16. As to those works, YouTube (not Plaintiff) is entitled to summary judgment. YT MSJ at 8-9.

That is not all. It became clear in discovery that at least 88 of the works-in-suit that Plaintiff originally put at issue were owned by other entities. Willen MSJ Decl. ¶ 24. Plaintiff subsequently excluded these works from a spreadsheet it produced identifying the works-in-suit, but failed to remove those works from its pleadings. *Id.* ¶ 24 & Ex. 21. While it is not clear whether Plaintiff still intends those works to be part of the case, it certainly is not entitled to summary judgment as to their ownership. YT MSJ at 7-8. Moreover, the record is replete with DMCA counter-notices from various third parties asserting that Plaintiff does not own the copyrights to certain of the works-in-suit, which creates further triable issues on this point. *See, e.g.*, Willen MSJ Decl. Exs. 9-10.

In short, given Plaintiff's own admissions and the ample evidence that it does not own all of the works-in-suit, "genuine disputes of material fact preclude . . . entry of summary judgment" on ownership. *Roberts v. Gordy*, 359 F. Supp. 3d 1231, 1240 (S.D. Fla. 2019).

## CONCLUSION

For these reasons, Plaintiff's partial motion for summary judgment should be denied.

Respectfully submitted,

Dated: December 14, 2022

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile: (305) 789-2664

By: */s/ Jay B. Shapiro*
    Jay B. Shapiro, Esq.
    Florida Bar No. 776361
    jshapiro@stearnsweaver.com
    David T. Coulter, Esq.
    Florida Bar No. 119874
    dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
    Brian M. Willen, Esq. (*pro hac vice*)
    bwillen@wsgr.com
    Lucy Yen, Esq. (*pro hac vice*)
    lyen@wsgr.com
    Catherine Hartman, Esq. (*pro hac vice*)
    chartman@wsgr.com

***Counsel for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 14, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Jay B. Shapiro*

JAY B. SHAPIRO, ESQ.

## <u>SERVICE LIST</u>

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Yvette C. Buergo, Esq.
Florida Bar No. 1003212
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
ybuergo@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*