UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-CV-21698-DPG

ATHOS OVERSEAS LIMITED CORP.,

    Plaintiff,

v.

YOUTUBE, INC., YOUTUBE, LLC, and GOOGLE, LLC,

    Defendants.

**DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1, Defendants YouTube, LLC and Google LLC (collectively, "Defendants" or "YouTube") hereby respond to Plaintiff Athos Overseas Limited Corp.'s Statement of Material Facts in Support of Motion for Partial Summary Judgment (Dkt. 114), and set forth below which of Plaintiff's purportedly undisputed facts are in dispute.[1]

1. **Disputed**. Plaintiff has not included evidence in its Motion for Summary Judgment that supports its purported ownership of copyrighted works. Plaintiff suggests that it was assigned all of the copyrights at issue in this case by third parties. Plaintiff Tr. at 197:07-09. Such a transfer of copyright must be "in writing and signed" by the assignee under the Copyright Act. 17 U.S.C. § 204(a). Plaintiff fails to submit into the record any documents that would enable the Court to find Plaintiff was assigned, or otherwise owns, the copyrights to the works-in-suit. Plaintiff's Amended Complaint (Dkt. 100) contradicts this statement. *See id.* ¶¶ 1-2 (alleging that Carlos Vasallo owns his movie collection through several holding companies, not just Athos).

Plaintiff's sole evidence of these alleged copyright transfers is its own testimony as to the contents of the assignments. This violates the Best Evidence rule (Fed. R. Evid. 1002), lacks foundation (Fed. R. Evid. 602), and constitutes an improper legal conclusion (Fed. R. Evid. 703). Moreover, Plaintiff's testimony as to the contents of the unproduced assignments is inadmissible hearsay. *See Century Pac., Inc. v. Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 215 n.5 (S.D.N.Y. 2007) ("Numerous courts have rejected hearsay evidence by a corporate deponent when there is no additional evidence to support the statements." (collecting cases)), *aff'd*, 354 F. App'x 496 (2d Cir. 2009). The scope of Carlos Vasallo's alleged ownership of movies is not substantiated in the record and is speculative. Fed. R. Evid. 701.

2. **Disputed**. Plaintiff has not submitted into the record evidence in support of its purported ownership of copyrighted works in violation of Local Rule 56.1 (requiring supporting

---

[1] Abbreviations in this response are the same as, and defined within, Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment filed concurrently herewith ("Opp'n. Pl. MSJ").

evidence to be "attached to the statement as exhibits"). Plaintiff suggests that it was assigned all of the copyrights at issue in this case by third parties. Plaintiff Tr. at 197:07-09. Such a transfer of copyright must be "in writing and signed" by the assignee under the Copyright Act. 17 U.S.C. § 204(a). Plaintiff has not submitted any documents that would enable the Court to find Plaintiff was assigned, or otherwise owns the copyrights to the works-in-suit.

Moreover, Plaintiff has not produced or identified *any* evidence in this case showing that the copyrights from Athos Overseas Limited, a former company from the British Virgin Islands, were assigned to the current plaintiff, Athos Overseas Limited Corp., a company in Panama. Plaintiff Tr. at 421:21-422:03 (acknowledging that no such documents exist); *id.* at 423:12-424:23. In short, there is no evidence that the current Plaintiff actually owns the copyright to any of the works-in-suit. Worse still, Plaintiff itself admits that it does *not* own certain of the works-in-suit. Plaintiff Tr. at 412:10-419:16; *see* YT SUF ¶ 51.

Plaintiff's alleged evidence fails to include "specific, pinpoint references to particular parts of record material, including . . . electronically stored information" in violation of the local rules. S.D. Fla. Local Rule 56.1(b)(1)(B). For example, Plaintiff cites to "ATHOS003" generally—an entire unincorporated volume of produced documents—in violation of the local rules. *State Farm Mut. Auto. Ins. Co. v. Muse*, 2022 WL 413417, at *4 (11th Cir. Feb. 10, 2022) (district court did not abuse discretion by disregarding separate statement that "either failed to cite to the record at all or cited to lengthy documents in their entirety" in violation of S.D. Fla. Local Rule 56.1). Plaintiff's sole evidence of its alleged copyright assignments is thus its own testimony, which violates the Best Evidence rule (Fed. R. Evid. 1002), lacks foundation (Fed. R. Evid. 602), constitutes an improper legal conclusion (Fed. R. Evid. 703), and is tantamount to inadmissible hearsay (Fed. R. Evid. 801(c)). The scope of Plaintiff's alleged ownership of movies is not substantiated in the record and is speculative. Fed. R. Evid. 701.

3. **Disputed**. Plaintiff's motion does not purport to seek any determination of infringement of the works-in-suit, and presents no evidence of such infringement. *See supra* ¶¶

1-2. Plaintiff's conclusory statement that its movies have been "infringed" by YouTube is an unsupported and improper legal conclusion (Fed. R. Evid. 703), which YouTube's motion for summary judgment thoroughly refutes. *E.g.*, YT MSJ at 1. Moreover, as YouTube pleaded in its answer to the amended complaint (Dkt. 106), and as it explains in its Opposition to Plaintiff's MSJ (Opp'n Pl. MSJ at 7-16), there are a variety of valid defenses to Plaintiff's claims of copyright infringement.

Plaintiff's sole citation in support of this sweeping statement is an interrogatory response that Plaintiff has not attached to its motion. To the extent Plaintiff refers to the interrogatory response attached at Willen MSJ Declaration Exhibit 1, those written responses from Mr. Vasallo do not provide any additional evidence in support of Plaintiff's claim. Indeed, those interrogatories contradict Plaintiff's proposed timeline. *See id.* at 9 (Plaintiff's response to Interrogatory No. 3).

4. **<u>Disputed</u>**. Plaintiff's motion does not purport to seek any determination of infringement of the works-in-suit, and presents no evidence of such infringement. *See supra* ¶¶ 1-2. Plaintiff's conclusory statement that its movies have been "infringed" by YouTube is an unsupported and improper legal conclusion (Fed. R. Evid. Rule 703), which YouTube's motion for summary judgment thoroughly refutes. *E.g.*, YT MSJ at 1. Moreover, as YouTube pleaded in its answer to the amended complaint (Dkt. 106), and as it explains in its Opposition to Plaintiff's MSJ (Opp'n Pl. MSJ at 7-16), there are a variety of valid defenses to Plaintiff's claims of copyright infringement.

Plaintiff's alleged evidence fails to include "specific, pinpoint references to particular parts of record material, including . . . electronically stored information" in violation of the Local Rules. S.D. Fla. Local Rule 56.1(b)(1)(B). For example, Plaintiff cites to "ATHOS001" generally, an unincorporated volume of produced documents, in violation of the local rules. *Muse*, 2022 WL 413417, at *4. Moreover, Plaintiff cites to "ATHOS012"—a production volume that it served on October 11, 2022, weeks after discovery ended on September 16, the contents of

which are not properly in the suit to begin with (even had they been incorporated in this separate statement). Fed. R. Civ. P. 26, 37(c)(1).

Plaintiff's sole evidence of these alleged "10,000" DMCA takedown requests is its own testimony, which is inadmissible hearsay (Fed. R. Evid. 801(c)), violates the Best Evidence rule (Fed. R. Evid. 1002), lacks foundation (Fed. R. Evid. 602), and constitutes an improper legal conclusion (Fed. R. Evid. 703).

5.   **Disputed**. Plaintiff's motion does not purport to seek any determination of infringement of the works-in-suit, and presents no evidence of such infringement. *See supra* ¶¶ 1-2. Plaintiff's conclusory statement that its movies have been "infringed" by YouTube is an unsupported and improper legal conclusion (Fed. R. Evid. Rule 703), which YouTube's motion for summary judgment thoroughly refutes. *E.g.*, YT MSJ at 1. Moreover, as YouTube pleaded in its answer to the amended complaint (Dkt. 106), and as it explains in its Opposition to Plaintiff's MSJ (Opp'n Pl. MSJ at 7-16), there are a variety of valid defenses to Plaintiff's claims of copyright infringement.

6.   **Disputed**. Plaintiff's motion does not purport to seek any determination of infringement of the works-in-suit, and presents no evidence of such infringement. *See supra* ¶¶ 1-2. Plaintiff's conclusory statement that its movies have been "infringed" by YouTube is an unsupported and improper legal conclusion (Fed. R. Evid. Rule 703), which YouTube's motion for summary judgment thoroughly refutes. *E.g.*, YT MSJ at 1. Moreover, as YouTube pleaded in its answer to the amended complaint (Dkt. 106), and as it explains in its Opposition to Plaintiff's MSJ (Opp'n Pl. MSJ at 7-16), there are a variety of valid defenses to Plaintiff's claims of copyright infringement.

Nor is YouTube aware of the infringement of any of Plaintiff's copyrights by third parties. YouTube complies in all respects with the notice-and-takedown procedures of the DMCA, which do not require YouTube to make an independent assessment of the validity of third-party copyright infringement claims.

7. **Disputed**. On October 17, 2022, Plaintiff amended its complaint to substitute a new entity with a new name and new country of origin. As YouTube explained in its opposition to Plaintiff's motion for leave to file that amended complaint (Dkt. 94), Plaintiff's amendment was not ministerial. Rather than merely correcting a misnomer in the original plaintiff's name, the new Plaintiff, "Athos Overseas Limited Corp.," is an entirely new entity with different officers, directors, corporate formalities, and country of incorporation. That new entity's substitution over a month after the discovery deadline creates serious questions about Plaintiff's claims, including the basis upon which it asserts ownership over "works-in-suit" that were assigned to other entities. *See* Plaintiff Tr. at 421:21-422:03.

8. **Disputed**. The amendment of Plaintiff's complaint to substitute a new entity in place of the prior plaintiff changed various material facts and legal issues. *See supra* ¶ 7. For example, neither in its motion nor otherwise has Plaintiff produced or identified ***any*** evidence showing that the copyrights from the original Athos entity were assigned to the current plaintiff. Plaintiff Tr. at 421:21-422:03 (acknowledging that no such documents exist); *id.* at 423:12-424:23. In short, there is no evidence that the current Plaintiff actually owns the copyright to any of the works-in-suit. Moreover, Plaintiff's substitution of a new plaintiff after the discovery deadline denied YouTube the ability to conduct any document discovery related to the new Athos entity, and YouTube lacks the information and belief to confirm that Athos Panama is "factually identical" to the dissolved Athos from the British Virgin Islands. *See* Dkt. 94 at 1.

9. Undisputed.

10. **Disputed**. There is substantial evidence in the record that Plaintiff, through its wholly-owned subsidiaries Cine Estelar and Cine Nostalgia (Willen MSJ Decl. Ex. 1 at 140), maintained active YouTube accounts, which they used to upload promotional clips from certain of the works-in-suit to YouTube. YT MSJ at 5; Ex. G ("Vasallo Tr.") at 34:05-13, 34:22-25; Plaintiff Tr. at 444:13-446:17; Dkts. 129-6, 129-7 (identifying promos of works-in-suit uploaded

to YouTube by Cine Estelar and Cine Nostalgia). In so doing, Plaintiff's agents granted YouTube a license to those works. Zhu MSJ Decl. Ex. 1.

Plaintiff also produced correspondence from third-party licensees who uploaded the works-in-suit to YouTube. Willen MSJ Decl. Ex. 9; *id.* Ex. 16 at 28:25-30:14. There is no evidence that Plaintiff thereafter challenged the validity of those licenses conferred to YouTube. *Id.* Ex. 12 at 68:09-73:18.

YouTube's corporate testimony is an insufficient basis to determine that "no evidence" exists in support of YouTube's license defense, especially in light of this evidence in the record. *See* Opp'n Pl. MSJ at 7-10; *e.g.*, *Dixon Lumber Co. v. Austinville Limestone Co.*, 256 F. Supp. 3d 658, 668-69 (W.D. Va. 2017) ("Nothing in Rule 30(b)(6) suggests that a company that denies knowledge of a fact cannot produce evidence of that fact from another source. Nor does doing so prejudice the opposing party or subvert the discovery process."). Whether YouTube was aware of the licensing activities or Plaintiff and its agents and licensees is immaterial to whether evidence exists to show that Plaintiff, its agents, and licensees did in fact license the works to appear on YouTube. Plaintiff's proposed statement is especially inappropriate given that YouTube's corporate testimony was obtained *prior* to Plaintiff's belated admission that it provided various licenses to YouTube.

11. **<u>Disputed</u>**. YouTube identified several fair-use videos in detail, complete with references to their length, subject matter, and other characteristics. Carver Tr. at 48:15-51:10, 54:01-55:25. There are a number of other clips-in-suit that Plaintiff removed from YouTube via the DMCA that nonetheless appear to be fair uses, as they offer commentary on the movies at issue. *See* Opp'n Pl. MSJ at 11-13. For instance, a clip uploaded by user "CriticSight Oficial" showed portions of *Pánico En La Montaña* with commentary throughout. Ex. L. Likewise, a clip uploaded by user "Cinerds" showed Plaintiff's movie *Vacaciones De Terror* with two silhouettes of critics sitting in theater seats while talking over and critiquing the film. Ex. M.

YouTube's corporate testimony is an insufficient basis to determine that "no evidence" exists in support of YouTube's fair use defense, especially in light of this evidence from the record. *See* Opp'n Pl. MSJ at 11-13; *e.g.*, *Dixon Lumber Co.*, 256 F. Supp. 3d at 668-69. Fair use is a legal issue. *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021) (finding "the ultimate 'fair use' question primarily involves legal work"). And whether there is a triable issue on fair use does not turn on any knowledge that YouTube possessed about the clips at issue.

12. **Disputed**. YouTube users who uploaded the videos removed based on Plaintiff's DMCA notices often countered those notices via the DMCA process and asserted their right to upload the videos at issue. YT MSJ at 5; YT SUF ¶ 24. In that scenario, the DMCA authorized YouTube to restore the videos unless Plaintiff provided notice (within 10-14 business days) that it had filed a lawsuit against the allegedly infringing user. 17 U.S.C. § 512(g)(2)(C). Yet even though YouTube affirmatively told Plaintiff as much (Willen MSJ Decl. Exs. 9-10), Plaintiff never provided such notice (*see id.* Ex. 12 at 68:09-73:18). As to any such clips, Plaintiff is estopped from now claiming that YouTube's actions amounted to infringement.

YouTube offered Plaintiff at "no cost" Content ID as a ready-made solution for addressing, through technology, the problem that Plaintiff had complained about. YT SUF ¶ 39. Plaintiff summarily rejected YouTube's offer and chose not to use Content ID. *See* YT MSJ at 4-5; YT SUF ¶¶ 19, 35-40. Plaintiff also repeatedly refused YouTube's offers to use YouTube's other copyright-management tools, including Content ID, CVP, and Copyright Match. YT MSJ at 4-5; Carver Tr. at 97:13-98:01. YouTube detrimentally relied on Plaintiff's actions, or lack thereof. Opp'n Pl. MSJ at 7-14. YouTube's corporate testimony is an insufficient basis to determine that "no evidence" exists in support of YouTube's estoppel defense, especially in light of this evidence from the record. *See* Opp'n Pl. MSJ at 14-15; *e.g.*, *Dixon Lumber Co.*, 256 F. Supp. 3d at 668-69.

13. **Disputed**. YouTube's failure-to-mitigate defense is based on, *inter alia*, Plaintiff's rejection of available tools that would have helped it identify and, if it wished, remove

unauthorized material on YouTube. Willen MSJ Decl. Ex. 12 at 52:01-08; Plaintiff Tr. at 234:18-237:05. Plaintiff learned of the presence of its works on YouTube in 2012, yet waited a decade to file suit regarding alleged infringements of its works on the service. YT MSJ at 4-5; Willen MSJ Decl. Ex. 13. Plaintiff's takedown notices, which it began sending in 2014, resulted in the prompt removal of the identified videos. Nonetheless, Plaintiff repeatedly refused YouTube's offers to use YouTube's other copyright-management tools, including Content ID, CVP, and Copyright Match. YT MSJ at 4-5; Carver Tr. at 97:13-98:01.

Mr. Carver testified about Plaintiff's failure to use YouTube's copyright-management tools. Carver Tr. at 97:13-98:01. But, in any event, YouTube's corporate testimony is an insufficient basis to determine that "no evidence" exists in support of YouTube's failure to mitigate defense, especially in light of this clear evidence from the record. *See* Opp'n Pl. MSJ at 16-17; *e.g.*, *Dixon Lumber Co.*, 256 F. Supp. 3d at 668-69. YouTube's corporate knowledge is irrelevant to determining whether evidence exists showing that Plaintiff did in fact fail to mitigate damages.

14. **<u>Disputed</u>**. As explained in YouTube's summary-judgment motion, for thousands of the clips-in-suit, Plaintiff's purported infringement claims accrued before the May 3, 2018 cutoff date. MTD Order at 7-8; YT MSJ at 7-8. Plaintiff has no basis for seeking summary judgment on the statute of limitations for those clips. To the extent Plaintiff admits that those clips-in-suit are time-barred, YouTube does not contest Plaintiff's concession.

As for the "infringements at issue in this action," Plaintiff's motion does not purport to seek any determination of infringement of the works-in-suit, and presents no evidence of such infringement. *See supra* ¶¶ 1-2. Plaintiff's conclusory statement that its movies have been "infringed" by YouTube is an unsupported and improper legal conclusion (Fed. R. Evid. 703), which YouTube's motion for summary judgment thoroughly refutes. *E.g.*, YT MSJ at 1. Moreover, as YouTube pleaded in its answer to the amended complaint (Dkt. 106), and as it

explains in its Opposition to Plaintiff's MSJ (Opp'n Pl. MSJ at 7-16), there are a variety of valid defenses to Plaintiff's claims of copyright infringement.

15. **Disputed**. As explained in YouTube's summary-judgment motion, for thousands of the clips-in-suit, Plaintiff's purported infringement claims accrued before the May 3, 2018 cutoff date. MTD Order at 7-8; YT MSJ at 7-8. Plaintiff has no basis for seeking summary judgment on the statute of limitations for those clips. To the extent Plaintiff admits that those clips-in-suit are time-barred, YouTube does not contest Plaintiff's concession.

As for the "Defendants' infringement," Plaintiff's motion does not purport to seek any determination of infringement of the works-in-suit, and presents no evidence of such infringement. *See supra* ¶¶ 1-2. Plaintiff's conclusory statement that its movies have been "infringed" by YouTube is an unsupported and improper legal conclusion (Fed. R. Evid. Rule 703), which YouTube's motion for summary judgment thoroughly refutes. *E.g.*, YT MSJ at 1. Moreover, as YouTube pleaded in its answer to the amended complaint (Dkt. 106), and as it explains in its Opposition to Plaintiff's MSJ (Opp'n Pl. MSJ at 7-16), there are a variety of valid defenses to Plaintiff's claims of copyright infringement.

Finally, although YouTube admits that Plaintiff seeks damages in this action, YouTube disputes that Plaintiff is entitled to any damages in this action. Additionally, Plaintiff has not presented any supportable or admissible evidence of damages, and Plaintiff's damages expert is subject to exclusion pending this Court's decision on YouTube's Motion to Exclude Testimony from Plaintiff's Proposed Expert Doug Bania. Dkt. 118.

16. **Disputed**. Because Plaintiff has not included with this separate statement the videos files that YouTube allegedly "maintains," YouTube is unable to confirm the veracity of Plaintiff's statement as it applies to any specific video files. Plaintiff's alleged evidence fails to include "specific, pinpoint references to particular parts of record material, including . . . electronically stored information" in violation of the local rules. S.D. Fla. Local Rule 56.1(b)(1)(B). Plaintiff cites to *all* of "Defendants' ESI Productions to Plaintiff" in this case

generally, none of which it attaches or cites to specifically, in violation of the local rules. *Muse*, 2022 WL 413417, at *4.

17. **Disputed**. Defendants do not concede the absence of evidence of *de minimis* use, but are no longer pursuing *de minimis* use as an affirmative defense.

18. **Disputed**. Plaintiff admits there were "occasions" when, in response to Plaintiff's DMCA notices, uploaders submitted counter-notices asserting that they "had a license or the content constituted fair use." Pl. MSJ at 14. After initiating the DMCA notice-and-takedown process by submitting a notice, Plaintiff thereafter relinquished those infringement claims by deciding not to take legal action in response to the uploaders' counter-notices. *See* Opp'n Pl. MSJ at 7-11, 16-17. By deciding to abandon the statutory process it set in motion and to forgo these infringement claims, Willen MSJ Decl. Ex. 12 at 68:09-73:18, Plaintiff waived any right to sue YouTube over these clips.

YouTube's corporate testimony is an insufficient basis to determine that "no evidence" exists in support of YouTube's waiver defense, especially in light of Plaintiff's own concessions. *See* Opp'n Pl. MSJ at 15-16; *e.g.*, *Dixon Lumber Co.*, 256 F. Supp. 3d at 668-69. While Mr. Carver had no obligation "to be omniscient" or "have computer-like memory," *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 4258269, at *3 (S.D. Fla. Sept. 6, 2018), he did testify to those counter-notices in detail. *See* Opp'n Pl. MSJ at 7-13.

19. Undisputed.

Date: December 14, 2022

Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone:  (305) 789-3229
Facsimile:   (305) 789-2664

By:   */s/ Jay B. Shapiro*
       Jay B. Shapiro, Esq.
       Florida Bar No. 776361
       jshapiro@stearnsweaver.com

        David T. Coulter, Esq.
        Florida Bar No. 119874
        dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5801

        Brian M. Willen, Esq. (*admitted pro hac*)
        bwillen@wsgr.com
        Lucy Yen, Esq. (*admitted pro hac*)
        lyen@wsgr.com
        Catherine Hartman, Esq. (*admitted pro hac*)
        chartman@wsgr.com

***Counsel for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 14, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Jay B. Shapiro*
JAY B. SHAPIRO, ESQ.

## SERVICE LIST

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Natalie A. Ferral, Esq.
Florida Bar No. 1012314
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
ybuergo@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*