UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA

CASE NO. 1:21-cv-21698-DPG

ATHOS OVERSEAS LIMITED CORP.,

    *Plaintiff,*

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

    *Defendants.*
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Respectfully submitted,

    **DORTA & ORTEGA, P.A.**

    /s/ Omar Ortega
    Omar Ortega, Esq.
    Florida Bar No.: 0095117
    Reinaldo Dorta, Esq.
    Florida Bar No.: 0084920
    Rosdaisy Rodriguez, Esq.
    Florida Bar No.: 0112710
    Yvette C. Buergo, Esq.
    Florida Bar No.: 1003212
    3860 S.W. 8th Street, PH
    Coral Gables, Florida 33134
    Telephone: (305) 461-5454
    Facsimile: (305)461-5226
    Email: OOrtega@dortaandortega.com
    Email: RDorta@dortaandortega.com
    Email: RRodriguez@dortaandortega.com
    Email: YBuergo@dortaandortega.com
    Email: DKoch@dortaandortega.com
    Email: DCruz@dortaandortega.com
    ***Counsel for Plaintiff***

Plaintiff, Athos Overseas Limited Corp. (the "Plaintiff"), respectfully files this Reply in support of its Motion for Partial Summary Judgment (the "Motion") (DE 113).

## I.   Introduction

Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment (the "Opposition") (DE 139) shows Defendants are not entitled to assert the affirmative defenses at trial. Defendants withdrew their *De Minimis Use* defense and the Court struck their *Unclean Hands* assertion. The remaining defenses of license, fair use, statute of limitations, estoppel, waiver, failure to mitigate, and substantial non infringing use should be categorically rejected or at a minimum limited to specific instances of infringement. Defendants are not entitled to blanket defenses on all infringements at issue. Further, Defendants have not, and cannot, legitimately dispute the Plaintiff owns the copyrights of the films at issue. Therefore, Plaintiff's Motion for Partial Summary Judgment should be granted.

## II.   Argument

### 1. **Plaintiff is entitled to summary judgment on Defendants' affirmative defenses**.

#### a.   **Defendants have not met their burden of proof on the affirmative defenses.**

Plaintiff seeks summary judgment because Defendants have not put forth evidence supporting a defense to all the instances of infringement. Of course, that is exemplified by their deposition testimony. Defendants have the obligation to prove their defenses and even if the defense is equitable or legal, it still must be analyzed with the facts that support them. As stated below, there were facts within the Defendants' independent corporate knowledge Defendants chose to not disclose during the deposition. Now, they try to raise an issue of fact when they had an obligation to disclose all facts supporting their defenses when Plaintiff's was investigating those facts during the deposition of Defendants' Corporate Representative on Affirmative Defenses ("Mr. Carver").[1]

---

[1] Mr. Carver's deposition will be referenced as "Ds Depo". The transcript of the deposition was submitted under seal in connection with Plaintiff's Motion for Partial Summary Judgment (DE 133) and was assigned ECF No. 126.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 2 of 12

### b. Defendants fail to establish a genuine dispute of material fact on the viability of the license defense.

Now in Opposition to the Motion, Defendants argue that Plaintiff's subsidiaries, Cine Estelar and Cine Nostalgia, "upload[ed] promotional clips from certain works-in-suit to YouTube" and therefore, "YouTube [has] a license to the content in those clips." See Opp., p. 8[2]. In support of this, Defendants reference YouTube's Terms of Service ("TOS") and claim that "when users upload content to the service, they grant YouTube 'a worldwide, non-exclusive, royalty-free, sublicensable and transferable license' to use that content in connection with YouTube's business." Id. Therefore, Defendants argue the "have licenses to that content." Id. This argument does not support their defense.

First, Defendants admit that Plaintiff did not grant any license to YouTube directly. Ds Depo 24:21-24. Second, at Mr. Carver's deposition, Defendants confirmed they were aware of only one instance where a user claimed to have a license, but could not identify for what work in suit it was for. Ds Depo 29:18-25. The Defendants "███████████████████████████████████████████████████████████████." Ds Depo 41:03-06.

Third, Defendants provide no evidence supporting that any of the "promotional videos" they claim were uploaded by Cine Estelar or Cine Nostalgia are related to any of the clips-in-suit such that the license defense applies to any of those specific instances of infringement. Most of the clips-in-suit infringed by Defendants and their users are videos of an entire film belonging to the Plaintiff. Defendants do not meet their burden of proving the existence of a license authorizing the use of the infringing clips or films at issue without specifying which of the purported "promotional videos" allegedly uploaded by Cine Estelar or Cine Nostalgia relate to the clip-in-suit.

Fourth, even if YouTube has a license to the limited trailers that might have been uploaded by Cine Estelar and Cine Nostalgia, the infringing content at issue in this case is outside the scope of any purported license contained in the TOS as the TOS expressly prohibits copyright infringement. The TOS require users of the service to upload content that does "not include third-party intellectual property (such as copyrighted material) unless [the user] ha[s] permission from that party or [is] otherwise legally entitled to do so." DE 116-2 at Ex.1. Indeed, Defendants'

---

[2] "Opp." refers to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment (DE 139).

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 3 of 12

Corporate Representative testified that a license by an uploader is valid only if ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ See Ds Depo 29:6-7. In this case, Defendants have presented absolutely no evidence showing that Athos or any of its agents gave a license to the users that uploaded Plaintiff's content. In fact, the contrary is true; the evidence is Athos did not consent to the upload and YouTube's hosting of the clips-in-suit. DE 114, ¶10.[3] Further, Defendants do not provide any TOS between Cine Estelar or Cine Nostalgia and YouTube.[4]

Defendants' reliance on Business Casual Holdings, LLC v. YouTube, LLC, is misplaced as the case did not hold that the TOS provided YouTube with a license to allow third parties to infringe on plaintiff's content. Bus. Casual Holdings, LLC v. YouTube, LLC, No. 21-CV-3610 (JGK), 2022 WL 17177970 (S.D.N.Y. Nov. 22, 2022). The case granted dismissal of a Complaint and denied a motion for leave to file an Amended Complaint as the amended pleading did not "state a claim for direct copyright infringement because it is devoid of allegations casting doubt on the existence, validity, or enforceability of the License" with respect to three specific infringing videos. Id. at *5. The court did not find the TOS permitted others to infringe plaintiff's copyright.

Defendants also cite to Fodere v. Lorenzo, in support of their argument that Plaintiff's agents granted them a license to use the works in suit. Fodere v. Lorenzo, No. 09-CV23120, 2011 WL 465468, at *7 (S.D. Fla. Feb. 4, 2011), aff'd, 441 F. App'x 666 (11th Cir. 2011). Although Fordere states that "[g]enerally, a copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement" (Id. at *4) the case does not support Defendants' defense. Fodere involved copyright infringement of a single photograph taken by plaintiff and whether publishing that photo in a magazine infringed on plaintiff's copyright. Fodere, 2011 WL 465468, at *7. The dispute involved whether publishing that picture in a magazine was authorize by the written license or whether an oral license that exceeded the written consent had been granted. Id. Contrary to the case at bar, which involves thousands of clips-in-suit, Business Casual involved three instances of infringement and Fodere

---

[3] Defendants dispute this fact. But as stated in the paragraphs in this section there is no evidence that Plaintiff consented to all the clips-in-suit.

[4] It should be noted that the screen shots referenced in the Opposition showing the "promotional videos" allegedly uploaded by Cine Estelar and Cine Nostalgia reflect the items were posted as far back as eleven (11) years ago. DE 129-6, 129-7. In contrast, the TOS on which Defendants rely is from December 10, 2019. See DE 116-2 at Ex.1.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 4 of 12

involved one. The defendants in those cases showed a license to a specific instance of infringement. Here, Defendants failed to identify any license or to which of the clips-in-suit the purported licenses apply. Defendants have not compared the uploads with the thousands of infringements at issue. Therefore, Defendants have not met their burden to create a triable issue on this defense.

Defendants attempt to put Plaintiff in a bad light before this Court by making salacious allegations of discovery misconduct. Defendants argue Mr. Vasallo lied when he verified Plaintiff's answers to interrogatories wherein Plaintiff stated it did not have a YouTube account and that Mr. Vasallo also did not have one. Mr. Vasallo and Plaintiff do not have an account wherein they upload content to YouTube, and Defendants' characterization to the contrary of Mr. Vasallo's testimony is disingenuous. Additionally, Defendants also allege it was not until after Mr. Carver's when Mr. Vasallo supposedly admitted that Cine Estelar and Cine Nostalgia "used their YouTube accounts to upload potentially thousands of videos, including promotional clips of the works-in-suit." Opp., p. 9. Mr. Vasallo's and thus Plaintiff's, testimony has been unequivocal at all times during this litigation. Neither Plaintiff, nor Cine Estelar, Cine Nostalgia, or any of Mr. Vasallo's companies, have ever uploaded any of Athos' movies to YouTube. Mr. Vasallo provided the following testimony:

> THE WITNESS: **Top, Athos, and none of my companies have ever, ever uploaded one single of my movies to YouTube. Never.** And it's shameful you ask me that.
> ***
>
> Q Has Top Products Investments, Inc. ever uploaded a video containing a Works in Suit in YouTube?
> A No. No, the questions have to be clear because I know where this is going. **Top has never uploaded any movie.** And the way you're putting it is as if we may have uploaded a piece. I haven't said that. **What I'm saying is that no Work in Suit has ever been uploaded, ever.**
> ***
>
> Q Has Cine Estelar ever used YouTube?
> []
> THE WITNESS: That I do not know because Cine Estelar, it has been said before, has distribution with several cable entities, and whether they've uploaded trailers or promos at any given time, I don't have a memory of it with absolute certainty, so I don't know.
> Q Who would have more information about that?

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 5 of 12

> A No, there's no one. How could there be information on what doesn't exist? If somebody did, it may have been an employee of DirectTV or Charter or the promo department, or whoever, or any of the distributors. **What is for sure is that nobody has uploaded a movie other than you guys.** What is certain is that nobody has commercialized them other than the pirates and you guys, but not me for sure.

Ps. Depo.[5] 441:3-6; 442:7-15; 443:19 – 444:12 (emphasis added). Plaintiff's testimony is clear: Athos has never authorized the upload of its movies to YouTube. Additionally, Defendants' allegation that Plaintiff misrepresented its licensing activities is contradicted by their own citations to the record in their Opposition. Mr. Vasallo testified on August 30, 2022, during the first of his three depositions, that Athos licenses its movies through Cine Estelar and Cine Nostalgia so "the movies can be aired[.]" See Opp., p. 8 (citing to Ps Depo at 41:03-10). Mr. Vasallo explained that

> Cine Nostalgia and Cine Estelar have a contract with DirecTV or AT&T or whoever. The only ones – the only ones it doesn't have a contract with is YouTube and Google, who are the ones who steal it. The rest of them, they have contracts. Everyone who has my movies has a contract, except YouTube and Google.

Ps Depo 78:4-9. Defendants' statement that Mr. Vasallo did not comply with its discovery obligations is untrue and a red herring.

Finally, Defendants' argument that it has licenses to the clips-in-suit based on purported licenses given by Plaintiff's licensees also fails to create a genuine dispute of material fact over the viability of the defense. Defendants argue they have a license for certain clips at issue because they received a counter notification from the uploader of the infringing content in response to Plaintiff's notice of infringement. Opp., p. 10. Specifically, Defendants argue that in response to a "notice that Plaintiff issued for the work-in-suit, *Mafia Latina en USA*, the uploader responded that the subject film had been licensed to him." Opp., p.10. Defendants solely rely on the statement by the uploader who did not want a copyright strike on his account. However, Defendants do not know and have failed to prove whether a license actually exists authorizing such a user's upload of the specific movie. Ds Depo 31: 19-20 ("███████████████████████████████") Defendants do not have evidence of ███████████████████████████████████████████████████████████████". Ds Depo 46:17 – 47:1.[6] In their Opposition, Defendants also include

---

[5] "Ps Depo" refers to Plaintiff's deposition (ECF No. 114-1).
[6] During the deposition of the corporate representative, Defendants could not identify to which work in suit or clip in suit the counter notification alleged related to. Ds Depo 30:24-25, 31:21-23.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 6 of 12

other counter notifications as Ex. N where the uploader claimed it had a license. None of these were discussed during Defendants' deposition. Nonetheless, Defendants do not have evidence supporting a license exists. In fact, when a counter notification is received, YouTube removes itself from the equation and allows the claimant and counterclaimant to debate who has paramount rights. Ds Depo 33:12-20. Accordingly, Defendants have not met their burden of proof to show that Plaintiff gave the uploaders a license to upload a work-in-suit to YouTube. Moreover, to the extent the Court finds an unsubstantiated counter-notification to be sufficient proof of a license to that clip-in-suit, the license is valid only to the specific video referenced in the counter notice. The allegation of a license supporting the upload of one video is not a blanket license to the works in suit.

### c. Defendants are not entitled to assert Fair Use on all clips-in-suit.

As set forth in Plaintiff's Motion, during the deposition Defendants were unable to identify the clips-in-suit they assert are fair use and not infringement. See Ds Depo. 047:15-048:01; 48:14-21; 053:06-054:06; 054:09-054:10, 055:01-055:03, 055:07-055:10. During the deposition, Mr. Carver vaguely described he saw one url where there was critique of a film, but did not provide information to identify which of the thousands of clips Defendants claim is fair use. See id. Now, in the Opposition, Defendants include the url for a film and state that was the video that Mr. Carver referenced during the deposition. In the same fashion, Defendants include in the Opposition two additional clips they claim are fair use. Defendants assert that Mr. Carver's failure to identify the videos during his deposition is inconsequential because fair use is a legal issue. Whether it is a legal or equitable issue is not the point. Rather, what evidence did Defendants provide to prove its defense? As reflected in the Opposition, Defendant provide no evidence whatsoever. Fair use may be a legal issue, but which particular video will be asserted to be fair use is a fact that should have been disclosed at the deposition and it was not. This defense is premised on a correspondence YouTube received from its user. Therefore, identification of clip claimed to be fair use is a fact within the Defendants corporate knowledge. As a result, Defendants' failure to identify those clips at the deposition should preclude them from asserting them now because they have not me their burden of proof. Even if this Court permitted this late and contradictory disclosure, which it should not, the fair use defense does not extend to all infringing videos at issue. Accordingly, the Court should grant summary judgment against Defendants and limit the defense solely to the specific clips described in Defendants' Opposition.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 7 of 12

### d. Statute of Limitations

Defendants' statute of limitations defense was disposed of when the Court ruled on their motion to dismiss. Consistent with Court's Order on the motion to dismiss (DE 44), the only claims at issue are those that accrued after May 3, 2018. Accordingly, Defendants are no longer entitled to assert Statute of Limitations as an affirmative defense. To the extent the Court allows the defense to proceed on the issue of accrual of the claim for videos that were posted on YouTube prior to May 3, 2018 but for which the takedown notice was sent after that date, as Defendants argue in their Motion for Summary Judgment (DE 115) and incorporate to the Opposition, the jury will have to determine "when did Plaintiff know, or when should [it] reasonably have known, of Defendants' allegedly infringing actions?" Lorentz v. Sunshine Health Prod., Inc., No. 09-61529-CIV, 2010 WL 3733986, at *5 (S.D. Fla. Aug. 27, 2010), report and recommendation adopted, No. 09-61529-CIV, 2010 WL 3733985 (S.D. Fla. Sept. 23, 2010) (finding an issue of material fact when the cause of action accrued under the discovery rule). Defendants are not entitled to summary judgment on that issue. Plaintiff incorporates herein its responsive arguments as set forth in DE 138.

### e. There are no triable issues on the estoppel defense.

Defendants make two arguments in support of the defense. We addressed the second argument first. Defendants allege Plaintiff's should be estopped from asserting infringement against YouTube because Plaintiff rejected YouTube's offer of Content ID. Opp., p. 14. Defendants' argument is they relied on Plaintiff's purported rejection of Content ID and so a jury should find Plaintiff conceded to the infringement. Setting aside the reasons Plaintiff declined YouTube's unreasonable offer to use Content ID, Defendants' argument is so egregious in light of thousands of takedown notices Plaintiff sent to attempt to remove its content from YouTube after rejecting YouTube's unconscionable offer, that it is shocking. There is no genuine issue of material fact with respect to whether Plaintiff "tolerate[d]" (Opp., p.15) its content being displayed on YouTube. The lack of consent is clear. The evidence is Plaintiff sent thousands of takedown notices because the infringement was not tolerated. Defendants do not meet the elements of estoppel on this argument as the evidence does not support them; particularly, reliance. Mr. Carver's testimony is the best evidence concerning Defendants reliance. Ds Depo 60:12-22, 61:07-11. Defendants also argue that "had [plaintiff] communicated [its] preferences to Google, the parties would have avoided the present lawsuit entirely." Opp., p.15. Defendants statement is truly

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 8 of 12

mind-blowing. Had Defendants complied with their obligation to remove the infringing content expeditiously rather than ignoring the red flags of infringement (as asserted in Plaintiff's Response to Defendants' Motion for Summary Judgment (DE 138), then the lawsuit could have been possibly avoided. Instead, Defendants intentionally allow the infringement to continue rampantly in their platform solely for their financial gain, (see DE 138), even when they were constantly receiving takedown notices from Plaintiff.

The other argument Defendants assert is that Plaintiff should be estopped from asserting infringement with respect to clips where Plaintiff allegedly did not challenge counter-notices under the DMCA process and therefore YouTube was allowed to repost those clips. Defendants Opposition does not describe such clips with particularity, and therefore they failed to meet their evidentiary burden. Moreover, the defense would only apply to those minute, specific clips. Defendants are not entitled to an estoppel defense on all clips.

### f. Defendants are not entitled to Waiver defense on all instances of infringement.

Defendants defense of waiver is premised on the same assertion as estoppel. Defendants argue Plaintiff waived the infringement claim when it allegedly did not respond to an uploader's counter-notice. Opp., p.15. These purported counter notifications were not identified in Defendants' deposition although the defense is based on allegations contained in counter-notices they received, and thus are facts within their independent corporate knowledge. Nevertheless, to the extent the Court allows the waiver defense to be decided by a jury, the defense is limited to the very limited specific clips mentioned in the Opposition and not to all infringements at issue.

### g. Failure to Mitigate

At Defendants' deposition, Mr. Carver testified the failure to mitigate defense is related to 

" Ds Depo. 066:25-067:02; DE 114, ¶13. The defense relies on a period when ▮▮▮▮▮▮▮▮ Ds Depo. 067:07-23; DE 114, ¶13. Now, Defendants change their defense and assert Plaintiff failed to mitigate its damages by its "rejection of available tools that would have allowed it to police potential infringement of its works in YouTube" and "waiting a decade to file suit" Opp., p.16. The Court should disregard these new bases because they were neither stated in Defendants' pleading nor were disclosed during the Mr. Carver's deposition who was designated to testify about Defendants' affirmative defenses.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
<u>Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment</u>
Page 9 of 12

Additionally, the new asserted bases are nonsensical. As to the first new basis, it is an undisputed fact that Plaintiff did use the takedown notice method to police infringement of its works on YouTube. Yet, Defendants ignored the red flags of infringement and, rather than stop the infringement, they allowed it to continue. (See DE 138). As to the second new basis, Defendants' lawsuit seeks damages for YouTube's infringements within the statute of limitations. YouTube allows new instances of infringement to occur delay even after the filing of this lawsuit. Plaintiff used the takedown notice method to stop YouTube's infringement, but YouTube has refused to stop the infringement. There is not even a scintilla of evidence supporting Defendants' argument that Plaintiff knowingly failed to stop copyright infringement. The evidence shows Plaintiff sent thousands of requests for YouTube to stop the infringement. The evidence also shows YouTube failed to expeditiously remove the infringing content, ignored the red flags of infringement and allowed the infringement to continue rampantly solely to benefit itself and to the detriment of Plaintiff. See DE 138. Defendants are not entitled to assert failure to mitigate as a defense.

### h. Substantial Non Infringing Use

Defendants' defense of substantial non infringing use is pleaded as to all counts. Defendants did not limit the defense to claims for contributory infringement. Accordingly, as Defendants concede, Plaintiff is entitled to summary judgment on that defense as it relates to claims for direct infringement because the doctrine does not apply to those causes of action.

### 2. **Plaintiff is entitled to summary judgment on ownership.**

Plaintiff has provided substantial and uncontroverted evidence proving it owns the copyrights to the works-in-suit. Plaintiff's Statement of Undisputed Material Facts ("SOF") (DE 114) cites to the evidence proving ownership. Specifically, paragraph 2 cites to Plaintiff's deposition testimony and the ESI documents that were produced to Defendants in this action. The SOF states that Plaintiff's ESI production identified as ATHOS003 *unredacted* contains the Plaintiff's direct copyrights to each film or the assignment of the copyright conveyed to Plaintiff by the prior owner. DE 114, ¶2. This ESI production contains over 1300 pages of ownership documents. Defendants have no legitimate basis to dispute Plaintiff's ownership except for three movies, which Plaintiff has admitted are owned by another of Mr. Vasallo's companies. See DE 137, ¶30. Plaintiff properly cited to the ESI evidence proving its ownership of the copyrights at issue. See S.D. Fla. Local Rule 56.1 (b)(1)(B) (stating pinpoint references to particular parts of record material may include electronically stored information). For Defendants to dispute those

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 10 of 12

documents, particularly when they moved for summary judgment for lack of ownership on three specific films, reflects Defendants' disregard for this process. Defendant provide no evidence refuting Plaintiff's ownership, disputing the testimony or disputing the documents produced in Athos003 *unredacted*. To the extent the Court finds it necessary for the Plaintiff to submit the documents, Plaintiff respectfully seeks leave to do so. Nonetheless, Defendants have no legitimate basis to dispute Plaintiff's ownership of the works-in-suit. This is not shifting the burden of proof for Defendants to disprove ownership. Plaintiff has proven ownership and Defendants have no legitimate basis to dispute it.

Despite the Court's granting of Plaintiff's motion to correct a misnomer in the Complaint (DE 98), Defendants insist that Athos Overseas Limited Corp., is a new plaintiff, and thus Plaintiff has not proven ownership. Again, Defendants have no legitimate ground to contest Plaintiff's ownership of the copyrights and resort to arguing that Athos Overseas Limited Corp., is a different entity. This is another red herring. The Court disagreed with Defendants' arguments that Athos Overseas Limited Corp., is not the Plaintiff. Moreover, the evidence of record is that Plaintiff only changed its domicile. DE 90, 98; Ps Depo 54:6-7 ("it is a change of location of records. It changes its domicile from BVI to Panama"; 71:2-3 ("Only the domicile was transferred to Panama. But the company remains the same."); 207:17-20 ("Athos BVI transferred its domicile to Panama with the same properties, assets, everything it had from one place to another. It's simply the continuation of an entity."); 208:13-17 ("There's only one Athos. Not entities. Only one. I understand where you're going. You're going around the bushes, but why waste time? There's only one Athos. I can domicile it anywhere.") 377:14 ("what was done was a change of domicile[.]"); 377:21-25 ("what I decided was that Athos Overseas should no longer be incorporated in BVI and it should be incorporated in Panama. It's what's called a change in domicile[.]").

Defendants have no legitimate basis to dispute Plaintiff's ownership of the works-in-suit and the clips-in-suit. Plaintiff has identified the specific instances of infringement in its complaint and in discovery, and Defendants have no valid evidence disputing such ownership. Therefore, Plaintiff is entitled to summary judgment on the issue of ownership of the copyrights at issue.

### i. Conclusion

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment should be granted.

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 11 of 12

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of December 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that a true and correct copy of the foregoing has been served via automated e-mail on all counsel of record:

                                      /s/   Omar Ortega
                                        Omar Ortega

| | |
|---|---|
| **Jay B. Shapiro, Esq.**<br>**David T. Coulter Esq.**<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone:(305) 7869-3229<br>Facsimile: (305) 789-2664<br>Email: jshapiro@stearnsweaver.com<br>Email: dcoulter@stearnsweaver.com<br>***Counsel for Defendants*** | **Brian M. Willen, Esq.**<br>**Lucy Yen, Esq.**<br>Wilson Sonsini Goodrich & Rosati, P.A.<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com<br>Email: lyen@wsgr.com<br>***Counsel for Defendants*** |

*Athos Overseas Limited Corp. v. YouTube, LLC, et. al.*
Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment
Page 12 of 12