UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21698-DPG

ATHOS OVERSEAS LIMITED CORP.,

    Plaintiff,

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE LLC,

    Defendants.

**DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC'S REPLY IN SUPPORT OF
<u>SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

The following Reply in Support of YouTube's Separate Statement of Undisputed Facts is submitted by Defendants YouTube, LLC and Google LLC (collectively, "YouTube") in support of YouTube's Motion for Summary Judgment (Dkt. 115) in the above-captioned matter.[1]

There is no remaining dispute as to the facts that Plaintiff openly admits.[2] Nor is there a genuine dispute as to the facts that Plaintiff admits but critiques the contents of supporting documents,[3] which is not an actual dispute as to the statement itself. *E.g.*, *Guantanamera Cigars Co. v. SMCI Holding, Inc.*, 2022 U.S. Dist. LEXIS 78513, at *8 (S.D. Fla. Apr. 29, 2022) (court found in trademark dispute that "many of the factual disputes are either not disputes or are premised on incorrect legal argument. These 'disputes' often challenge the admissibility of the evidence upon which the fact is based, contain inclusion of additional facts for context (which are not actual disputes but, instead, are additional facts), or offer improper legal argument"); *Naraine v. City of Hollywood*, 2022 U.S. Dist. LEXIS 149244, at *30 n.13 (S.D. Fla. Aug. 19, 2022) ("This response does not actually rebut the [defendant's] statement, and therefore the Court treats this fact as undisputed." (citing S.D. Fla. Local Rule 56.1(b)(2)); *Gonzalez v. Florida City*, 2021 U.S. Dist. LEXIS 173718, at *4 n.2 (S.D. Fla. Sept. 13, 2021) ("This non-dispute is similar to the following illustration: A defendant submits a statement of facts which contends through record evidence citations that a traffic light was green for defendant at the time of the vehicle collision at issue and the plaintiff's response claims that this is disputed because it was raining at the time of the collision.").

Plaintiff has only tried to oppose a handful of YouTube's statements on the merits. But for every statement it opposed (save one), Plaintiff has failed to cite *any* evidence in support, which

---

[1] Abbreviations in this separate statement are the same as, and defined within, Defendants' Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment (Dkt. 115, "YT MSJ Reply").

[2] *Compare* Dkt. 116 ("YT SUF") ¶¶ 2-3, 5-6, 9, 13, 15-18, 20, 22, 27, 29, 32, 34-37, 39-43, 51, *with* Dkt. 137 ("Pl. Opp'n SUF") (same).

[3] *Compare* YT SUF ¶¶ 1, 4, 7-8, 10, 12, 19, 21, 26, 38, 48-50, *with* Pl. Opp'n SUF Resp. (same).

is a violation of Local Rule 56.1(b). *UMG Recordings, Inc. v. Vital Pharms., Inc.*, 2022 U.S. Dist. LEXIS 122046, at *2 n.1 (S.D. Fla. July 11, 2022) ("Vague responses which are not limited to the specific subject matter of that particular dispute and/or which fail to clearly identify admissible evidence with pinpoint citations are insufficient . . . to create a genuine dispute of material fact."); *Burton v. Carnival Corp.*, 2021 U.S. Dist. LEXIS 247064, at *6 (S.D. Fla. Dec. 27, 2021) (same). All of YouTube's statements here, too, are undisputed.[4] For ease of the Court's reference, those non-disputes are addressed briefly as follows:

## YOUTUBE'S UNDISPUTED FACTS IN ITS SEPARATE STATEMENT

11.   This fact is **undisputed**. Plaintiff does not dispute that YouTube removes specific videos (i.e., clips) located at URLs that are correctly identified by valid DMCA notices. YT MSJ Reply at 3; *see also* SUF ¶ 25. Plaintiff seems to take issue with another point: that YouTube does not affirmatively patrol its service for additional examples of related content *beyond* the URLs identified in valid DMCA takedown notices. YouTube has no obligation to affirmatively patrol its service under law. But, at any rate, YouTube's actual statement is undisputed.

14.   Plaintiff does not say whether this fact is disputed or undisputed, in violation of Local Rule 56.1(b)(2)(B), but it is clearly **undisputed**. Plaintiff and its agents provided multiple sworn answers that Plaintiff did not use any "technical measures" to identify or protect its copyrighted works. Ex. 1 at 140; *accord* Ex. 12 at 52:01-08. Plaintiff's response that "the search was conducted manually" does not change its prior answers nor identify any standard technical measure that it used or could or would have used. Pl. SUF Resp. ¶ 14.

19.   This fact is **undisputed**. Beyond merely critiquing the supporting documents, Plaintiff argues "those tools are not available to all copyright holders." That is irrelevant to the actual statement made and insufficient to constitute a dispute. Moreover, Plaintiff admits it was offered access to YouTube's copyright management tools. Pl. SUF Resp. ¶¶ 35-40.

---

[4] *Compare* YT SUF ¶¶ 11, 14, 19, 23-25, 28, 30-31, 33, 44-47, 52-53, *with* Pl. SUF Resp. (same).

23. This fact is **undisputed**. Plaintiff does not dispute that YouTube expeditiously removes specific videos (i.e., clips) located at URLs that are correctly identified by valid DMCA notices. Pl. SUF Resp. ¶ 29 (admitting "Plaintiff does not identify any URLs in Complaint Exhibit B that remained active on YouTube four weeks after the issuance of a DMCA takedown notice as to that URL, absent a counter notice from the uploading user."); *see generally* Am. Compl. Ex. B (identifying removal dates within days of issuing DMCA takedown notices). That was YouTube's actual statement. Without citing any evidence, Plaintiff seems to take issue with a separate point: that YouTube does not affirmatively patrol its service for additional examples of related content *beyond* the content identified in valid DMCA takedown notices. YouTube has no obligation to affirmatively patrol its service for instances of potential infringement under law. But, at any rate, YouTube's actual statement is undisputed.

To the extent Plaintiff's response does in some way address the undisputed fact that YouTube expeditiously removes the content at the URLs identified by valid DMCA notices, such a statement should be disregarded as an unsupported sham. *See Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 656 (11th Cir. 1984) (an affidavit that contradicted testimony on deposition was a sham when the party merely contradicted its earlier testimony without giving any valid explanation). Plaintiff's statement, made for the first time in opposing summary judgment, would contradict the overwhelming weight of Plaintiff's own testimony. *See* SUF ¶ 23 (collecting examples). Plaintiff's conclusory contradiction here is even more egregious because it does not cite ***any*** evidence, even a declaration, to contradict its prior sworn testimony.

24. This fact is **undisputed**. Plaintiff's attempt to manufacture a dispute for purposes of summary judgment should be disregarded as an unsupported sham. *See Van T. Junkins & Assocs.*, 736 F.2d at 656. Plaintiff's agents provided deposition testimony directly supporting YouTube's statement. *See* SUF ¶ 24. Plaintiff does not cite ***any*** evidence, even a declaration to contradict its agents' prior sworn testimony.

25. This fact is **undisputed**. Plaintiff does not dispute that YouTube expeditiously removed the clips-in-suit where appropriate once they were identified by valid DMCA notices.

*See supra* ¶ 23; Pl. SUF Resp. ¶ 29. That was YouTube's actual statement. Without citing any evidence, Plaintiff seems to take issue with a separate point: that YouTube does not affirmatively patrol its service for additional examples of related content *beyond* the content identified in valid DMCA takedown notices. YouTube has no obligation to affirmatively patrol its service for instances of potential infringement. But, at any rate, YouTube's actual statement is undisputed.

To the extent Plaintiff's response does in some way address the undisputed fact that the clips-in-suit were appropriately removed, such a statement should be disregarded as an unsupported sham. *See Van T. Junkins & Assocs.*, 736 F.2d at 656. Plaintiff's statement, made for the first time in opposing summary judgment, would contradict the overwhelming weight of Plaintiff's own testimony. *See* SUF ¶ 25 (collecting examples). Plaintiff's conclusory contradiction here is even more egregious because it does not cite *any* evidence, even a declaration, to contradict its prior sworn testimony.

28.  This fact is **undisputed**. Plaintiff does not dispute that YouTube expeditiously removes specific videos (i.e., clips) located at URLs that are correctly identified by valid DMCA notices. *See supra* ¶ 23; Pl. SUF Resp. ¶ 29. But that was YouTube's actual statement. Without citing any evidence, Plaintiff seems to take issue with another point: that YouTube does not affirmatively patrol its service for additional examples of related content *beyond* the content identified in valid DMCA takedown notices. YouTube has no such obligation to affirmatively patrol its service for instances of potential infringement under law. But, at any rate, YouTube's actual statement is undisputed.

To the extent Plaintiff's response does in some way address the undisputed fact that YouTube expeditiously removes the content at the URLs identified by valid DMCA notices, such a statement should be disregarded as an unsupported sham. *See Van T. Junkins & Assocs.*, 736 F.2d at 656. Plaintiff's statement, made for the first time in opposing summary judgment, would contradict the overwhelming weight of Plaintiff's own testimony. *See* SUF ¶ 28 (collecting examples). Plaintiff's conclusory contradiction here is even more egregious because it does not cite *any* evidence, even a declaration, to contradict its prior sworn testimony.

30.  This fact is **undisputed**. Plaintiff has admitted that it does not own all of the copyrighted works listed by title in Exhibits A or B to the Complaint. There are over 700 alleged works in the Amended Complaint. *See* Am. Compl. Exs. A-B. Plaintiff has repeatedly stressed that the actual number of works-in-suit it owns from that list is much lower: approximately 500. Discovery has confirmed this. Dkt. 116-1 ¶¶ 22-24; Ex. 21; Ex. 15b at 190:05-16, 207:04-10; *see* Pl. SUF Resp. ¶ 63. Plaintiff's opposition thus contradicts record (and itself).

31.  This fact is **undisputed**. According to Plaintiff's Amended Complaint Exhibit B, at least 3,003 clips-in-suit were the subject of DMCA takedown requests prior to May 3, 2018. Plaintiff provides no evidence to the contrary, but in fact "admits" that clips identified in Amended Complaint Exhibit B were sent prior to May 3, 2018.

33.  This fact is **undisputed**. Plaintiff testified that approximately 2,000 portions of its clips were uploaded to YouTube by its subsidiaries. Ex. 15c at 443:19-446:17. Many of those uploaded videos clearly include titles from the works-in-suit in this case. *Compare* Dkts. 129-6, 129-7 (films uploaded to YouTube by Cine Estelar and Cine Nostalgia), *with* Ex. 21 (list of works-in-suit). Plaintiff provides no contrary evidence and does not try to explain how YouTube's evidence does not support its assertion.

44.  This fact is **undisputed**. Plaintiff's opposition is non-responsive. There is no dispute that Plaintiff's DMCA notices identified specific clips-in-suit, all of which were removed from YouTube or subject to a valid counternotice under the DMCA. Plaintiff argues "the DMCA notices identified additional instances of infringement." But this does not make sense. Either the clip-in-suit is identified by the DMCA notice or it is not. DMCA notices cannot identify "additional instances of infringement" that they do not actually identify. Indeed, the statute states that a notice "that fails to comply substantially with" the statutory requirements "shall not be considered" for the purposes of determining whether the service provider has knowledge of infringement under the DMCA. § 512(c)(3)(B)(i). Moreover, Plaintiff cites no evidence to explain its theory that DMCA notices apply to clips they fail to mention.

45. This fact is **undisputed**. Plaintiff provides no evidence to suggest that YouTube had knowledge of any specific alleged infringement of Plaintiff's works-in-suit on YouTube. Plaintiff makes an unsupported argument that YouTube could potentially identify clips similar to Plaintiff's clips-in-suit, but Plaintiff identifies no examples of such identification. Even if it did, that would not constitute knowledge of potential infringement.

46. This fact is **undisputed**. Plaintiff provides no evidence to suggest that YouTube promotes or encourages copyright infringement on its platform, and none exists.

47. This fact is **undisputed**. Plaintiff provides no evidence to suggest that YouTube promotes or encourages copyright infringement on its platform, and none exists.

52. This fact is **undisputed**. Plaintiff provides no evidence to suggest that YouTube operates its service with the object of promoting its use to infringe Plaintiff's copyrights, and none exists.

53. This fact is **undisputed**. According to Plaintiff's Amended Complaint Exhibit B, at least 1,155 clips-in-suit are based on film titles that are not works-in-suit. *Compare* Am. Compl. Ex. B, *with* Ex. 21 (list of works-in-suit). Plaintiff provides no evidence to the contrary, but in fact "admits . . . [t]hose films are not a part of works in suit and Plaintiff does not seek damages for those infringements." *See* Pl. SUF Resp. ¶ 53.

### PLAINTIFF'S ADDITIONAL FACTS[5]

54. **Disputed**. This statement is substantially identical to Plaintiff Athos Overseas Limited Corp.'s Statement of Material Facts in Support of Motion for Partial Summary Judgment (Dkt. 114, "Plaintiff's MSJ SUF") paragraph 1, which YouTube disputes in substantial detail in its opposition to that statement. Dkt. 140 ¶ 1.

55. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 2, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 2.

---

[5] These additional facts are memorialized in Plaintiff's Response to YouTube's Separate Statement of Undisputed Material Facts. Dkt. 137 ¶¶ 54-83.

56. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 3, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 3.

57. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 4, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 4.

58. Undisputed.

59. **Disputed**. YouTube is incapable of attesting to all of the DMCA takedown notices that Plaintiff has issued since 2016. Plaintiff's statement does not even specify to whom the DMCA notices were issued. Nor does YouTube take a position as to whether all of Plaintiff's DMCA takedown notices in the Amended Complaint Exhibit B were valid and complete as to the clips-in-suit alleged in this lawsuit.

60. **Disputed**. YouTube is incapable of attesting to all of the DMCA takedown notices that Plaintiff has issued since May 13, 2018, an arbitrary date. Plaintiff's statement does not even specify to whom the DMCA notices were issued. Nor does YouTube take a position as to whether all of Plaintiff's DMCA takedown notices in the Amended Complaint Exhibit B were valid and complete as to the clips-in-suit alleged in this lawsuit.

61. **Disputed**. This statement is a fragment that is difficult to understand and respond to. To the extent Plaintiff meant to say that it has issued 3,389 repetitive DMCA takedown notices for the clips-in-suit, there is no evidence of that statement in the record, and certainly not in the Amended Complaint (Plaintiff's sole citation). Indeed, there is no dispute that YouTube removed the clips-in-suit expeditiously in response to DMCA takedown notices, rendering any additional takedown notices as to those clips superfluous.

Plaintiff's fragment of a statement does not even specify to or from whom the potential DMCA notices were issued. Nor does YouTube take a position as to whether all of Plaintiffs' DMCA takedown notices in the Amended Complaint Exhibit B were valid and complete as to the clips-in-suit alleged in this lawsuit.

62. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 5, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 5.

63. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 6, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 6.

64. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 7, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 7.

65. Undisputed.

66. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 10, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 10.

67. **Disputed**. This statement is substantially identical to Plaintiff's MSJ SUF paragraph 15, which YouTube disputes in substantial detail in its opposition. Dkt. 140 ¶ 15.

68. **Disputed**. Plaintiff cites no admissible evidence in support of this fact. A reference to an entire production is impermissible. *See* Dkt. 140 ¶ 2.

69. **Disputed**. YouTube does not dispute that Plaintiff refused to use its advanced copyright management tools. *See* SUF ¶¶ 35-40. YouTube disputes that its agreements to use those tools are "unconscionable," "those of a monopoly" or "abusive." Plaintiff provides none of the agreements nor any evidence in support of its position, which is disputed. Moreover, the quoted language does not even appear at the citation provided. *See* Ex. 15a at 73:07-19.

70. **Disputed**. Plaintiff's citation to Ms. Rettke's deposition involves a hypothetical about t-shirt sales and the different formats advertisements can be placed in. There is no discussion of Plaintiff's "unauthorized" works nor how YouTube may have benefited from them financially or otherwise. Moreover, the record reflects that the vast majority of Plaintiff's clips-in-suit did not generate any ad revenue. Plaintiff cites no evidence for its statement, which is an improper legal conclusion.

71. Undisputed.

72. Undisputed.

73. **Disputed**. This is false. Mr. Zhu actually said that, when YouTube fingerprints newly uploaded content, it compares them to reference files in the ***Content ID corpus***—surfacing matches to copyright owners participating in the Content ID program. *See* YT MSJ Reply at 5 n.3.

Plaintiff cites no evidence to suggest that YouTube "automatically" compares fingerprints of newly uploaded videos to all "files in YouTube's platform," nor is there any such evidence in the record.

74. **Disputed** to the extent Plaintiff does not specify a time range. The record does not support the statement that YouTube has fingerprinted every video on its service.

75. **Disputed**. The statement does not follow from the actual testimony of Mr. Zhu. YouTube does require a copyright owner to provide "a lot of information" to create a valid reference file, including the scope of the uploader's rights to display the content and other important details. *See* Dkt. 137 Ex. 6 ("Zhu Tr.") at 103:11-104:16. YouTube cannot "protect copyrights" without active participation from content owners to identify potentially unauthorized works.

76. **Disputed**. Plaintiff's statement does not track the testimony of Mr. Zhu, which was describing specific YouTube features—the YouTube webform and Copyright Match tool. Plaintiff's statement is based on a hypothetical, unidentified "takedown notice" that did not necessarily use any of those advanced, optional features. To the extent Plaintiff suggests that any DMCA takedown notice issued to YouTube results in an automatic fingerprint comparison of that content to all YouTube content, that is false.

77. **Disputed**. This statement does not track the deposition testimony of Mr. Zhu. Plaintiff proposed a hypothetical—whether YouTube had the "tools" to remove "all past, present, and future copies" of content identified by an unspecified DMCA takedown notice. Mr. Zhu responded, "I think that, you know, developing such a system or taking such an action would require a lot of investment. I'm not even sure if it's ultimately feasible to do in a way that makes sense." Zhu Tr. 198:03-200:07. Far from an admission, there is no evidence in the record to support Plaintiff's hypothetical.

78. **Disputed**. This is an egregious mischaracterization of Mr. Zhu's testimony. When Plaintiff's counsel asked Mr. Zhu whether it was "technically feasible" to remove some content from YouTube, Mr. Zhu responded hyperbolically that "I think it's a little difficult to answer the

question because nearly anything is possible with software. Like, we could shut down the whole site, you know, potentially, but that doesn't mean that would be a good thing to do." Zhu Tr. 198:03-200:12. Moreover, YouTube clearly removes content pursuant to DMCA takedown notices, as Plaintiff concedes thousands of its clips-in-suit were removed from YouTube.

79. **Disputed**. The statement "YouTube can also analyze existing content in the platform" is so vague as to be incomprehensible. Pl. SUF Resp. ¶ 79. Plaintiff suggests that YouTube "intentionally refuses to do so," but does not clarify (1) what kind of analysis it would like YouTube to make, (2) the content it would like that analysis to be made for, or (3) the purpose or import of that analysis. *See id.*

80. **Disputed** to extent this statement does not match the DMCA's clearly enumerated notice-and-takedown procedures.

81. **Disputed** to extent this statement does not match the DMCA's clearly enumerated notice-and-takedown procedures.

82. **Disputed**. Plaintiff has not identified any clips-in-suit that are still available on the YouTube service, nor is YouTube aware of any (subject, of course, to the caveat that some clips-in-suit were the subject of valid counternotices from uploaders—third parties against whom Plaintiff has not pursued formal action). Indeed, Plaintiff admitted as much in response to the statements above. *See* SUF ¶ 25.

83. **Disputed**. Plaintiff packs many loaded propositions into a single "statement," which is improper. But it is also fundamentally mistaken. Plaintiff's statement does not track the deposition testimony it cites to. None of YouTube's witnesses said anything remotely close to the assertion that YouTube "puts . . . likely infringing [] video[s] into the viewer's que [sic]" or that YouTube "willfully and intentional [sic] chooses not to use digital fingerprinting" to remove identical matches. Indeed, multiple witnesses testified to the fact that YouTube uses hashing technology to remove identical content (*e.g.*, Zhu Tr. 109:10-23), and Plaintiff provides no evidence to the contrary.

Respectfully submitted,

Dated: December 21, 2022

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile: (305) 789-2664

By: */s/ Jay B. Shapiro*
   Jay B. Shapiro, Esq.
   Florida Bar No. 776361
   jshapiro@stearnsweaver.com
   David T. Coulter, Esq.
   Florida Bar No. 119874
   dcoulter@stearnsweaver.com

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
     Brian M. Willen, Esq. (*pro hac vice*)
     bwillen@wsgr.com
     Lucy Yen, Esq. (*pro hac vice*)
     lyen@wsgr.com
     Catherine Hartman, Esq. (*pro hac vice*)
     chartman@wsgr.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/Jay B. Shapiro
JAY B. SHAPIRO, ESQ.

## SERVICE LIST

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Yvette C. Buergo, Esq.
Florida Bar No. 1003212
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
ybuergo@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*