**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-21698-GAYLES/TORRES

ATHOS OVERSEAS LIMITED CORP.,

     Plaintiff,

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

     Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

This cause is before the Court on YouTube, Inc., YouTube, LLC, and Google, LLC's ("Defendants") bill of costs [D.E. 191] and motion for attorneys' fees [D.E. 196] against Athos Overseas Limited Corp. ("Athos" or "Plaintiff"). Plaintiff filed its respective responses on October 12, 2023 [D.E. 194] and November 13, 2023 [D.E. 197], to which Defendants timely replied. [D.E. 195, 202]. Defendants' motions, therefore, are ripe for disposition.[1] After careful review of the motions, responses, replies, and relevant authority, and for the reasons discussed below, we recommend that Defendants' motions be **GRANTED in part** and **DENIED in part**.

---

[1] On December 30, 2022, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 155].

## I.   BACKGROUND

This lawsuit arises out of Plaintiff's allegations that YouTube failed to adequately combat infringement of Plaintiff's copyrights. Plaintiff is an entity owned by Carlos Vasallo ("Mr. Vasallo"), who holds title to hundreds of films that have been allegedly uploaded and displayed on YouTube without his authorization. Consequently, the copyrights associated with these films have allegedly been violated by third parties using the YouTube platform. Plaintiff's primary argument, then, was that Defendants failed to adequately police the YouTube platform for copyright infringement.

Only some of Plaintiff's claims are relevant to this Order: its claim under Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") and its copyright infringement claims. Plaintiff's FDUPTA claim was dismissed for failure to state a claim. [D.E. 44]. Defendants successfully moved for summary judgment against Plaintiff's copyright infringement claims. [D.E. 186]. Accordingly, as neither party can dispute that Defendants are the prevailing party, Defendants seek attorneys' fees under FDUPTA (Fla. Stat. § 501.2105(1)) and the Copyright Act (17 U.S.C. § 505).

Specifically, Defendants seek $2,914,494.80 in attorneys' fees—$2,842.040.13 ostensibly incurred defending against the copyright claims and $72,545.67 ostensibly incurred defending against the FDUPTA claim (and an intertwined Sherman Act claim). Plaintiff seeks a stay pending resolution of its appeal; it also challenges Defendants' entitlement to fees and the reasonableness of the fee amount.

Separately, Defendants seek certain litigation costs. Plaintiff does not challenge entitlement to nor the amount in costs that Defendants seek to tax; Plaintiff argues only that the disposition of Defendants' bill of costs be stayed pending the resolution of Plaintiff's ongoing appeal.

## II.    ANALYSIS

First, we will assess whether resolution of Defendants' motion for fees and bill of costs should be stayed while Plaintiff's appeal is pending. Next, we will assess Defendants' entitlement to fees as to Plaintiff's copyright infringement claims and FDUPTA claim. Lastly, we will analyze Defendants' bill of costs.

### A.  *Whether the Court should defer ruling on the motions pending appeal*

In response to Defendants' motions, Plaintiff argues that the Court should defer ruling on fees and costs until the resolution of Plaintiff's pending appeal. In support, Plaintiff relies on the four-factor test recently explained in *Guzy v. QBE Specialty Ins. Co.*, No. 20-23169-CIV, 2022 WL 1202876, at *2 (S.D. Fla. Apr. 22, 2022). In addition, Plaintiff emphasizes courts' discretion on this issue, as well as the interest of judicial economy.

Defendants, meanwhile, oppose a stay or deferral. To that end, Defendants argue that it is not a regular practice to stay collateral matters and it is not appropriate in this case for the Court to go against the grain. And even applying *Guzy's* four-factor test, Defendants argue, the Court still would lack support to defer ruling on the instant motions.

"It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, No. 19-21583-CIV, 2021 WL 6926415, at *2 (S.D. Fla. Sept. 28, 2021), *report and recommendation adopted*, No. 19-CIV-21583, 2022 WL 783203 (S.D. Fla. Mar. 14, 2022) (quoting *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982)). Indeed, "[t]he Court's regular practice … is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010). Often, a stay is properly reserved for instances where "the appellate issue is based upon a split of decisions between Circuits, a case of first impression, or should be stayed pending an imminent appellate decision on a similar legal issue." *Hartford Acc. & Indem. Co. v. Crum & Forster Specialty Ins. Co.*, No. 10-24590-CIV, 2012 WL 3291986, at *3 (S.D. Fla. Aug. 13, 2012). But even then, the Court maintains discretion. *Id.*

To make this determination, courts in this district have considered four factors: "(1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest." *Guzy*, 2022 WL at *2 (quoting *Doe v. Rollins Coll.*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3230424, at *3 (M.D. Fla. July 13, 2021), *report and recommendation adopted*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla.

July 29, 2021)). The party seeking the stay bears the burden of persuading the court on these four factors. *Id*.

### 1. *Likelihood of success on the merits of appeal*

The first factor, likelihood of success on the merits of appeal, "is the most important factor," although a stay may nonetheless be granted when "factors 2, 3, and 4 'weigh[ ] heav[ily] in [favor of] granting the stay." *MSPA Claims 1, LLC*, 2022 WL 783203, at *1 n.1 (quoting *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Plaintiff argues that it is likely to succeed on appeal because the copyright issue in dispute is an issue of first impression. Specifically, the issue is the interpretation of the knowledge portion of the DMCA's safe harbor provision, and the scope of the burden it places on internet service providers to remove copyright-infringing material.

While the Court acknowledges that the Eleventh Circuit has not meaningfully interpreted this provision, the Second Circuit and the Ninth Circuit convincingly (and consistently) have. *See Viacom Intern., Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012); *see also UMG Recordings, Inc. v. YouTube, Inc.*, 676 F.3d 1006 (9th Cir. 2013).

Plaintiff argues that, since these two opinions were issued, the U.S. Copyright Office has acknowledged the DMCA's safe harbor provision has "tilted askew Congress' original intended balance of protections to copyright owners with the need to allow internet service providers, like YouTube, to innovate and develop the

industry." [D.E 194 at 4]. Aside from this, Plaintiff presents a normative argument that Congress' intent has been ignored.

Plaintiff has not persuaded the Court that, even though this is an issue of first impression in the Eleventh Circuit, it has a substantial likelihood to succeed on the merits of its appeal. For one, Plaintiff has not convinced the Court that there exists a substantial likelihood that the Eleventh Circuit will dramatically depart from *Viacom* and *UMG Recordings*, which are highly persuasive. *See Sokol Bros. Furniture Co. v. Comm'r*, 185 F.2d 222, 224 (5th Cir. 1951) (noting that "the decision of another Court of Appeals upon an issue and principle the same is properly entitled to great weight, and itself affords persuasive argument in the determination of the present case"); *see also United States v. Rivera*, No. 22-20552-CR, 2023 WL 4363544, at *4 (S.D. Fla. July 6, 2023) ("We find the reasoning [of other circuits] underpinning this extensive line of precedent highly persuasive and follow it here, as our circuit precedent requires absent a compelling showing otherwise.").

Further, Plaintiff points to no case law to convince the Court that the Eleventh Circuit would hold otherwise; that is, that Plaintiff is substantially likely to succeed on the merits of its appeal. In fact, the only evidence that Plaintiff relies upon is the U.S. Copyright Office's May 2020 report which ostensibly disapproves of *Viacom* and *UMG Recordings*. But as Defendants point out, the U.S. Copyright Office's report was in part aimed at making "recommendations for how Congress might amend" the DMCA. *See* United States Copyright Office, Section 512 of Title 17: A Report of the Register of Copyrights (May 2020). Accordingly, unless and until Congress

effectuates a relevant amendment, Plaintiff has not carried its burden of showing that there exists a substantial likelihood that the Eleventh Circuit will refuse to follow *Viacom* and *UMG Recordings*. *See King Cole Condo. Ass'n, Inc.*, 2010 WL at 3212091 at *1 (denying motion to stay because "to justify a stay of any proceeding, including a stay of resolution of a fee and cost motion, Plaintiff must show a substantial likelihood of success on the merits of its appeal. The Court's review of the motion … reveals that Plaintiff has not satisfied that basic predicate to obtain a stay."); *MSPA Claims 1, LLC*, 2022 WL 783203 at *1, n.1 (denying motion to stay where "[a]lthough Plaintiff provides citations to case law regarding the general elements of a plaintiff's burden in requesting a stay and the applicable standard of review, Plaintiff does not cite to any cases supporting its likelihood of success on the merits on appeal"); *Armstrong v. Barr*, 2020 WL 4201826 at *2 (N.D. Ala. July 22, 2020) (denying a motion to stay where the plaintiff's argument that success on appeal was likely was "based on the unsupported claim that [the c]ourt's conclusions were wrong"); *Lavora v. NCL (Bahamas) Ltd.*, No. 15-24285-CIV, 2017 WL 5308511, at *3 (S.D. Fla. Feb. 24, 2017), *report and recommendation adopted*, No. 15-24285-CIV, 2017 WL 5448151 (S.D. Fla. Mar. 28, 2017) ("Here, the Court finds no persuasive reason to stay Defendant's Motion solely on the basis of a pending appeal. Though the Court has in the past stayed certain fee or cost motions, it has only done so where a very substantial possibility of success existed. This case, however, does not come close to that level ….").

## 2. *The remaining prongs*

Plaintiff does not provide in depth argument as to the remaining prongs (which, as explained above, are of less impact than the "substantial likelihood of success" prong). Plaintiff briefly argues that it will suffer irreparable harm if it is forced to "pay for the insult to injury caused by the rampant piracy committed by YouTube." [D.E. 194 at 5]. This is not an argument as to irreparable harm, but an attempt to relitigate the core issue already decided by this Court at summary judgment. Plainly, this argument is without merit.

Additionally, Plaintiff argues in conclusory fashion that "staying the Court's decision on fees and costs is not adverse to the public interest." [*Id.*]. This, similarly, does not persuade the Court and does not serve to carry Plaintiff's burden of demonstrating the need for a stay.

Accordingly, primarily because Plaintiff has not shown a substantial likelihood of success on the merits and also because Plaintiff has not carried its burden of making meaningful argument as to the other three prongs, the Court exercises its broad discretion to decline to stay the litigation pending Plaintiff's appeal. *Lavora*, 2017 WL 5308511 at *3 (holding that "Rule 54 grants the Court wide discretion to control the timing of decisions on motions for costs filed during the pendency of an appeal, and the Court chooses to exercise such discretion in favor of an immediate ruling on the Bill of Costs filed in this case") (quoting *Grovner v. Georgia Dep't of Nat. Res.*, No. CV 213-89, 2015 WL 6453163, at *3 (S.D. Ga. Oct. 23, 2015)).

**B. _Entitlement to Attorneys' Fees_**

Defendants assert two separate statutory bases for their ostensible entitlement to fees. One such basis is found in the Copyright Act; the other is found in FDUPTA.

### 1. *Copyright Act*

Under Section 505 of the Copyright Act, "the court may … award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. To guide the determination of whether a party is entitled to fees in a copyright case, courts apply the *Fogerty* factors. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994). These non-exhaustive factors include: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) objective unreasonableness (both in the factual and legal components of the case); and (5) the need in particular circumstances to advance considerations of compensation and deterrence." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015) (citing *Fogerty*, 510 U.S. at 535 n.19). The court has "broad discretion" to determine entitlement to attorneys' fees. *Id.* And while the court need not address every factor, *id.*, we will nonetheless address each factor in turn.

### (a) *Degree of Success Obtained*

Here, Defendants are undeniably the prevailing party; summary judgment was entered in their favor against Plaintiff's copyright infringement claims [D.E. 186] and, on the same day, final judgment was entered in Defendants' favor. [D.E. 188].

*(b)* <u>***Frivolousness***</u>

We cannot find that Plaintiff's copyright infringement suit was frivolous. "[F]rivolousness ... in copyright cases is usually found in cases in which the claimant does not even own the copyright in question or has granted a license to the alleged infringer but sues for infringement nonetheless." *Acosta v. Mega Media Holdings, Inc.*, No. 15-21837-CIV, 2017 WL 11680177, at *9 (S.D. Fla. Mar. 2, 2017), *report and recommendation adopted sub nom. Acosta v. Spanish Broad. Sys. of Delaware, Inc.*, No. 15-CIV-21837, 2017 WL 11680178 (S.D. Fla. Mar. 28, 2017). In weighing this factor, "the Court must assess the reasonableness of the losing party's position by evaluating it as of the time that the party took the stance at issue, not with the benefit of hindsight that conclusion of the litigation brings." *Id.*

Here, Plaintiff undisputedly held the copyrights for which it alleged infringement. Plaintiff's copyright claims also survived a motion to dismiss, and in large part hinged on an issue of first impression in the Eleventh Circuit (the interpretation of knowledge in the DMCA's safe-harbor provision).

Accordingly, the Court "does not find that Plaintiff's copyright claims lacked 'arguable merit in either law or fact' for the purpose of assessing Defendants' entitlement to fees." *Caracol Television, S.A. v. Telemundo Television Studios, LLC*, No. 18-23443-CIV, 2022 WL 17583608, at *5 (S.D. Fla. Aug. 4, 2022); *see also Indyne, Inc. v. Abacus Tech. Corp.*, No. 611CV137ORL22DAB, 2013 WL 11312471, at *5 (M.D. Fla. Dec. 6, 2013), *report and recommendation adopted as modified*, No. 6:11-CV-137-ORL-22, 2014 WL 1400658 (M.D. Fla. Feb. 25, 2014), *aff'd,* 587 F. App'x 552 (11th

Cir. 2014) (finding that a copyright claim was not frivolous where the plaintiff owned the copyright in question).

### *(c) Motivation*

As for the motivation factor, courts often assess the plaintiff's subjective purpose in filing the lawsuit and the plaintiff's litigation conduct; e.g., continuing to litigate when it is clear he advances a losing cause. *See Malibu Media, LLC v. Pelizzo*, No. 12-22768-CIV, 2014 WL 11444098, at *4 (S.D. Fla. Feb. 18, 2014), *report and recommendation adopted*, No. 12-22768-CIV, 2014 WL 11456462 (S.D. Fla. Mar. 28, 2014), *aff'd*, 604 F. App'x 879 (11th Cir. 2015); *see also Katz*, 127 F. Supp. 3d at 1300 (noting that courts look to whether "Plaintiff has a losing cause yet continues to litigate").

Here, Defendants point to Plaintiff's rejection of YouTube's Content ID solution and Plaintiff's decision to wait a few years after the alleged infringements began to bring suit. Defendants also point to Mr. Vasallo's ostensible evasiveness in depositions; Mr. Vasallo's unwillingness to admit he had a YouTube account; and Defendants' need for motion practice to procure discovery.

We disagree with Defendants' contention that "it is crystal clear that Plaintiff's motivations pursuing this lawsuit were improper." [D.E. 196 at 12]. While the above-mentioned arguments may have annoyed Defendants, and perhaps proved costly to Defendants, we cannot say that they refute Plaintiff's contention that he acted "with the sole purpose of stopping the infringement of its movies." [D.E. 197 at 7]. As an initial matter, "Plaintiff is entitled to protect its copyrighted works." *Victor Elias*

11

*Photography, LLC*, 2023 WL 2562659; *see also Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008) ("It goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement case...."). To the extent Defendants' contest that this was Plaintiff's motivation in filing suit, we find no support.

The fact that Plaintiff did not accept Defendants' Content ID offer is also not indicative of bad faith. Plaintiff asserts that it rejected that offer because it did not agree to the attached terms and conditions; Defendants provide no evidence to show that Plaintiff's assertion is unworthy of credence. *See Acosta*, 2017 WL 11680177, at *10 (finding that the plaintiff did not act with improper motivation because, in part, "although Defendants focus heavily on Plaintiff's refusal to accept their settlement demand, there are no facts in the record to suggest that Plaintiff did not have a good faith reason for doing so."). Additionally, even if Defendants' discovery motion practice was necessitated by Plaintiff's failure to cooperate, it does not mean that Plaintiff had an improper motive in pursuing this lawsuit. We also see no evidence that Plaintiff "had a losing cause yet continue[d] to litigate" in a manner indicative of improper motivation. *Katz*, 127 F. Supp. 3d at 1300.

Accordingly, while ultimately Plaintiff's copyright infringement claims were susceptible to summary judgment, we do not find that it had an improper motive in filing and pursuing those claims. *See White v. Alcon Film Fund, LLC*, 2015 WL 11199163, at *3 (N.D. Ga. Jan. 30, 2015) ("There are no facts before the Court that support a finding that [the plaintiff] was motivated by improper ends or that he

brought anything other than what he believed to be a legitimate good faith copyright claim."); *Acosta*, 2017 WL 11680177, at *11 (finding that the plaintiff did not act with improper motivation where the "Plaintiff's conduct hardly seem[ed] to demonstrate that he engaged in overzealous litigation and – for that reason – this factor weighs in favor of Plaintiff in denying Defendants motion for attorney's fees."); *cf. Katz*, 127 F. Supp. 3d at 1299–1300 (finding an improper motive where "Plaintiff obtained the photograph's copyright solely for the purpose of suppressing Defendant's free speech," "the plaintiff characterized the lawsuit as '"just one battle' in a 'malicious war,'" and the plaintiff "had no purpose for … copyrighting the photograph other than this litigation").

### (d) *Objective Unreasonableness*

"Courts consider objective unreasonableness and frivolity on a continuum: an objectively unreasonable claim lacks merit while 'frivolousness … is usually found in cases in which the claimant does not even *own* the copyright in question or has granted a license to the alleged infringer ….'" *Sadowski v. Site Spin Off LLC*, No. 823CV00297MSSSPF, 2023 WL 6940272, at *2 (M.D. Fla. July 19, 2023), *report and recommendation adopted as modified*, No. 823CV00297MSSSPF, 2023 WL 6940279 (M.D. Fla. Aug. 17, 2023). Courts are to examine "both the factual and legal components of the claim throughout the litigation." *Id*.

Here, in addition to not being frivolous, Plaintiff's copyright claims are not objectively unreasonable. The claims were contingent on the resolution of an issue of first impression in the Eleventh Circuit. While we ultimately decided against

Plaintiff, that Plaintiff's argument was one of first impression strongly supports a finding that it was not objectively unreasonable. *See Victor Elias Photography, LLC*, 2023 WL 2562659, at *5 ("A claim based on an issue of first impression is not objectively unreasonable.") (citing *Thompkins v. Lil' Joe Records, Inc.*, No. 02-CV-61161, 2008 WL 896898, at *6 (S.D. Fla. Mar. 31, 2008)); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 74–75 (1st Cir. 1998) (in a case of first impression, denial of fees was within court's discretion where "both parties had important economic interests in the litigation," deterrence was not a factor, and plaintiff's unsuccessful claim was reasonable).

Granted, the Court found that whenever Plaintiff made YouTube aware of allegedly infringing clips, "YouTube expeditiously removed all of the noticed items." [D.E. 185 at 14]. But the materiality of that finding could have shifted if this Court decided not to follow (or if the Eleventh Circuit elects not to follow) the Second and Ninth Circuits. Accordingly, we cannot say Plaintiff's pursuit to protect what he perceived as actionable copyright infringement of his life's work, against the backdrop of an issue of first impression, was unreasonable.

Furthermore, the fact that Plaintiff's claim was subject to summary judgment does not alone make it unreasonable. *See Victor Elias Photography, LLC*, 2023 WL 2562659, at *5 (noting that "the District Court's dismissal of Plaintiff's claim at summary judgment does not, without more, render the claim objectively unreasonable.").

14

Therefore, we cannot find that Plaintiff's copyright claims were objectively unreasonable. *See Acosta*, 2017 WL 11680177, at *11 (holding that "Plaintiff's damage theory may have been wildly optimistic but the claim itself was not objectively unreasonable").

### (e) *Considerations of Competence and Deterrence*

Lastly, "it does not promote the purposes of the Copyright Act as to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Id.* (quoting *Corwin v. Walt Disney World Co.*, 2008 WL 754697, at *6 (M.D. Fla. Mar. 18, 2008)). In fact, a primary concern of the Court is "whether the imposition of fees will further the goals of the Copyright Act." *MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 843 (11th Cir. 1999).

Here, we cannot say awarding attorneys' fees to Defendants would further the goals of the Copyright Act. Plaintiff brought an unsuccessful claim in good faith to protect against infringement of its copyrights. While we entered final judgment in favor of Defendants, that is because we agreed with the Second and Ninth Circuits; however, our decision does not alter the fact that, on balance, the primary issue is one of first impression in this Circuit.

Thus, this factor weighs against a finding that Defendants are entitled to fees. *See Victor Elias Photography, LLC*, 2023 WL 2562659, at *6 (finding that the competence and deterrence factor weighted against the defendant where the plaintiff brought an objectively reasonable claim because "Plaintiff (and others like Plaintiff) should not be deterred from litigating objectively reasonable claims based on fear of

having to pay attorneys' fees"); S*trategic Mktg., Inc. v. Great Blue Heron Software, LLC*, No. 15-CV-80032, 2017 WL 1284773, at *4 (S.D. Fla. Feb. 16, 2017), *report and recommendation adopted sub nom.*, No. 15-CV-80032, 2017 WL 11680172 (S.D. Fla. Mar. 3, 2017) ("A party that advances reasonable, good-faith positions should not be deterred from doing so, even if ultimately unsuccessful, as such claims or defenses help define the scope and limits of copyright protection."); *Advanced Tech. Servs., Inc. v. KM Docs, LLC*, No. 1:11-CV-3121-TWT, 2013 WL 3280032, at *2 (N.D. Ga. June 27, 2013) ("As the Court does not believe that the Plaintiff exercised bad faith, the primary purpose behind imposing costs as a deterrent mechanism is absent."); *Corwin*, 2008 WL 754697, at *12 (M.D. Fla. Mar. 18, 2008) (noting that "it does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim."); *White*, 2015 WL 11199163, at *3 ("Having concluded that White's claims were neither frivolous nor objectively unreasonable, there is little need to deter claims brought in good faith with a sufficient, albeit ultimately unsuccessful, factual basis.").

### *(f) Conclusion on the Fogerty Factors*

After careful review and consideration of each *Fogerty* factor, we exercise our discretion to deny Defendants' attorneys' fees in defending against Plaintiff's copyright claims. The only factor in Defendants' favor is that they are the prevailing party. That said, Plaintiff brought a good faith claim to protect its copyrights and advance an issue of first impression in this Circuit. While Plaintiff's claims were

16

ultimately unsuccessful, their claims were not worthy of deterrence and do not run afoul of the Copyright Act.

Therefore, Defendants are not entitled to attorneys' fees on their copyright claim. *See Thompkins*, 2008 WL 896898, at *8 (S.D. Fla. Mar. 31, 2008) ("The award of attorney's fees under Section 505 lies within the discretion of the District Court. The undersigned finds that the purposes of the Copyright Act would not be served by awarding attorney's fees to Defendants in this case. Plaintiff's argument under *Waterson* was not frivolous, was not raised in bad faith, and raised an issue of first impression in this Circuit."); *Acosta*, 2017 WL 11680177, at *12 (denying attorneys' fees to a prevailing party in a copyright infringement case); V*ictor Elias Photography, LLC*, 2023 WL 2562659, at *7 (denying attorneys' fees to a prevailing party in a copyright infringement case); *Jacob Maxwell, Inc. v. Veeck*, 110 F.3d 749, 754 (11th Cir. 1997) (affirming denial of defendant's motion for fees in light of *Fogerty* factors without analysis); *Malibu Media, LLC*, 2014 WL 11444098, at *5 (denying the defendant's attorney's fees because "Plaintiff's motivation in filing and maintaining this suit was proper and the lawsuit was not frivolous or objectively unreasonable"); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 74–75 (1st Cir. 1998) (finding in a case of first impression that the denial of fees was within court's discretion where "both parties had important economic interests in the litigation," deterrence was not a factor, and plaintiff's unsuccessful claim was reasonable); *Thomas Home Corp. v. Reve Dev. Corp.*, No. 3:04CV342-RV/MD, 2007 WL 9736233, at *3 (N.D. Fla. June 21, 2007) ("The plaintiff's claims were reasonable, even though they did not ultimately

succeed. Under the circumstances of this case, an award of attorney fees could deter legitimate future cases, which, in turn, would not advance the purpose and objective of the Copyright Act.").

## 2. *FDUPTA*

Next, we assess whether Defendants are entitled to attorneys' fees under FDUPTA.

Once the trial court has determined that a party prevailed under FDUTPA, it has discretion to award attorney's fees based on various factors, including: "(1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions – including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless; (6) whether the defense raised a defense mainly to frustrate or stall; (7) whether the claim brought was to resolve a significant legal question under FDUTPA law." *Humane Soc'y of Broward Cty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971–72 (Fla. 4th DCA 2007) (*citing Rosen v. Rosen*, 696 So. 2d 697, 700–01 (Fla. 1997)).

Here, Defendants are indisputably the prevailing party; the FDUPTA claim fell victim to a motion to dismiss and was not thereafter amended. Subsequently, the Court entered a final judgment in favor of Defendants as to all of Plaintiff's claims. And so, we turn to an analysis of the factors set out above.

**(a) *The Scope and History of the Litigation***

Plaintiff's FDUPTA claim was dismissed at the pleading stage. The FDUPTA claim was not an integral part of the history of this litigation; clearly, the focal point of Plaintiff's lawsuit was copyright infringement. Additionally, the FDUPTA claim did not require an inordinate amount of briefing. It required a motion to dismiss and was never amended after dismissal. Therefore, because the FDUPTA litigation was relatively brief, and a sideshow to the gravamen of the litigation, this factor weighs against awarding attorneys' fees. *See CMR Constr. & Roofing, LLC v. UCMS, LLC*, No. 2:20-CV-867-JLB-KCD, 2023 WL 2930825, at *5 (M.D. Fla. Feb. 9, 2023) (finding that the scope of litigation factor weighed against awarding attorneys' fees where the motion to dismiss briefing was routine and "an overwhelming majority of this litigation involved CMR's non-FDUTPA claims").

**(b) *The Ability of the Opposing Party to Satisfy the Fee Award***

Plaintiff has made clear throughout this litigation—and other litigation—that it has no shortage of funds. "[C]ourts have suggested that the party seeking fees has the burden to come forward with some evidence that the opposing party has the ability to pay." *Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC*, No. 20-81501-CV, 2022 WL 1537752, at *9 (S.D. Fla. May 12, 2022). Here, Defendants have shown that Mr. Vasallo owns Plaintiff-entity, and funds Plaintiff-entity. [D.E. 114-1 at 18:12–15; 83:5–8]. Mr. Vasallo is a "millionaire," and has spent "millions of dollars" on lawsuits and has luxurious homes across the globe. Mr. Vasallo is Plaintiff's proprietor and a source of its funding. He has described himself

as "rich, really rich," and has "many funds" totaling "one hundred, two hundred million [dollars]." [D.E. 202-3 at 104:17–25, 105:1–2].

Plaintiff has done nothing to undermine the veracity of Defendants' argument. In fact, Plaintiff argues only that "Plaintiff is not Mr. Vasallo." [D.E. 197 at 11]. But in addition to funding Plaintiff, Mr. Vasallo has stated, quite exactly, that "I am Athos. We've said it many times." [D.E. 114-1]. Accordingly, because Defendants have "come forward with some evidence" that Plaintiff has the ability to pay, and Plaintiff has not effectively undermined that evidence, this factor weights in favor of awarding attorneys' fees.

### *(c) Deterrence*

This factor also weighs in favor of awarding attorneys' fees. Plaintiff's FDUPTA claim was unachievable from the start and appears to have been an ancillary throw-in to its copyright infringement claims. FDUPTA is not a catch-all statute for litigants who seek to add claims to their complaint for the sake of doing so. *See Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *10 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, No. 15-CV-24363, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021) (finding that deterrence was appropriate because "given the history of the matter and the lack of critical evidence that existed in pursuing the matter, an award could serve to deter others from filing similar claims under FDUTPA"); *DJ Lincoln Enterprises, Inc. v. Google, LLC*, No. 20-CV-14159, 2022 WL 4287640, at *5 (S.D. Fla. July 28, 2022), *report and recommendation adopted*, No. 2:20-CV-14159, 2022 WL 3754182 (S.D. Fla. Aug. 30,

2022) (noting that "one purpose of FDUTPA's fee shifting provision is to deter meritless lawsuits"); *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, No. 18-CV-60912, 2021 WL 2269822, at *7 (S.D. Fla. Apr. 30, 2021), *report and recommendation adopted*, No. 18-CV-60912, 2021 WL 2024424 (S.D. Fla. May 21, 2021) (finding that a fee award would deter meritless claims under FDUPTA); *Burgos v. SunTrust Bank, N.A.*, No. 13-21197-CIV, 2020 WL 2299937, at *6 (S.D. Fla. Mar. 31, 2020), *report and recommendation adopted*, No. 13-21197-CIV, 2020 WL 2299936 (S.D. Fla. May 7, 2020) (same).

### (d) *Merits and Unreasonableness of the Claim*

As for this prong, the Court analyzes "whether the claim was brought not in subjective bad faith but frivolous, unreasonableness, or groundless." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 838–39 (11th Cir. 2015) (citing *Humane Soc'y of Broward Cty., Inc.*, 951 So. 2d at 971–72)). Here, Plaintiff's FDUPTA claim was plainly unreasonable and groundless. In the motion to dismiss briefing, Plaintiff argued as the basis for its FDUPTA claim that it was forced to buy a product; but (1) the relevant product (the Content ID) was free, and (2) Plaintiff opted not to accept it. While we do not quite find bad faith, this claim was plainly meritless and unreasonable.

Accordingly, this factor weights in favor of awarding attorneys' fees. *See Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC*, No. 20-81501-CV, 2022 WL 1537752, at *10 (S.D. Fla. May 12, 2022) ("Thus, while the Court is not prepared to call Plaintiff's FDUTPA claim against Medterra the result of bad

faith, the Court finds that the merits of the respective positions and the ultimately groundless nature of the claim further weighs in favor of an attorney's fees award to Medterra.").

### (e) *Significant Question Under FDUPTA Law*

Lastly, no facts or arguments have been persuasively presented to suggest that Plaintiff's claim was brought to "resolve a significant question under FDUPTA law." *Humane Soc'y*, 951 So. 2d at 971–72. Accordingly, this factor is neutral. *Healthcare Res. Mgmt. Grp.*, 2022 WL 1537752 at *11 ("Plaintiff's FDUTPA claim … contains no special set of facts that would lead this Court to believe that Plaintiff brought its claim to resolve a significant legal question under FDUTPA. … Accordingly, the Court finds that this factor is neutral and does not weigh in favor of either party."); *Day v. Sarasota Drs. Hosp., Inc.*, No. 8:19-CV-1522-VMC-TGW, 2021 WL 7450526, at *5 (M.D. Fla. Aug. 12, 2021), *report and recommendation adopted*, 2021 WL 7450506 (M.D. Fla. Sept. 1, 2021) ("[S]imply because this lawsuit was not brought to resolve a significant legal matter does not support an award of attorneys' fees against the plaintiff. It is fairly considered a neutral factor.").

### (f) *Summation of Factors*

By invoking FDUPTA, Plaintiff "exposed [it]self both to the benefits and the possible consequences of that act's provisions." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 369 (Fla. 2013). Because the majority of the factors weigh in favor of awarding attorneys' fees to Defendants (the prevailing party in this litigation), we find that Defendants are entitled to a reasonable attorneys' fees award

for defending against Plaintiff's FDUPTA claim. *See Sodikart USA v. Geodis Wilson USA, Inc.*, No. 14-CV-22461, 2014 WL 6968073, at *6 (S.D. Fla. Dec. 9, 2014) ("In sum, because the balance of the *Humane Society* factors weigh in Defendant's favor, the undersigned concludes that Defendant is entitled to an award of its reasonable attorney's fees and costs under FDUTPA."); *see also Tropical Paradise Resorts*, 2021 WL 2269822, at *8 (awarding fees under FDUPTA because "the *Humane Society* factors overwhelmingly weigh[ed] in favor of a fee award"); *Prato v. Hacienda Del Mar, LLC*, No. 2:08-CV-883-FTM-29, 2011 WL 3875373, at *2 (M.D. Fla. Aug. 31, 2011) (same); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, No. 5:04-CV-12-OC-10GRJ, 2008 WL 906739, at *4 (M.D. Fla. Apr. 2, 2008) (awarding attorneys' fees under FDUPTA to a prevailing-party defendant).

### C. *Reasonableness of the Fee Amount*

Rather than discuss the reasonableness of Defendants' fee award for its FDUPTA defense, we direct the parties to supplement the briefing to address only fees incurred defending against the FDUPTA claim. Virtually all of both parties' briefing relating to the reasonableness of the fee award pertained to the copyright claims. But because Defendants are entitled to fees only under FDUPTA, and not under the Copyright Act, the Court directs Defendants to file a ten-page supplement addressing only the reasonableness of the fee amount sought under FDUPTA (with supporting documentation). Because we find that Defendants are entitled to a fee under FDUPTA, Defendants need not discuss entitlement in this supplement.

Importantly, this supplement must also comply with Local Rule 7.3. The parties should be able to agree on the fees proximately related to the FDUPTA claim.

### D. *Bill of Costs*

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id*. A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.[2]  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).  The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties.  *Id*.

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable.  *See, e.g.,*

---

[2] The following costs are permitted under 28 U.S.C. § 1920:
  (1)  Fees of the clerk and marshal;
  (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3)  Fees and disbursements for printing and witnesses;
  (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5)  Docket fees under section 1923 of this title;
  (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at \*14 (S.D. Fla. Apr. 14, 2009) (the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

Defendants seek $27,815.20 in costs. Those costs are as follows: (1) $600.00 for service of summons and subpoenas; (2) $24,742.20 for printed or electronically recorded transcripts; (3) $320.00 for witnesses; (4) $128.00 for exemplification and copies; and (5) $2,025.00 for interpreters and costs of special interpretation services under 28 U.S.C. § 1828.

"Plaintiff does not object to the amount sought by Defendants in their Bill of Costs, but respectfully requests the Court defers ruling on Defendants' Bill of Costs until the conclusion of the appeal." [D.E. 194 at 2]. Because we decline to defer ruling on this motion, we will analyze the costs Defendants seek while taking into consideration Plaintiff's lack of objection.

### 1. Service of Summons and Subpoena

Defendants seek $600.00 for costs of service of summons and subpoenas. Generally, if completed by a private process server, these costs are recoverable at the U.S. Marshal rate of $65.00 per hour. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at \*13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017) ("While private process server fees may be taxed pursuant to 28 U.S.C. §§ 1920(1) and 1921,

those fees may not exceed the statutory fees authorized in § 1921.") (citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).

Here, as Defendants do not helpfully identify their exhibits, it appears that the only document that would indicate a $600 sum is the invoice from CT Corporation. [D.E. 191-1 at 5–6]. That invoice, however, does not expressly indicate that it is for service, nor does it indicate the hourly rate charged by the ostensible service provider. If the apparent $600.00 of summons and subpoenas exist elsewhere in the record, Defendants have not directed the court to that document.

Accordingly, because there is no documentation supporting an awardable cost for summons and subpoenas, the Court denies Defendant's motion to tax that $600.00 in costs. *See Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2019 WL 8275157, at *3 (S.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, No. 17-61019-CIV, 2020 WL 1445472 (S.D. Fla. Jan. 24, 2020) (noting that the Court is "under no independent obligation to rummage through the ... exhibits submitted ... in search of some excerpt that might bolster [Plaintiffs'] point.") (quoting *Shaw v. City of Selma*, 241 F. Supp. 3d 1253, 1280 (S.D. Ala. 2017), *aff'd*, 884 F.3d 1093 (11th Cir. 2018)).

## 2. *Printed or Electronically Recorded Transcripts*

Additionally, Defendants seek $24,742.20 for printed or electronically recorded transcripts. Such transcripts are recoverable when they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Here, each invoice attached to Defendants' bill of costs is for either a deposition or a hearing. [D.E. 191-1]. Defendants assert that

these transcripts were necessarily obtained for use in the case, and Plaintiff does not challenge that assertion. Both parties agree that each transcript was necessarily obtained for use in the case, and the Court sees no reason to disturb that agreement.

Accordingly, Defendants are awarded $24,742.20 in costs for printed or electronically recorded transcripts. *See El-Saba v. Univ. of S. Alabama*, No. CV 15-00087-KD-N, 2016 WL 11700787, at *3 (S.D. Ala. Dec. 20, 2016) (awarding transcript fees where "there [we]re no objections to the costs sought and no party has shown that 'any portion of the deposition[ ] was not "related to an issue which was present in the case at the time the deposition was taken[ ]"'") (quoting *U.S. E.E.O.C.*, 213 F.3d at 621); *see also Bianchi v. Migliaccio, LLP*, 2011 WL 379115, No. 09–61164–CIV, at *8 (S.D. Fla. Feb. 2, 2011) (awarding deposition costs where plaintiff made no contemporaneous objection to the formats of the deposition and did not allege that they were not necessarily obtained for use in the case).

### 3. *Witness Fees*

As for witnesses, Defendants seek $320.00: $40.00 per witness for eight witnesses. This cost is directly recoverable under 28 U.S.C. § 1920(3), and in the amount that Defendants have requested. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) ("A witness who appears before a federal court 'or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States' is entitled to fees and allowances, including 'an attendance fee of $40 per day for each day's attendance.'") (quoting 28 U.S.C. §§

1821(a)(1), 1821(b)). Accordingly, and especially in light of no objections from Plaintiff, the Court awards $320.00 to Defendants for the cost of witness fees.

### 4. Exemplification and Copies

Defendants also seek to tax $128.00 for exemplification and copies. Per Defendants' exhibits, however, the only invoices indicating copies is for $125.00. [D.E. 191-1 at 2]. No other invoice provided by Defendants leads the Court to a calculation of $128.00.

Accordingly, because Plaintiff did not object to this cost, we will award Defendants $125.00 in costs for making copies. *See Mull v. Trinity Yacht Sales & Chartering, LLC*, No. 07-21358-CIV, 2009 WL 4594965, at *2 (S.D. Fla. Dec. 1, 2009) (awarding costs for copies where there was no objection); *see also Alsip v. Wal-Mart Stores E., LP*, No. CV 14-476-CG-N, 2016 WL 6471044, at *3 (S.D. Ala. Oct. 31, 2016) (same).

### 5. Interpreter Services

Defendants seek to tax $2,025.00 for interpreters and costs of interpretation services. Under 28 U.S.C. § 1920(6), a prevailing party may be awarded "compensation of interpreters[.]" *Regueiro v. Am. Airlines Inc.*, No. 1:19-CV-23965-JEM, 2024 WL 945263, at *9 (S.D. Fla. Feb. 7, 2024), *report and recommendation adopted*, No. 19-23965-CIV, 2024 WL 942105 (S.D. Fla. Mar. 5, 2024) (quoting 28 U.S.C. § 1920(6)). Defendants provide exhibits demonstrating the costs incurred in procuring interpretation services. [D.E. 191-1 at 3–4].

Given that interpreter fees are directly recoverable under § 1920(6) and Plaintiff voices no objection, we find the $2,025.00 to be recoverable. *See Zambrano v. Dom & Dom Pizza Inc.*, No. 11-20207-CIV, 2012 WL 2921513, at *2 (S.D. Fla. July 17, 2012) (awarding costs for an interpreter where there was no objection); *Sanchez v. M&F, LLC*, No. 617CV1752ORL22LRH, 2020 WL 6106094, at *15 (M.D. Fla. June 17, 2020), *report and recommendation adopted*, No. 617CV1752ORL22LRH, 2020 WL 4671144 (M.D. Fla. Aug. 12, 2020) (same).

### III.   CONCLUSION

For the reasons set forth above, Defendants' motion for costs [D.E. 191] should be **GRANTED in part** and **DENIED in part**, and Defendants' motion for attorneys' fees [D.E. 196] should be **GRANTED in part** and **DENIED in part**:

**A.**  Defendants should be awarded $27,212.20 in costs:

    a.  $24,742.20 for printed or electronically recorded transcripts;

    b.  $320.00 for witness fees;

    c.  $2,025.00 for interpreter fees; and

    d.  $125.00 for costs of making copies.

**B.**  Defendants' motion for attorneys' fees for defending against Plaintiff's copyright infringement claims should be denied.

**C.**  Defendants are entitled to attorneys' fees under FDUPTA. Defendants are ordered to provide, within twenty days from the date of this Order, a supplemental motion for attorneys' fees to address their reasonable fees in defending against Plaintiff's FDUPTA claim. The motion shall not exceed

ten pages, shall include all necessary documentation, and shall otherwise comply with Local Rule 7.3. Defendants need not discuss entitlement in that supplemental motion.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers in Miami, Florida, this 2nd day of May, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge