UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-cv-21698-DPG

ATHOS OVERSEAS LIMITED CORP.,

       Plaintiff,

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE, LLC,

       Defendants.

**DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC'S OBJECTIONS TO THE
<u>REPORT AND RECOMMENDATION REGARDING ATTORNEYS' FEES</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

I.    LEGAL STANDARD .................................................................................................. 2

II.    THE REPORT ERRONEOUSLY DENIED YOUTUBE'S ATTORNEYS' FEES UNDER THE *FOGERTY* FACTORS. ............................................................... 2

CONCLUSION ....................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arista Records, Inc. v. Beker Enters., Inc.*,
  298 F. Supp. 2d 1310 (S.D. Fla. 2003) ...............................................................................1, 3

*Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*,
  564 F. Supp. 3d 1265 (S.D. Fla. 2021) .....................................................................................2

*Clay v. Cameron*,
  2012 WL 13008431 (S.D. Fla. Sept. 5, 2012) .......................................................................3, 4

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517 (1994) .......................................................................................................... passim

*InDyne, Inc. v. Abacus Tech. Corp.*,
  587 F. App'x 552 (11th Cir. 2014) ........................................................................................2, 7

*Katz v. Chevaldina*,
  127 F. Supp. 3d 1285 (S.D. Fla. 2015) ......................................................................................3

*Lil' Joe Wein Music, Inc. v. Jackson*,
  2008 WL 2688117 (S.D. Fla. July 1, 2008) ..............................................................................6

*Medallion Homes Gulf Coast, Inc. v. Tivoli Homes of Sarasota, Inc.*,
  2016 WL 5870215 (M.D. Fla. Oct. 7, 2016) .............................................................................4

*Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*,
  88 F. Supp. 3d 1356 (S.D. Fla. 2015) ...................................................................................1, 3

*Sadowski v. Site Spin Off LLC*,
  2023 WL 6940272 (M.D. Fla. July 19, 2023) ...........................................................................3

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,
  718 F.3d 1006 (9th Cir. 2013) ...................................................................................................4

*Vallejo v. Narcos Prods. LLC*,
  2020 WL 6815056 (S.D. Fla. Aug. 24, 2020) ...........................................................................3

*Viacom Int'l, Inc. v. YouTube, Inc.*,
  676 F.3d 19 (2d Cir. 2012) .....................................................................................................4, 5

**Statutes**

17 U.S.C. § 505 ....................................................................................................................................2

**Rules**

Fed. R. Civ. P. 54(d)(2)(D) ..................................................................................................................2

Fed. R. Civ. P. 72(b)(3) ........................................................................................................................2

Pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72, and Local Magistrate Judge Rule 4, YouTube, LLC and Google LLC (collectively "YouTube") submit the following objections to the Report and Recommendation, Dkt. 206 ("Report"). *See* Dkt. 196 ("Motion"). The Report correctly granted YouTube's bill of costs, Dkt. 191, and YouTube's motion for attorneys' fees under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes § 501.2105(1), Motion at 11-13.[1] But for the reasons explained below, YouTube respectfully submits that the Report should be overturned to the extent it denied YouTube's motion for attorneys' fees under the Copyright Act, 17 U.S.C. § 505. *See* Motion at 4-11.

## INTRODUCTION

It is the "rule rather than the exception" that prevailing parties are entitled to their fees under the Copyright Act. *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1376 (S.D. Fla. 2015) (quoting *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003)). After rounds of motion practice and a year of hard-fought discovery, YouTube won emphatically at summary judgment. The Court found that Athos's copyright claim had been legally and factually baseless all along; not only did the Court hold that Athos's legal theory "runs headlong against a brick wall erected by the DMCA," it called out Athos for presenting its theory "entirely devoid of evidence." Dkt. 185 ("MSJ R&R") at 20, 22. By then, YouTube had been forced to spend millions of dollars defeating Athos's copyright claim, which was a frontal assault on YouTube's entitlement to the safe harbor from copyright-infringement liability provided by the DMCA. Safe-harbor protection is essential to YouTube's core operations, as it is for countless other online service providers. Given the existential stakes, YouTube had no choice but to litigate to complete victory and to reaffirm its place within the DMCA safe harbor.

The Report nonetheless declined to award YouTube its fees under the Copyright Act. YouTube respectfully submits that the Report misapplied the so-called *Fogerty* factors, which

---

[1] While the Report held that YouTube was entitled to its fees under FDUTPA, it ordered YouTube to file a supplemental motion to address the amount of fees to be awarded. Report at 29.

guide courts deciding whether to award copyright fees. Moreover, the Report missed the larger teaching of *Fogerty*: that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527 (1994). By soundly defeating Athos's claims and further clarifying the DMCA safe harbor, YouTube advanced the "peculiarly important" goal of the Copyright Act by ensuring that "the boundaries of copyright law [are] demarcated as clearly as possible." *Id.* YouTube thus respectfully requests that, upon *de novo* review, this Court sustain YouTube's objections and award its fees under the Copyright Act.[2]

## ARGUMENT[3]

### I. LEGAL STANDARD

"[A]ttorneys' fees are treated as dispositive matters when referred to a magistrate judge." *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, 564 F. Supp. 3d 1265, 1268 (S.D. Fla. 2021). Under Rule 72(b), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* Fed. R. Civ. P. 54(d)(2)(D).

### II. THE REPORT ERRONEOUSLY DENIED YOUTUBE'S ATTORNEYS' FEES UNDER THE *FOGERTY* FACTORS.

The Copyright Act authorizes courts to "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In *Fogerty*, the Supreme Court instructed that courts should award fees to encourage defendants to pursue "meritorious copyright defenses." 510 U.S. at 527; *accord InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014). When deciding whether to award copyright fees, courts consider the *Fogerty* factors: (i) degree of success attained; (ii) frivolousness; (iii) motivation; (iv) objective unreasonableness of the non-prevailing

---

[2] YouTube seeks $2,842,040.13 for its fees reasonably incurred from the work performed by core members of YouTube's legal team in successfully defending YouTube against Athos's copyright claims, including work on discovery, summary judgments, and trial preparation. Motion at 14. This amount is a fraction of the total fees that YouTube incurred defeating Athos's claims.

[3] YouTube assumes the Court's familiarity with the factual and procedural history of this case, and it incorporates by reference that material as set out in its Motion (at 2-4).

party's positions; and (v) the need to advance considerations of compensation and deterrence. *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015) (citing *Fogerty*, 510 U.S. at 535 n.19). The Report misapplied each of these factors.

***The Report did not apply the presumption of fees to the prevailing party.*** The Report got the first factor right insofar as it acknowledged that YouTube was "undeniably the prevailing party" in this action. Report at 9. But the Report failed to apply the "very strong" presumption in favor of awarding copyright fees to prevailing parties. *Vallejo v. Narcos Prods. LLC*, 2020 WL 6815056, at *2 (S.D. Fla. Aug. 24, 2020) (citing *Katz*, 127 F. Supp. 3d at 1297), *report and recommendation adopted*, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020); Motion at 4-5. This presumption is so strong that, when present, courts may consider the other factors only "[i]n an abundance of caution." *Katz*, 127 F. Supp. 3d at 1298. Indeed, it has been the law in this District for over two decades that copyright fees are the "rule rather than the exception." *Pro. LED Lighting*, 88 F. Supp. 3d at 1376 (quoting *Arista Records*, 298 F. Supp. 2d at 1316).

In short, the Court erred by failing to acknowledge the presumption in favor of copyright fees due to YouTube as the prevailing party. *See Katz*, 127 F. Supp. 3d at 1298 (a summary-judgment order for the defendant "weighs heavily" in favor of awarding copyright fees). The other factors, discussed below, further demonstrate that this is far from the exceptional case where fees should be denied under the Copyright Act.

***The Report erred by finding Athos's case non-frivolous and not unreasonable.*** Two of the *Forgerty* factors—whether a copyright claim is frivolous, and whether it is objectively unreasonable—shade into each other. *See, e.g.*, *Clay v. Cameron*, 2012 WL 13008431, at *4 (S.D. Fla. Sept. 5, 2012) (Torres, J.) (analyzing these two factors together). The Report correctly noted as much, writing of the "continuum" from frivolity to objective unreasonableness. Report at 13 (citing *Sadowski v. Site Spin Off LLC*, 2023 WL 6940272, at *2 (M.D. Fla. July 19, 2023), *report and recommendation adopted*, 2023 WL 6940279 (M.D. Fla. Aug. 17, 2023)). The Report nonetheless analyzed these two factors separately, but it erred on both for the same reasons.

The inquiry into whether a claim is objectively unreasonable has both a legal and a factual component. *See, e.g.*, *Clay*, 2012 WL 13008431, at *5, *13 (awarding defendant copyright fees where plaintiff's case "was objectively unreasonable both factually and legally"); *accord Medallion Homes Gulf Coast, Inc. v. Tivoli Homes of Sarasota, Inc.*, 2016 WL 5870215, at *4 (M.D. Fla. Oct. 7, 2016) (same); Motion at 5-6. In finding Athos's case non-frivolous and not unreasonable on the law, the Report makes much of the fact that Athos presented "an issue of first impression in the Eleventh Circuit." Report at 13-14; *see also id.* at 10. Elsewhere, however, the Report undercuts this rationale by holding that Athos is ***not*** likely to succeed on the merits of its appeal precisely because "the Second Circuit and the Ninth Circuit convincingly (and consistently)" rejected the exact same DMCA argument advanced by Athos. *Id.* at 5; *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012); *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006 (9th Cir. 2013). For that reason, the Report discounted the likelihood "that the Eleventh Circuit will dramatically depart from *Viacom* and *UMG Recordings*, which are highly persuasive." Report at 6. It cannot be the case that, whenever the Eleventh Circuit has not yet had occasion to rule on an issue on which other Circuits are in unanimous agreement, and where there is no reason to believe the Eleventh Circuit would depart from that "highly persuasive" existing precedent, it is reasonable for a plaintiff to spend years litigating that issue to a foregone conclusion.

Even if there were no out-of-Circuit cases that are squarely on point, and the Court really were writing on a blank slate, this case would still have been unreasonable and frivolous. That is because the DMCA's text foreclosed Athos's theory from the outset. According to Athos, because YouTube developed a suite of copyright-protective tools—including Content ID—that extend well beyond the DMCA's requirements, it gained disqualifying knowledge and control of potentially infringing content that evicted it from the safe harbor. As this Court held, Athos attempted to rewrite the DMCA to require that online service providers affirmatively monitor their services for possibly infringing content. MSJ R&R, at 21 (seeing Athos's theory for what it was: an attempt to "substitute the existing DMCA 'notice and take-down' regime for an amorphous 'notice and stay-

down' mandate"). But this theory "contradict[ed] the plain mandate of § 512(m)," *id.* at 19, which expressly states that safe-harbor protection cannot be conditioned on the service provider "monitoring its service or affirmatively seeking facts indicating infringing activity." Motion at 6; *see also* Dkt. 202 ("Reply") at 4. The Report elided YouTube's argument that § 512(m) rendered Athos's case objectively unreasonable and legally frivolous.

If anything, this case was even more unreasonable and frivolous on the facts—yet the Report failed to address YouTube's arguments regarding the total absence of factual support for Athos's theory. Motion at 5-6; Reply at 2-3. Despite a year of discovery, the Court found at summary judgment that the record was "entirely devoid of evidence establishing that YouTube acquired knowledge of infringement relative to any of the particular clips-in-suit here." MSJ R&R at 22. Athos could not "point to any evidence showing that YouTube, through its employees, ever came into contact, reviewed, or interacted in any way with any of the purportedly identified video matches for which Athos was allegedly required to send subsequent DMCA takedown notices (i.e., the clips-in-suit)." *Id.* at 24. Instead, Athos offered only conclusory assertions that were "speculative and factually inaccurate." *Id.* at 23. Thus, even if there were any validity to Athos's legal theory (there is not), Athos presented that theory as nothing more than an abstract reimagining of the DMCA that was untethered to the record evidence.

***The Report mischaracterizes Athos's motivation***. On another *Fogerty* factor, Athos's motivation for bringing suit, the Report allows that Athos's egregious behavior throughout the case "may have annoyed Defendants" and "perhaps proved costly to Defendants." Report at 11. That downplays things considerably.

For one, Athos's case was unnecessary to begin with because it had a ready-made solution in the form of Content ID. But rather than accept YouTube's offer to use that industry-leading, copyright-protection technology, Athos initiated this lawsuit asserting that Content ID was ***grounds for evicting YouTube from the DMCA safe harbor***—the exact same argument that had been rejected a decade earlier in one of the most-cited DMCA cases on the books. *See Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19 (2d Cir. 2012). Having premised its case on this debunked

theory, Athos then resorted to misrepresenting the conditions that YouTube placed on Content ID. It claimed that Content ID required Athos to (i) display and monetize its content on YouTube and (ii) release any infringement claims against YouTube. Dkt. 100 ¶¶ 18-21. It was only after YouTube was deep in discovery, having incurred the costs of deposing Athos multiple times, that Athos confirmed this claim was false. Dkt. 116 ¶¶ 37-38; *see* Reply at 5. Athos finally acknowledged that it could have used Content ID to simply block all appearances of its works on YouTube. *See* Dkt. 129-5 at 59:14-61:23. In short, Athos rejected Content ID, demanded an eight-figure windfall in litigation (Dkt. 118-1, Ex. 1 at 12), then distorted Content ID's conditions to cover its tracks. *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, at *7 (S.D. Fla. July 1, 2008) (bad faith conduct includes effort "to extract a significant payment from a deep-pocketed defendant"); Motion at 7. YouTube prevailed, however, leaving Athos's motivation exposed.

Athos's antics also pervaded the discovery process, compounding the burden and expense of litigating a case that was based on a false premise from the start. The Report categorizes Athos's wrongdoing, including its "evasiveness in depositions," as isolated incidents. Report at 11. But the Report makes a molehill out of the mountain. More than mere evasion, Athos openly refused to sit for a proper deposition, with its corporate representative stating plainly: "I don't need to prepare" for a Rule 30(b)(6) deposition, Dkt. 114-1 ("Pl. Tr.") at 245:23-246:5, and flouting its obligations under that Rule, *id.* at 405:13-24 ("Q: So you're refusing to answer the question? . . . A: Well, I guess I do. Honestly, I guess I do."). Athos repeated over thirty times a variation of: "All I have to say is reflected in the lawsuit, the papers of the lawsuit, and the contracts of the lawsuit." *E.g.*, *id.* at 216:3-5. Athos also openly accosted and demeaned YouTube's counsel, calling Defendants "rapist[s]," and even refused to answer defense counsel's questions because of her "little voice." *Id.* at 325:20-326:3; Dkt. 116-1, Ex. 14 at 74:1-12. In these and similar events (*e.g.*, Motion at 8-9), including Athos's substitution of an entirely new entity in its place on the last day of discovery (Dkt. 90), Athos laid bare its bad faith, made a mockery of the judicial process, and revealed the bad-faith motives behind its lawsuit.

***The Report failed to properly weigh the interest in compensating YouTube.*** On the final *Fogerty* factor, the Report found that deterring Athos from bringing "reasonable, yet unsuccessful" copyright claims on issues of first impression would not "promote the purposes of the Copyright Act." Report at 15. The analysis thus collapsed back to the *Fogerty* factor on reasonableness; the Report held that because the claim was reasonable, Athos need not be deterred. As already explained, however, Athos's claim was anything but reasonable.

But even more fundamentally, the Report erred by taking an unduly narrow view of the goals of the Copyright Act. The Eleventh Circuit has defined those goals as "encouraging the raising of objectively reasonable claims ***and defenses***, which may serve not only to deter infringement ***but also to ensure that the boundaries of copyright law are demarcated as clearly as possible***." *InDyne*, 587 F. App'x at 554 (emphasis added); *see also Fogerty*, 510 U.S. at 525-26 (rejecting "one-sided view of the purposes of the Copyright Act"; "While it is true that one of the goals of the Copyright Act is to discourage infringement, it is by no means the *only* goal of that Act."); Motion at 10. Yet, the Report considered only one goal: whether Athos (and others like it) should be deterred from bringing supposedly reasonable claims. *See* Report at 15-16. It failed to consider the other, equally important, goal: YouTube's interest in being compensated for the tremendous resources it spent defending itself and securing its place within the DMCA safe harbor—whose boundaries this case demarcated not only for YouTube, but for entire online industries that depend on the vibrant online spaces made possible by the DMCA. *See id.* The Report's imbalanced analysis was in error, which improperly displaced the Supreme Court's holding that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty*, 510 U.S. at 527.

## CONCLUSION

For these reasons, YouTube respectfully requests that its objections be sustained and that the Court holds that it is entitled to attorneys' fees under the Copyright Act.

Respectfully submitted,

Dated: May 16, 2024

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3229
Facsimile: (305) 789-2664

By: */s/ Jay B. Shapiro*
   Jay B. Shapiro, Esq.
   Florida Bar No. 776361
   jshapiro@stearnsweaver.com
   David T. Coulter, Esq.
   Florida Bar No. 119874
   dcoulter@stearnsweaver.com


WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
     Brian M. Willen, Esq. (*pro hac vice*)
     bwillen@wsgr.com
     Lucy Yen, Esq. (*pro hac vice*)
     lyen@wsgr.com
     Dylan Byrd, Esq. (*pro hac vice*)
     dbyrd@wsgr.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 16, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Jay B. Shapiro*
JAY B. SHAPIRO, ESQ.

## SERVICE LIST

Case No. 1:21-cv-21698-DPG
United States District Court, Southern District of Florida

Rey Dorta, Esq.
Florida Bar No. 0084920
Omar Ortega, Esq.
Florida Bar No. 0095117
Rosdaisy Rodriguez, Esq.
Florida Bar No. 112710
Yvette C. Buergo, Esq.
Florida Bar No. 1003212
**DORTA & ORTEGA, P.A**
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Telephone:(305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
rdorta@dortaandortega.com
rrodriguez@dortaandortega.com
ybuergo@dortaandortega.com
dcruz@dortaandortega.com

*Counsel for Plaintiff*